July 1, 1999

To:   Mr. Samuel Stokes
      VMF Manager, Southern MD & DC
      400 T Street, NE
      Washington, DC 20002-9601

From: Kevin D. West, Level 6 Mechanic
      Pay Location 892
      831 Chatsworth Drive
      Accokeek, MD 20607

Subject: Behavior Unbecoming A Postal Employee

    I informed Mr. David Cook, VMF Manger, of Ms. Sandra Childs' actions in the attached letter dated June 14, 1999. I have attached his response dated June 23, 1999. Mr. Stokes, as you know from previous experiences with Ms. Childs and Mr. Ernest Quick, Supervisor Largo I VMF, she has a history of verbally abusing co-workers. I had requested from Mr. Cook that the zero tolerance policy to be enforced as noted in the Memorandums dated May 20, 1996 and December 4, 1995. In return Mr. Cook acts as if he has no recollection of Ms. Childs using abusive language to any postal employees in the past. Therefore, I am requesting a formal investigation of Ms. Childs' verbally abusive actions past and present. For example, Mr. Robert Mason, Automotive Mechanic Largo II VMF, Mr. James R. Smith Automotive Mechanic Largo I VMF, Mr. Preston Miller, Body and Fender Repairman Largo I VMF and Mr. James T. Mills, Motor Vehicle Operator, Pay Location 872, all have been verbally assaulted by Ms. Childs with abusive language or profanity. Also, Mr. Cook witnessed Ms. Childs usage of profane abusive language against Mr. Quick with other witnesses, such as, Mr. Chris Simmons, Automotive Mechanic Largo I VMF, Leroy Cowans General Clerk Largo I VMF, Ms. Mary Gaines, Former employee of Largo I VMF (presently at L'Enfant Plaza) and Mr. James R. Smith. If these witnesses were questioned concerning Ms. Childs' conduct, you would clearly establish that the zero violence policy has been violated. If this investigation is not conducted as mandated in the recent June 23, 1999 attached Memorandum, I will have no other choice but to seek assistance through my congressperson and US Senator. Because the improper handling by Mr. Cook of this serious situation cannot be tolerated further. As stated above, Ms. Childs has had prior incidents with Mr. Cook's knowledge, yet his actions are as if this is the first time or never occurred. I feel even more strongly about this because of Ms. Childs' last statement to me on the date of the incident, June 11, 1999, "Who do you think You are? Nothing is going to change". This shows, no repentance for her actions as well as an intention to continue with her ongoing abusive language and conduct. In addition to her knowledge that she will not be punished by VMF management.

A response in writing is requested. Thank you for your immediate assistance in these matters.

                                                 *Kevin D. West* (signature)
                                                  Kevin D. West

Cc:
Mr. William Henderson, Postmaster General sent Certified Mail#: Z 510 974 078

U.S. Post Postal Inspectors

June 14, 1999

To:   Mr. David Cook
      Manager Largo VMF
      9111 Edgeworth Drive
      Capital Heights, MD 20743

From: Kevin D. West, Level 6 Mechanic
      Pay Location 892
      831 Chatsworth Drive
      Accokeek, MD 20607

Subject: Behavior Unbecoming a Postal Employee

Dear Mr. Cook,

   I am informing you of the verbal assault towards me by Ms. Sandra M. Childs (known as Monique), Automotive Parts Store Keeper, on June 11, 1999. I asked Ms. Childs at 8:07 am to order a dictionary for the Largo I automotive shop. She responded loudly "I am not ordering a damn book, boy!" "If you want a dictionary you need to buy one yourself, Shit!" I then said to Ms. Childs, "Conduct yourself as a professional". Mr. Preston Miller, Body and Fender Repairman, was standing at the desk when this occurred. At 8:09 am, Ms. Childs walked out of the stockroom and past the desk where I was sitting. As she passed she stated, "Who do you think you are?" My response again was "Conduct yourself as a professional". I brought this to your attention at 8:15 am when you arrived at the time clock. Ms. Childs has a history of verbally assaulting postal employees whenever she feels the need to do so. I am not going to tolerate verbal abuse from any employee in the work place. This is also a violation of the zero tolerance of acts or threats of violence in the workplace policy (see attached). I am going to inform the U.S. Postal Inspectors of this incident and I expect an investigation concerning the hostile behavior of Ms. Childs in the work environment. I am also requesting in writing a resolution to this ongoing problem of verbal abuse by Ms. Childs.

