ORIGINAL                                               1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - -x
                                :
KEVIN D. WEST,                  :
                                :
          Plaintiff,            :
                                :
     v.                         :   CA 01-746
                                :
JOHN E. POTTER,                 :
                                :
          Defendant.            :
                                :
- - - - - - - - - - - - - - - -x

                            Washington, D.C.
                            June 18, 2002
                            4:30 p.m.

        Transcript of Status Call
   Before the Honorable James Robertson
       United States District Judge

APPEARANCES:

For the Plaintiff:        KEVIN D. WEST, Pro Se

For the Defendant:        ROLANDO VALDEZ, ESQ.
                          H. ALEXANDER MANUEL, ESQ.

Court Reporter:           ELIZABETH S. BINGHAM, RPR
                          Miller Reporting Co., Inc.
                          735 8th Street, S.E.
                          Washington, D.C.  20003
                          (202) 546-6666

FILED
APR - 1 2003
CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C. 20003
(202) 546-6666

2

1            P R O C E E D I N G S

2       THE COURT: Are counsel in the West case here?
3  Come on forward and you can just stand at the podium. I
4  hope you don't need counsel table.
5       THE CLERK: Civil Action Number 01-746, Kevin
6  D. West versus John E. Potter. Would counsel please
7  identify themselves and who they represent.
8       MR. WEST: I'm pro se, Kevin West.
9       MR. VALDEZ: I'm Rolando Valdez with the U.S.
10 Attorney's Office.
11      MR. MANUEL: Alexander Manuel with the U.S.
12 Postal Service.
13      THE COURT: Where do we stand in this case,
14 Counsel?
15      MR. VALDEZ: Pending before the Court is the
16 government's protective order. We filed it on May 21st.
17 Mr. West opposed it. In the past couple of days we're
18 waiting for the Court's ruling on that protective order.
19      We have responded to the plaintiff's discovery
20 request, but we also have been waiting for the
21 protective order in order to proceed with release of any
22 of those documents and just this morning, at 11:30 a.m.,
23 the government was served with a copy of plaintiff's
24 amended--plaintiff's motion to amend his complaint to
25 include those acts prior to the September 2000 event

3.

1 about which this case is, as well as events that he has
2 failed to exhaust his administrative remedies on that
3 have occurred after September 2000.
4     THE COURT: All right. Just a second here.
5 I'm trying to call up my computer note on this case, and
6 it's not letting me do that. Of course, the file that
7 was carefully prepared for me is probably still sitting
8 back on my desk, is it not? Would you get it for me,
9 Kelly.
10     MR. WEST: Excuse me, Your Honor. I have a
11 copy of that motion he's referring to. I can give you a
12 copy now if you'd like.
13     THE COURT: Okay, but it will just take her a
14 minute. Kelly's given me a little memo on this, and
15 ordinarily I would have had it in front of me and read
16 it and been prepared, but as you can well imagine,
17 having sat here for half a day, it's been a rather
18 unusual afternoon.
19     All right. So, this is the motion for
20 protective order under the Privacy Act, and the motion
21 only asks the documents turned over in discovery be
22 given appropriate protection. I was about to grant this
23 motion as conceded. The defendant's motion or the
24 defendant's opposition came in quite late.
25     If I understand the defendant's position,

4

1  you're not proposing to withhold documents, only to turn
2  them over under the protective order; is that correct?
3       MR. VALDEZ: That's correct, Your Honor. We
4  have a sealed copy for the Court and anything pertaining
5  to a third party that should be protected, third-party
6  employees, Mr. West has consistently asked for records
7  about another employee who has filed charges against him
8  in a sexual harassment case. We would just want to
9  protect her privacy in this case.
10      THE COURT: Mr. West, protective orders of this
11 kind are quite commonly granted. They're usually agreed
12 to, most always agreed to. That is the condition under
13 which you can get private material like this.
14      MR. WEST: Well, the problem with that, Your
15 Honor, is the time limit that the defendant requested
16 this. As you know, when I was in on April the 5th,
17 there's been a new representation for the Postmaster
18 General, and they on their time limit of presenting this
19 order, they had more than enough time to submit the
20 documentation I requested, and this order just popped
21 up. I filed an opposition to it, as I talked to the
22 defendant. The U.S. Attorney had called me, and I
23 responded because I had received two notices. One was
24 if I do oppose--and I did oppose--and the second was he
25 was interested if I was going to oppose it by filing,

