UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEVIN D. WEST,          :
                        :
        Plaintiff,      :
                        :
    v.                  :  Civil Action No. 01-0746 (JR)
                        :
POSTMASTER GENERAL JOHN E.  :
POTTER,                 :       **FILED**
                        :
        Defendant.      :       JAN 3 0 2003

                                NANCY MAYER WHITTINGTON, CLERK
            **MEMORANDUM**              U.S. DISTRICT COURT

   Kevin West is a Level 06 vehicle mechanic for the U.S. Postal Service, working at the Largo I Vehicle Maintenance Facility in Capitol Heights, Maryland. He filed this employment discrimination action on April 6, 2001, naming the Postmaster General and his supervisor Timothy Currie as defendants. Currie was later dismissed as a defendant, and the case continued against the Postmaster General, but, in reality, this suit presents West's complaints about Currie's actions. In early February 2002, the government moved to transfer this case to the District of Maryland for the convenience of parties and witnesses, pointing out that plaintiff had already filed suit in that District and had brought the same claims against the same parties. When West represented that he had withdrawn his Maryland suits, however, that order was reconsidered and the case was allowed to proceed here.

West appears in this case *pro se*, despite the repeated urgings of the Court that he find counsel to represent him. He has attempted throughout these proceedings to expand the narrow issues framed by his complaint into a plenary examination of his entire recent employment history with the Postal Service. What he would apparently like to do is use this lawsuit as a vehicle for laying out a broad case of racial discrimination at the Vehicle Maintenance Facility, discrimination that he says he has "meticulously detailed and documented over the years," Opposition to Motion for Summary Judgment at 32, and because of which he says he has suffered "undue mental anguish and stress disorder, loss of wages, loss of upward mobility opportunities, marital problems, harassment, physical assault, racial discrimination and retaliation." Id.

The actual content of the lawsuit, however, involves two discrete incidents that occurred within a few days of each other in early September 2000. First, on September 7, 2000, West was summoned to a meeting with Currie and told that he would no longer serve as acting lead mechanic. And second, on September 22, 2000, he was issued a letter of warning because of his refusal to attend a training assignment that had previously been arranged for him. These two events did not occur in a vacuum, of course, and West's mission has been to show how each of them is connected to the other, and to everything else at the

Vehicle Maintenance Facility, from long before until long after the two incidents.

Events do occur in a context, of course. The build-up to the two incidents and their consequences might indeed be the subject of extended trial testimony in order to tease out the issues of intent and pretext that are necessary parts of any employment discrimination suit -- if this case were to proceed to trial. The case cannot proceed to trial, however, and defendant's motion for summary judgment must be granted, because neither of the incidents, whether viewed as discriminatory actions or retaliatory actions, was an "adverse personnel action" or "adverse employment action" within the meaning of Title VII.[1]

1.  <u>The September 7 meeting</u>.  It is undisputed that, between September 25, 1999, and September 7, 2000, West was appointed on several occasions to serve as acting lead mechanic and vehicle analyst in the temporary absence of his team leader, Defendant's Statement of Material Facts ¶ 4, and that, in his meeting with Currie on September 7, 2000, West was told that he would no longer act in that capacity. Faced with a motion for summary judgment, it was up to plaintiff to make a "clear showing" that being told that he would no longer be given the "acting lead mechanic" assignment from time to time was a

---

[1] "Adverse personnel action" and "adverse employment action" are used interchangeably in this memorandum because plaintiff alleges that each incident was retaliatory and discriminatory.

- 3 -

"material adverse employment action" involving a "tangible economic effect" on his employment. <u>Brown v. Brody</u>, 199 F.3d 446, 454-57 (D.C. Cir. 1999). He failed to do so. The <u>Brown</u> decision follows the decisions of other circuits, holding that "changes in assignments or work-related duties do not ordinarily constitute adverse employment decisions if unaccompanied by a decrease in salary or work hour changes." Because what West is complaining about was not a "materially adverse employment action," its history, and its motivation, are simply immaterial.

        2. <u>September 22, 2000 meeting</u>. It is also undisputed that, on September 22, 2000, after West failed to report to a training course as directed, he was issued a letter of warning for his failure to attend. Def. Statement, p. 6. This incident has, if possible, even a more complicated context, and West frames it with even more filigree, than the September 7 incident. As a matter of law, however, a letter of warning or criticism is not an adverse employment action unless it is accompanied by some other action such as job loss or demotion. <u>E.g.</u>, <u>Brown</u>, 199 F.3d at 458; <u>Krause v. City of La Crosse</u>, 246 F.3d 995, 1000 (7th Cir. 2001); <u>Hill v. Children's Village</u>, 196 F. Supp. 2d 389, 400 (S.D.N.Y. 2002). This particular letter of warning was to be maintained in the plaintiff's file for only six months, so that

- 4 -

it could hardly be a final or permanent employment record, and did not affect the plaintiff's salary, benefits, or grade.

* * * *

Plaintiff complains of many other slights, insults, and unfair incidents that were visited upon him at his place of work, but none is actionable, Taylor v. FDIC, 132 F.3d 753, 764 (D.C. Cir. 1997) -- although many might be evidence of unlawful intent if he had brought an actionable claim. Plaintiff insists that white men less qualified than he (and perhaps completely unqualified) have been promoted over him at the Largo Vehicle Maintenance Facility, but that claim is not before this Court in this suit. Whether it still can be properly pleaded in another case, either for its own sake or as evidence supporting a different claim of failure to promote, is not for this Court to say.

An appropriate order accompanies this memorandum.

_____<br>
JAMES ROBERTSON<br>
United States District Judge

Dated: _January 29, 2003_

Copies to:

Kevin D. West
831 Chatsworth Drive
Accokeek, MD 20607

Plaintiff pro se

Gail A. Perry
Special Assistant U.S. Attorney
Judiciary Center, Tenth Floor
555 Fourth Street, N.W.
Washington, DC 20530

Counsel for Defendant