UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Kevin D. West )
831 Chatsworth Drive )
Accokeek, MD 20607 )
) CASE NUMBER 1:01CV00746
PLAINTIFF, )
v. ) JUDGE: James Robertson
)
) DECK TYPE: Employment Discrimination
Mr. Timothy Currie, Manager VMF )
400 T Street, N.E. ) DATE STAMP: 04/06/2001
Washington, DC 20002-9601 )
)
DEFENDANT. )
)
)
)

## COMPLAINT

This is a civil action complaint against Mr. Timothy Currie, Vehicle Maintenance Facility (VMF) Manager for violations of employment discrimination and retaliation against the Plaintiff, Mr. Kevin West which has caused stress, health and safety endangerment. I am an African American level 7 Automotive Technician at the USPS Largo I Vehicle Maintenance Facility (VMF). I have been working for the USPS for more than 10 years. I have 2 years prior experience with the Naval Surface Warfare Center Automotive Facility and the Euromotors Dealership, as well as, formal automotive training at OHIO State University. This case is concerning retaliation and discrimination against Mr. West for prior EEO's since September 1992 and pending court cases in the U.S. District Court of Maryland against the United States Postal Service (USPS).

APPENDIX F-1

Mr. Currie, VMF Manager located in Washington, DC started his present position in June 2000. On September 7, 2000, Mr. Currie ordered Mr. West to come to his office at 400 T Street, Washington, DC. Mr. West reported, as ordered at 6:05 am, and had been waiting four (4) hours without a break before Mr. Currie saw him for an undisclosed reason. When the meeting commenced at 10:00 AM, Mr. Currie issued Mr. West a blank resignation PS form 2574 (Exhibit 1) and asked him several times how does he like the Postal Service. Mr. West's response was "I love my job" each time Mr. Currie repetitively asked this question. Mr. Currie then gave Mr. West instructions that "you might as well fill out the form and resign". Mr. Currie stated that this was based on his investigation of Mr. West's prior history (referring to Mr. West's EEO complaints against the USPS). After looking at the blank resignation form Mr. West then requested to have a union representative present and stated to Mr. Currie that this was a violation under the Code of Ethics, of reprisal and harassment. Mr. West attempted to start taking notes of Mr. Currie's actions and comments, when Mr. Currie then said there would be no note taking at his meeting or union representative present. Mr. Currie then started reciting Article 16 of the Collective Bargaining agreement between the USPS and the APW union. Mr. West informed him that he is not his supervisor as Article 16 applies to in a discussion. Mr. Currie then stated that this was his discussion and he's in charge. See **Exhibit 2**, Affidavit dated 3/7/01. This was a violation of the National Labor Relation Board from the US Court of Appeals, Case #32-CA-10209(P), that states that union representation must be provided whenever an employee reasonably believes will result in a disciplinary action (**Exhibit 3**).

Mr. Currie attempted to make it appear that the purpose of the meeting was because of false allegations by Ms. Sandra Childs Automotive Parts Storekeeper at Largo I VMF of sexual harassment charges against Mr. West. When Mr. Currie mentioned sexual harassment, Mr. West's response was "Are you referring to the Ms. Chlds incident?" He then further stated that he had already submitted everything in writing to Mr. David Cook (Manager VMF), the Postal Inspectors, the Postal Police and the Postmaster General concerning her conduct unbecoming a postal employee (See **Exhibit 4**). Mr. Currie then made a comment

MR WEST

that he was aware of my EEO history because he had spoken to his superiors and that Mr. West would no longer be acting lead mechanic or Vehicle analyst from this point on. This was an unfair form of discipline, because Mr. West had done nothing but report violations to the VMF management as according to the Code of Ethics under Section IX to expose corruption wherever discovered. Mr. West then informed Mr. Currie that it was past 11:30 am and he had not had a lunch break and informed Mr. Currie that he had violated the Labor Law which requires that employees have a lunch break within 6 hours of starting time of work. Mr. Currie forced Mr. West past 6 his hours of start time, which is 11:30 am. Mr. Currie further disciplined Mr. West by having Mr. David Cook, Manager Largo VMF to give Mr. West a letter of warning on September 22, 2000 (See Exhibit 5). This unjust letter was approved by Mr. Currie through a conspiracy with the APW Union on November 17, 2000 (see settlement Exhibit 6). Mr. West was not informed of this unjust settlement between Mr. Currie and the union until December 7, 2000. A Case against the union is pending in US District Court of MD because of this and other such violations of misrepresentation against Mr. West because he is a non union member. Mr. Currie is also in violation of USPS Standards of Conduct Section 661.3:

    b. Giving preferential treatment to any person.

    d. Losing complete independence or impartiality

    e. Making a Postal Service decision outside of official channels.

USPS Standards of Conduct Section 661.51 Discrimination;

USPS Standards of Conduct Section 661.53 Unacceptable Conduct;

USPS Standards of Conduct Section 666.2 Behavior and Personal Habits;

USPS Standards of Conduct Section 668.112 PROHIBITED DISCRIMINATION

    c.    Race, Color, Religion, Sex, Age, National Origin, Physical or Mental Handicap.

USPS Standards of Conduct Section 668.117 REPRISAL FOR EXERCISING APPEAL RIGHTS

USPS Standards of Conduct Section 668.118 REPRISAL FOR RELEASE OF INFORMATION

    a.    A violation of any law, rule or regulation.

3

APPENDIX F-3

    b.    Mismanagement, abuse of authority or a substantial and specific danger to public health or safety.

661.21 Code of Ethics for Government Service Violations

    1.    Put loyalty to the highest moral principles and to country.

    2.    Uphold the Constitution, laws and legal regulations of the United States and of all governments therein.

    5.    Never discriminate unfairly.

Mr. West is suffering from job related Anxiety and Stress Disorder since 1993 to present, which was diagnosed by several psychiatrists (See Exhibit 7). Mr. Currie by the meeting he conducted on September 7, 2000, the events and unjust discipline following the meeting has caused Mr. West undue stress by creating a hostile and stressful working environment.

Mr. West is requesting a trial by jury in the U. S. District Court, District of Columbia and a court appointed attorney. He is also seeking compensatory damages in the lump sum of $3 million for employment discrimination and reprisal, mental stress and emotional suffrage causing anxiety and stress disorder. Mr. West also is seeking payment of all expenses incurred by this case, which includes, but not limited to court fees, legal fees and medical care. Thank you for your assistance in resolving these ongoing violations.

Respectfully Submitted,

*Kevin D. West*

KEVIN D. WEST,
831 Chatsworth Drive
Accokeek, MD 20607
Telephone: (301)292-7080

APPENDIX F-4

## **Appendix G:**

G-1

<u>ORDER</u> dated 12/17/01, to amend Case Caption as Postmaster General John E. Potter as Defendant, U.S. Dist. Court for the District of Columbia, *West v. Timothy Currie*, C.A. No. 01-746.