Thank you for your prompt assistance in this urgent concern.

*Kevin D. West* (signature)

Kevin D. West

CC:

Mr. Samuel Stokes, Manager VMF

US Postal Inspectors

| U. S. Postal Service **ROUTING SLIP** | Office or Room No. | ☐ Approval<br>☐ Signature<br>☐ Comment<br>☐ See Me<br>☒ As Requested<br>☒ Information<br>☐ Read and Return<br>☐ Read and File<br>☐ Necessary Action<br>☐ Investigate<br>☐ Recommendation<br>☐ Prepare Reply<br>☐ |
|---|---|---|
| To:<br>1  Mr. Kevin West | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| From: David Cook<br>Mgr. VMF<br>Date 10/22/99 | | Phone No.<br><br>Room No. |

Remarks:

I have completed my investigation relevant to the incident you reported to me that occurred 10/ /99. It has been determined that Ms Childs did in fact use abusive language directed towards another employee. I have taken corrective action and have envoked discipline on Ms. Childs.

RECEIVED ON 10-22-99
AT 0853
OR
8:32 AM

ITEM O-13, April 1998    (Additional Remarks on Reverse)

October 20, 1999

To: Mr. David Cook
Manager Largo VMF
9111 Edgeworth Drive
Capital Heights, MD 20743

From: Kevin D. West, Level 6 Mechanic
Pay Location 892
831 Chatsworth Drive
Accokeek, MD 20607

Subject: Behavior Unbecoming a Postal Employee

Dear Mr. Cook,

I am informing you of the verbally abusive conduct of Ms. Sandra M. Childs (known as Monique), Automotive Parts Store Keeper, on October 19, 1999. This is the second incident I brought to your attention, the last being on June 14, 1999. On October 19th Mr. Chris Simmons and myself was having a discussion concerning shop housekeeping that brought up the subject of color of paint being used. Mr. Simmons then stated he had something to show me in the administrative office, where he was also going to get an ink pen. I then followed Mr. Simmons to the administrative office. Mr. Simmons opened the door to the admin. office and walked in stating to me, "Look at that paint". As I looked at the wall, Ms. Childs shouted loudly, " What the Fuck are you all doing? Don't bring that Bullshit in here!" I then immediately turned and left. This happened between the hours of 0650 and 0700. This is clearly a violation of the zero tolerance of acts or threats of violence in the workplace policy which is not being enforced by VMF management. Mr. Leroy Cowan, General Clerk, also witnessed this incident. I am requesting an investigation into this matter and a response in writing.

Thank you for your prompt assistance in this urgent concern.

*Kevin D. West*
Kevin D. West

CC:

Mr. Samuel Stokes, Manager VMF

US Postal Inspectors

EXHIBIT

AUG 11, 2000

TO MR COOK, MANAGER VMF

I, KEVIN D. WEST AM GIVING A STATEMENT CONCERNING MS. CHILD'S ACTIONS ON AUG 7, 2000 AND AUG 11, 2000. ON AUG 7, 2000. I WAS MAKING SOME COPIES AND TALKING TO MR. COWAN'S. ABOUT MYSELF BEING ACTING LEAD MECHANIC FOR THE WEEK OF 8-7-00 TO 8-11-00 I WAS STATING, HOW CRITICAL THE JOB IS VS THE VEHICLE ANALYST JOB. AT THAT TIME MS. CHILD'S INTERED OUR CONVERSATION. BY INFORMING ME THAT SHE WILL NOT BE TAKING ANY PART ORDER REQUEST FORMS FROM ANY ONE OTHER THAN MR. GREEN, VEHICLE ANALYST. I ASKED WHY, SHE SAID. ORDERS BY MR. CURRIE. I RESPONDED BY SAYING. THAT'S STRANGE, BECAUSE FOR TWO WEEKS. WHILE MR GREEN WAS ON VACATION. WE ALL ORDERED PARTS WITH THE REQUEST FORM. WITH NO PROBLEMS. I THAN, SAID I WILL HAVE TO FIND OUT ABOUT THIS. SHE THEN SAID, I DON'T KNOW WHAT FOR. BECAUSE YOU ARE A NO BODY. YOU MEAN NOTHING TO ME. IN A LOUD TONE. I RESPONDED. BY INFORMING MS. CHILD'S TO CONDUCT HERSELF AS A POSTAL EMPLOYEE. AND LEFT THE OFFICE. SINCE MS. CHILD'S DID NOT CURSE AT ME OTHER THAN TALK VERY LOUD. I ONLY GAVE MR COOK A ROUTING SLIP CONCERNING THE