1  and I informed him yes.
2        And I also--you don't have a copy of it, but I
3  also amended my complaint because my complaint
4  originally was against Mr. Timothy Curry. The
5  government amended the complaint against the--amended
6  the name of the caption to the Postmaster General. In
7  that instance, I had to amend my complaint because my
8  complaint did not have the Postmaster General and his
9  offenses in it, and this is the amendment that I was
10 referring to for the Postmaster General. So, my
11 complaint has to be amended also, and that's the motion
12 I filed today. I sent a copy to the U.S. Attorney this
13 morning.
14        THE COURT: You want to amend it to do what?
15        MR. WEST: Okay. I amend my--my plaintiff's
16 motion to amend complaint to include--excuse me, for the
17 conclusions for prior history of reprisal and
18 discrimination. The Postmaster General, I've had
19 several incidents of discrimination that has led to this
20 case.
21        THE COURT: Yeah, I know. We know all about
22 that. We've heard a lot about that.
23        MR. WEST: I have them all admitted here.
24        THE COURT: Well, they don't need to be in the
25 complaint, Mr. West. They don't need to be in the

6

1  complaint to be received in evidence. I don't know
2  whether they're going to be received in evidence or not,
3  but you don't need to amend the complaint to put all the
4  history in.
5       MR. WEST: Well, the problem, Your Honor, is
6  you don't have--I don't even have a right to sue them
7  under the complaint because I didn't sue the Postmaster
8  General. So, everything that I didn't have, I had to
9  amend it to the complaint because there's a prior
10 history that led to the complaint.
11      THE COURT: I've lost track of this. Can you
12 help me, Counsel?
13      MR. VALDEZ: Your Honor, we would like to
14 remind the Court that this case focuses solely on the
15 events that happened, that occurred allegedly in
16 September of 2000. Mr. West's amended complaint
17 paragraphs 1 through 17 refer to events that occurred
18 from 1993 through just before September 2000.
19 Paragraphs 26 through 44 relate to events that occurred
20 after September 2000 up to the present.
21      We would argue that none of those--the previous
22 complaints, the first set of those, have been disposed
23 of by his actions in the District Court in Maryland, and
24 he seeks to relitigate those issues before this Court.
25 The latter set of allegations made in his amended

complaint, he's failed to exhaust his administrative remedies by taking them through that process, so those aren't right for consideration before this Court.

In addition, Mr. West's amended motion is not really a motion. It hasn't been--it's not in proper format. So, on those three grounds, just on the scant review we've made thus far, we would object to that motion.

THE COURT: Well, I'm not worried about the format. Mr. West is pro se, and the format of the motion doesn't trouble me, but, Mr. West, I'm afraid counsel for the Postal Service is exactly correct about the claims made in the first paragraphs being old claims that have been through other litigation and are not part of this case, and the newer claims are since the events claimed in this case, and you haven't exhausted your administrative remedies. I'm going to have to grant the--I'm going to have to deny the motion for leave to amend, and I'm going to grant the order, the protective order, and that gets you the documents that you're looking for.

But, Mr. West, it imposes very stringent requirements on how you handle those documents. Under that order you are effectively an officer of the Court. You can't deal with documents turned over to you in any

8

1  way that is forbidden by this protective order or you'll
2  be in big trouble with me.
3           MR. WEST: I understand that, Your Honor.
4           THE COURT: Okay. So, I will grant the
5  protective order and sign the protective order at this
6  time, and it's not the 18th of June.
7           THE CLERK: Yes, Your Honor.
8           THE COURT: And I will deny the motion for
9  leave to amend the complaint.
10          Now, where are we going from here? What's
11 next?
12          MR. MANUEL: Discovery, Your Honor. We're
13 prepared to produce the documents, initial disclosure to
14 Mr. West prior to the end of this week. As far as his
15 deposition schedule, he can let us know, and we can
16 cross that hurdle when we get to it. The last time we
17 were here he wanted to depose the Postmaster General and
18 various people who were totally improper to be deposed
19 to provide information in this case. But we see his
20 deposition schedule and are prepared to address the
21 individual names at that time.
22          MR. WEST: That's incorrect, Your Honor. The
23 Postmaster General has been informed of this case from
24 day one. I have sent the Postmaster General somewhere
25 around between 25 and 30 certified letters concerning