MS. CHILD'S LOUD ACTIONS ROSE AGAIN ON 8-11-00, THIS TIME I ASKED MR. SMITH AND MS. CHILD A QUESTION CONCERNING THE DIESEL FUEL DELIVERY. I, ASKED WHO, ORDERED THE DIESEL FUEL. MR. SMITH SAID. HE DID NOT KNOW. MS. CHILD'S, SAID. MR. COWAN'S ORDERED THE DIESEL FUEL. I, THAN ASKED, WHO IS SO POSED TO SIGN FOR THE DIESEL FUEL. MS. CHILD'S SAID, ANY BODY CAN SIGN FOR THE DIESEL FUEL. I, THEN ASKED MS. CHILD'S. WOULD YOU TAKE CARE OF THE DIESEL FUEL. SHE THAN SAID NO. I GAVE MR. SIMMONS THE KEYS FOR THE TANK LOCKS. THAT MR. SMITH HAD GIVEN ME. MS. CHILD'S THEN SAID IN A LOUD VOICE TO MR. SMITH. WHO DO HE THINK HE IS, ORDERING ME AROUND AFTER, I HAD GIVEN MR SIMMONS HIS ASIGNMENT. I INFORMED MS. CHILD'S THAT I, DID NOT ORDER OR TELL HER TO DO ANY THING. I ONLY ASKED WHO ORDERED. THE DIESEL FUEL AND WHO IS TO SIGN FOR THE FUEL. MS. CHILD'S CONTINUED ON SAYING, WHO DO HE THINK HE IS, GIVING ME ORDERS. HE BETTER GET THE HELL OUT OF MY FACE MS. CHILD'S WAS SAYING THIS IN A LOUD VOICE.

EXHIBIT- 000000001

I, RESPONDED BY SAYING, THAT I WILL TAKE CARE OF THIS ONCE MR. COOK COMES IN. THIS IS THE THIRD TIME. THAT I HAVE HAD TO REPORT ABUSIVE LANGUAGE USED BY MS. CHILDS IN THE FORM OF VIOLATING THE ZERO VIOLENCE POLICY. WHICH STATE ANY TYPE OF VULGAR LANGUAGE WHICH WOULD LEAD TO A HOSTILE WORK PLACE. I HAVE REPORTED CONDUCT UNBECOMING A POSTAL EMPLOYEE BY MS. CHILDS ON TWO PAST EVENTS. MS. CHILDS ON 8-7-00 STATED THAT I AM NO BODY TO HER IN A LOUD VOICE. WITTNESS BY MR. COWAN'S AND ON 8-11-00 BY SAYING GET THE HELL OUT OF MY FACE IN A LOUD VULGAR TONE. WITTNESSED BY MR. SMITH. THIS IS A ON GOING PROBLEM WITH MS. CHILDS. I AM, REQUESTING FOR AN INVESTIGATION CONCERNING THESE EVENTS. A RESPONSE IN WRITING IS NEEDED.   THANK YOU.

(2)   Kevin W...