1  this case. So, the Postmaster General is well informed.
2       THE COURT: Sending the Postmaster General
3  certified letters is not a way--you can't set him up for
4  a deposition by sending him certified letters, Mr. West.
5  What basis, other than the fact that you sent certified
6  letters to him, do you have for asserting that the
7  Postmaster General has any knowledge or any information
8  or any complicity in this case?
9       MR. WEST: I informed him of the incidents as
10 they took place. I've got receipts that he received the
11 information.
12      THE COURT: And therefore what?
13      MR. WEST: Therefore, he's informed what has
14 been taking place and done nothing to resolve or to
15 change the issues.
16      MR. VALDEZ: Your Honor, Mr. West has received
17 responses from people other than the Postmaster General,
18 who in the routine course of business would refer those
19 matters down to other people below him to handle these
20 kinds of things.
21      THE COURT: Mr. West, if you persist in wanting
22 the deposition of the Postmaster General, you'll have to
23 do it with a formal notice of deposition, the government
24 will move for a protective order, and I will give you
25 pretty ironclad assurance that I'll grant the motion.

10

1  It's very--excuse me, Mr. West, but many pro se
2  plaintiffs do just what you're doing, go straight to the
3  top, you want to--in fact, the man standing here in the
4  orange jumpsuit, this is pro se day in my courtroom.
5  The man standing here in the orange jumpsuit insisted on
6  representing himself in a criminal case, wanted to bring
7  in the Attorney General, the United States Attorney, and
8  everybody else to testify in this case. People want to
9  do that.
10         You're not entitled to the deposition of the
11 Attorney General or the Postmaster General simply
12 because you sent him certified letters. You've got to
13 focus on the people who know the facts about this case
14 and have made decisions that have a bearing on your
15 case. So, if you want to go through the exercise of
16 filing notices of deposition, you can do that.
17         MR. WEST: I didn't request deposition. The
18 defendant is misleading you, Your Honor. The Postmaster
19 General is not one of my depositions. The Postmaster
20 General is part of my discovery for information
21 pertaining background for the Postal Service. I'm not
22 using the Postmaster General--
23         THE COURT: All right. Well, the Postmaster
24 General is the party to your case. I mean, if you
25 address discovery to the Postmaster General, written

1  discovery or interrogatories or something, it will be
2  responded to.
3        MR. WEST:  That's what I did, Your Honor.
4  That's why I addressed him.  I did not give a deposition
5  for the Postmaster General.
6        THE COURT:  So, let's see.  We have--we have
7  obviously also completely slipped our discovery
8  deadline, but we still have time to get this case ready
9  for trial in November, do we not?
10       MR. WEST:  Yes, we do, Your Honor.
11       MR. VALDEZ:  Yes, Your Honor.
12       THE COURT:  All right.  Well, get busy with
13 your discovery.  We need another status conference?
14       MR. WEST:  Yes, we do, Your Honor, because as
15 you stated, all my depositions, when I complete the
16 first five, I informed you I need at least six more, and
17 you informed me I must complete the first five.
18       THE COURT:  Where are you all going to be on
19 Monday, the 19th of August?
20       MR. WEST:  I'm available, Your Honor.
21       MR. VALDEZ:  Is there another date available,
22 Your Honor?
23       THE COURT:  There is, but what's your problem?
24       MR. VALDEZ:  I plan to be in Toronto that week.
25       THE COURT:  All right.  A week after that date,

12

1  how about August 15th?
2          MR. VALDEZ:  That's fine with me.
3          MR. WEST:  Not a problem, Your Honor.
4          THE COURT:  4:30 in the afternoon.
5          MR. WEST:  Fine.
6          THE COURT:  We'll see you here at that time.  I
7  will expect between now and then you will have made very
8  substantial progress on your discovery on both sides.
9          MR. VALDEZ:  Absolutely, Your Honor.
10         THE COURT:  Okay.  Thank very much.  Sorry to
11 keep you waiting this afternoon.
12         MR. VALDEZ:  Not a problem.
13         MR. WEST:  Not a problem.  Thank you.
14         (Proceedings concluded at 4:45 p.m.)
15
16
17
18
19
20
21
22
23
24
25

# CERTIFICATE

I, ELIZABETH S. BINGHAM, the official Court Reporter for Miller Reporting Company, Inc., hereby certify that I recorded the foregoing proceedings; that the proceedings have been reduced to typewriting by me, or under my direction and that the foregoing transcript is a correct and accurate record of the proceedings to the best of my knowledge, ability and belief.

*Elizabeth S. Bingham*

ELIZABETH S. BINGHAM