# Voluntary Statement To U.S. Postal Police

Washington Metro Division

Postal Facility: LARGO I VMF, CAPITOL HEIGHTS    Date: AUGUST 17, 2000

SSN: 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    Pay Location: 842    Craft: VMF    Tour: 2

Begin Tour: 0550    End Tour: 1400    Title: AUTO MECHANIC

Address: 831 CHATSWORTH DRIVE    Phone #: 301-292-7080

City: ACCOKEEK    State: MD    Zip+4: 20607

I wish to volunteer the following information to the U.S. Postal Police:

problem with Ms. Childs' verbal abuse, see attached letter dated July 1, 1999. I also informed the Post Master General by certified mail#: Z510 974 078. In addition all of the above mentioned documents were sent to the U.S. Postal Inspectors Service, except for the most recent August 11, 2000 complaint letter. I have not received anything from mgmt yet. Ms. Childs has also verbally abused contractors that she receives parts from, such as, Luskins Chevrolet parts Representative for Postal Accounts. She has "cussed him out" several times and is known for this type of misconduct. Also the UPS Carrier that delivers parts to the Largo VMF.

She also has been witnessed verbally abusing her coworkers: Mr. Ernest Quick, Supervisor, Largo I, Mr. John P. Miller, Body and Fender Repair, Largo I VMF, and Mr. Robert Mason, Automotive Mechanic, Largo II VMF.

Witnesses are Mr. Leroy Cowans, General Clerk Largo I VMF, Ms. Marie Gaines, former Largo I VMF employee (now at l'Enfant Plaza), and Mr. James Smith, unassigned Largo I VMF. I am requesting a formal investigation and response in writing concerning the outcome of this problem.

Please See Attached support documentation.

FILED APR 06 2001

Signature: Kevin W. West    Date: Aug. 17, 2000

Name Printed: KEVIN D. WEST

EXHIBIT —



# Voluntary Statement To
# U.S. Postal Police

*0747*
*18 AUG 00*
Washington Metro Division

Postal Facility LARGO I VMF, CAPITOL HEIGHTS    Date AUGUST 17, 2000

SSN 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    Pay Location 842 Craft VMF    Tour 2

Begin Tour 0550  End Tour 1400    Title AUTO MECHANIC

Address 831 CHATSWORTH DRIVE    Phone # 301-292-7080

City ACCOKEEK    State MD    Zip+4 20607

I wish to volunteer the following information to the U.S. Postal Police:

I am informing you of verbal assault by Ms. Childs (known as monique), Automotive parts Storekeeper at Largo I VMF against me, Kevin D. West. This most recent assault happened on August 11, 2000. See attached letter dated August 11, 2000 to Mr. David Cook, Manager Largo VMF and August 14, 2000 letter sent to the Postmaster General, Mr. William J. Henderson certified mail 7099 3220 0006 5301 2821. As shown in the following documents I have had several problems with Ms. Childs' abusive language towards me, in addition to witnessing her verbal assaults on other employees and USPS support personell  Another such verbal assault occurred on October 19, 1999. See attached letter dated October 20, 1999 to Mr. David Cook, Manager Largo VMF. Also attached is Mr. Cook's response dated October 22, 1999 to my complaint detailing disciplinary action given to Ms. Childs for verbally abusive language Prior, to this, I had reported Ms. Childs to the USPS management concerning yet another verbal assault by her. This assault happened on June 11, 1999. See attached copy dated June 14, 1999 to Mr. David Cook, Manager Largo VMF. Mr. Cook responded to my complaint on June 23, 1999, see attached routing slip. I then informed Mr. Samuel Stokes, VMF Manager about this ongoing

Signature *Kevin D. West*    Date *Aug 17, 2000*

FILED

U.S. Postal Service

# EEO Investigative Affidavit (Complainant)

| Page No. | No. Pages | Case No. |
|---|---|---|
| 1 | 4 | 4K200000401 |

| 1. Affiant's Name (First, Middle, Last) | 2. Employing Postal Facility |
|---|---|
| Kevin D. West | Southern Md. VMF |

| 3. Position Title | 4. Grade Level | 5. Postal Address and ZIP+4 | 6. Unit Assigned |
|---|---|---|---|
| Auto Mechanic | PS-6 | 9201 Edgeworth Drive, Capitol Heights MD 20790-9998 | Largo VMF1 |

## Privacy Act Notice / USPS Standards of Conduct

Privacy Act Notice. The collection of this information is authorized by Public Law 92-261, Equal Employment Act of 1972, 29 U.S.C., sections 621 et seq. and 701 et. seq.; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

USPS Standards of Conduct. Postal Service regulations require all postal employees to cooperate in any postal investigation. Failure to supply the requested information could result in disciplinary action (ELM 666).

7. Statement (Continue on Form 2569 if additional space is required)

The text of my affidavit is given on the following three pages. Nothing follows on this page. W. C. Boyd, EEO Investigator

Affiant's Signature: Kevin D. West

Date: March 7, 2001

CASE NO. 4-K-200-0004-01
Page 2 of 4

I have been advised of my right to representation in this complaint and I waive that right in giving this affidavit. I allege that I was discriminated against based on my race (Afro American), color (black), sex (male), and retaliation for my prior EEO activity when on September 7, 2000, Mr. Timothy Currie, Manager, VMF, threatened and harassed me by giving me a blank resignation form to sign, denying me union representation and denial of upward mobility opportunities by informing me that I would no longer be used as acting Lead Mechanic or Vehicle Analyst. On September 7, 2000, I reported to work at 0550 at Largo I VMF when Mr. Franklin Green, Vehicle Analyst, informed me that Mr. Timothy Currie, Manager, VMF, Washington, D.C., wanted to see me in his office at 400 T Street, N.E., Washington, D.C. immediately. Mr. Green told me to take Vehicle 5914213. I reported to 400 T St. as ordered at 6:05 a.m. I had been waiting for four hours without a break. At 9:52 a.m., I called Mr. David Cook, Manager, Largo I VMF, about the meeting with Mr. Currie. I informed Mr. Cook that I had been waiting for almost four hours and that Mr. Currie was not available, so what was I to do because my lunch period starts at 11:30 a.m. Mr. Cook asked did I have my lunch with me. I informed him no, because Mr. Green had told me that Mr. Currie would be waiting on me at T St. When I got there. I then asked Mr. Cook what am I to do. He informed me to stay there and he would call me back. Five minutes later a Caucasian woman came out of an office and took me to Mr. Currie's office. I sat down and Mr. Currie asked me how I liked working for the Post Office. I responded I love working for the Post Office. He asked two more times and each time I responded the same. He then handed me a PS Form 2574, Resignation From The Postal Service. I looked at the form and asked him what was that. Mr. Currie stated I could fill it out because from his investigation yesterday and my Postal history, he came to the conclusion that I don't like my job. My response was that I was requesting for the union to be present because the meeting was retaliation and harassment. Mr. Currie then held up the Collective Bargaining Agreement book and recited Article 16 Section 2. I informed him that he is not my immediate supervisor and this was a violation of Article 16, Section 2. He commanded me to put my pen away because there would be no record keeping while he was having a discussion. In Mr. Currie's discussion, he said he had spoken to Ms. Childs on September 6, 2000 concerning an incident that happened on August 11, 2000 concerning Ms. Sandra Childs, Automotive Parts Storekeeper at Largo I VMF. Mr. Currie's response was that he was talking about sexual harassment and my response was that he meant the Childs incident. This was the first sign tht I knew what this meeting was actually about. I then stated to Mr. Currie that I had submitted everything in writing to Mr. David Cook, the Postal Inspectors, the Postal Police, and the Postmaster General. He then stated that based on his conference with Ms. Childs and my statements and this conference with me, I would no longer be Acting Lead Mechanic at Largo I VMF in the absence of the lead mechanic and any other upward mobility position.

Signature _Kevin W. West_    Date _March 7, 2001_

FILED
APR 0 6 2001

01 0746
EXHIBIT 000000001

CASE NO. 4-K-200-0004-01
Page 3 of 4

This is a violation of my upper mobility training, because I have done nothing other than report Ms. Childs for conduct unbecoming a Postal employee. Mr. Currie is supporting Ms. Childs' accusations of sexual harassment because I have prior EEO's against the USPS VMF management. He also informed me that his superiors are well aware of my EEO activity. He also said he was not Mr. Sam Stokes, he is a different manager and he was brought here to take care of the problems in the VMF and I appeared to be one of those problems. He continually threatened me concerning Ms. Childs' incident. I informed him that I had not received anything in writing pertaining to the investigation, therefore, I had no idea what he was talking about. I requested copies of the investigation and he stated he did not have any. About that time, about 11:20 a.m., I informed him that I take my lunch break at 11:30 a.m., and he responded that he would be finished with the discussion in a few more minutes. I am being subjected to undue job related stress and retaliation because of my prior EEO's. I am requesting that a full investigation concerning Mr. Currie's actions of violating Article 16 Section 2 of the Collective Bargaining Agreement and my constitutional rights being violated under the Code of Ethics by VMF management's using Ms. Childs' false accusations. I am being treated differently because Ms. Childs is not being punished or her ability for job advancement is not affected. I am being treated as if I am the perpetrator instead of the victim by threats of losing my job and at the least losing my chance of upward mobility, because I was the Lead Mechanic when this incident occurred. I am the senior Level 6 Automotive Mechanic on Tour 2 at Largo I VMF and therefore should be first in line for any acting lead mechanic, acting vehicle analyst or 204-B acting supervisor position. With Mr. Currie's punishment, I can no longer do any of these jobs. After I left his office, upon my arrival at Largo I VMF, I gave Mr. Cook a routing slip requesting to see the union concerning the meeting with Mr. Currie. I also gave him a letter dated September 6, 2000, Subject: Unsafe Travel. The letter concerned a September 11 through September 22, 2000 scheduled training in Norman Oklahoma for the Mack Diesel class. I was currently scheduled to return the same day as class was to end, which puts me in an unsafe environment. The stress after working the same day as travel poses undue stress in dealing with the airline and travel to and from the airports. Therefore, I requested that my return flight be rescheduled for the next day, which was a non-work day and had no job-related stress at all. I told him that if my request could not be met, I could not attend the class because it put me in a job related stress situation. Mr. Cook did not respond to the letter. This was strange because I had given him a similar request in February, 2000, and he responded and rescheduled my return flight from Oklahoma. I can only conclude that Mr. Cook refused to respond because he had spoken with Mr. Currie after receiving the letter. The next day, September 8th, Mr. Cook threatened me, stating I would go to Oklahoma as scheduled and if not, he would take disciplinary action. He also stated that if I need my return flight rescheduled, I

Signature _Kevin W. West_           Date _March 7, 2001_

CASE NO. 4-K-200-0004-01
Page 4 of 4

would have to pay for it myself. Therefore, I did not go to Oklahoma and on September 21st, 2000, Mr. Cook attempted to give me a Letter of Warning. He called me into his office and informed me that he had something for me. I asked him what, and he responded it was a Letter of Warning. I told him I need to have union representation present. He said the union is not available and I would receive the letter. He read the Letter of Warning and asked me if I understood what was read. I told him no, and I needed to have union representation. He then stated he was going to get a witness. I returned to the work floor. Mr. Cook returned about one-half hour later with Mr. Michael Hill, Supervisor, Largo II VMF. He hollerred to me on the work floor that he had something for me to sign. I responded that I didn't have anything to say without the union being present, and I could only take this as a threat and retaliation, which is a violation of the Zero Violence Policy. He then stated I could leave and go home, I would be on administrative leave, and to report to work the next day at my scheduled reporting time. I then left as ordered and upon returning to work the next day, Mr. Cook and Mr. Hill were waiting. I received the Letter of Warning, but I did not sign for it. I requested a copy. These incidents happened after I met with Mr. Currie. This is an ongoing event with VMF management. I filed an EEO complaint on the Letter of Warning. I would like to note that Mr. Currie had said to the EEO Counselor that I was Acting Supervisor at higher level, when the fact is that I was only Acting Lead Mechanic. That position does not have any supervisory authority. To resolve this complaint, I am seeking compensatory damages for undue job related stress through the harassment of USPS VMF management. I am also requesting an investigation of Ms. Childs' accusation and all statements relating to her accusations. END OF STATEMENT – W. C. Boyd, EEO Investigator

Signature _Kevin W. West_    Date _March 7, 2001_

EXHIBIT - 000000001