ORIGINAL                                     1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

FILED

- - - - - - - - - - - - - - -x
                              :                    APR - 1 2003
KEVIN D. WEST,                :
                              :              CLERK U.S. DISTRICT COURT
        Plaintiff,            :                DISTRICT OF COLUMBIA
                              :
    v.                        :   CA 01-746
                              :
JOHN E. POTTER,               :
                              :
        Defendant.            :
                              :
- - - - - - - - - - - - - - -x

                         Washington, D.C.
                         June 18, 2002
                         4:30 p.m.

                  Transcript of Status Call
          Before the Honorable James Robertson
             United States District Judge

APPEARANCES:

For the Plaintiff:        KEVIN D. WEST, Pro Se

For the Defendant:        ROLANDO VALDEZ, ESQ.
                          H. ALEXANDER MANUEL, ESQ.

Court Reporter:           ELIZABETH S. BINGHAM, RPR
                          Miller Reporting Co., Inc.
                          735 8th Street, S.E.
                          Washington, D.C.  20003
                          (202) 546-6666

2

1                    P R O C E E D I N G S

2          THE COURT:  Are counsel in the West case here?

3 Come on forward and you can just stand at the podium.  I

4 hope you don't need counsel table.

5          THE CLERK:  Civil Action Number 01-746, Kevin

6 D. West versus John E. Potter. Would counsel please

7 identify themselves and who they represent.

8          MR. WEST:  I'm pro se, Kevin West.

9          MR. VALDEZ:  I'm Rolando Valdez with the U.S.

10 Attorney's Office.

11          MR. MANUEL:  Alexander Manuel with the U.S.

12 Postal Service.

13          THE COURT:  Where do we stand in this case,

14 Counsel?

15          MR. VALDEZ:  Pending before the Court is the

16 government's protective order.  We filed it on May 21st.

17 Mr. West opposed it.  In the past couple of days we're

18 waiting for the Court's ruling on that protective order.

19          We have responded to the plaintiff's discovery

20 request, but we also have been waiting for the

21 protective order in order to proceed with release of any

22 of those documents and just this morning, at 11:30 a.m.,

23 the government was served with a copy of plaintiff's

24 amended--plaintiff's motion to amend his complaint to

25 include those acts prior to the September 2000 event

3

1 about which this case is, as well as events that he has

2 failed to exhaust his administrative remedies on that

3 have occurred after September 2000.

4          THE COURT:  All right.  Just a second here.

5 I'm trying to call up my computer note on this case, and

6 it's not letting me do that.  Of course, the file that

7 was carefully prepared for me is probably still sitting

8 back on my desk, is it not?  Would you get it for me,

9 Kelly.

10          MR. WEST:  Excuse me, Your Honor.  I have a

11 copy of that motion he's referring to.  I can give you a

12 copy now if you'd like.

13          THE COURT:  Okay, but it will just take her a

14 minute.  Kelly's given me a little memo on this, and

15 ordinarily I would have had it in front of me and read

16 it and been prepared, but as you can well imagine,

17 having sat here for half a day, it's been a rather

18 unusual afternoon.

19          All right.  So, this is the motion for

20 protective order under the Privacy Act, and the motion

21 only asks the documents turned over in discovery be

22 given appropriate protection.  I was about to grant this

23 motion as conceded.  The defendant's motion or the

24 defendant's opposition came in quite late.

25          If I understand the defendant's position,

4

1 you're not proposing to withhold documents, only to turn

2 them over under the protective order; is that correct?

3          MR. VALDEZ:  That's correct, Your Honor.  We

4 have a sealed copy for the Court and anything pertaining

5 to a third party that should be protected, third-party

6 employees, Mr. West has consistently asked for records

7 about another employee who has filed charges against him

8 in a sexual harassment case.  We would just want to

9 protect her privacy in this case.

10          THE COURT:  Mr. West, protective orders of this

11 kind are quite commonly granted.  They're usually agreed

12 to, most always agreed to.  That is the condition under

13 which you can get private material like this.

14          MR. WEST:  Well, the problem with that, Your

15 Honor, is the time limit that the defendant requested

16 this.  As you know, when I was in on April the 5th,

17 there's been a new representation for the Postmaster

18 General, and they on their time limit of presenting this

19 order, they had more than enough time to submit the

20 documentation I requested, and this order just popped

21 up.  I filed an opposition to it, as I talked to the

22 defendant.  The U.S. Attorney had called me, and I

23 responded because I had received two notices.  One was

24 if I do oppose--and I did oppose--and the second was he

25 was interested if I was going to oppose it by filing,

5

1 and I informed him yes.

2          And I also--you don't have a copy of it, but I

3 also amended my complaint because my complaint

4 originally was against Mr. Timothy Curry.  The

5 government amended the complaint against the--amended

6 the name of the caption to the Postmaster General.  In

7 that instance, I had to amend my complaint because my

8 complaint did not have the Postmaster General and his

9 offenses in it, and this is the amendment that I was

10 referring to for the Postmaster General.  So, my

11 complaint has to be amended also, and that's the motion

12 I filed today.  I sent a copy to the U.S. Attorney this

13 morning.

14          THE COURT:  You want to amend it to do what?

15          MR. WEST:  Okay.  I amend my--my plaintiff's

16 motion to amend complaint to include--excuse me, for the

17 conclusions for prior history of reprisal and

18 discrimination.  The Postmaster General, I've had

19 several incidents of discrimination that has led to this

20 case.

21          THE COURT:  Yeah, I know.  We know all about

22 that.  We've heard a lot about that.

23          MR. WEST:  I have them all admitted here.

24          THE COURT:  Well, they don't need to be in the

25 complaint, Mr. West.  They don't need to be in the

6

1 complaint to be received in evidence. I don't know

2 whether they're going to be received in evidence or not,

3 but you don't need to amend the complaint to put all the

4 history in.

5       MR. WEST: Well, the problem, Your Honor, is

6 you don't have--I don't even have a right to sue them

7 under the complaint because I didn't sue the Postmaster

8 General. So, everything that I didn't have, I had to

9 amend it to the complaint because there's a prior

10 history that led to the complaint.

11       THE COURT: I've lost track of this. Can you

12 help me, Counsel?

13       MR. VALDEZ: Your Honor, we would like to

14 remind the Court that this case focuses solely on the

15 events that happened, that occurred allegedly in

16 September of 2000. Mr. West's amended complaint

17 paragraphs 1 through 17 refer to events that occurred

18 from 1993 through just before September 2000.

19 Paragraphs 26 through 44 relate to events that occurred

20 after September 2000 up to the present.

21       We would argue that none of those--the previous

22 complaints, the first set of those, have been disposed

23 of by his actions in the District Court in Maryland, and

24 he seeks to relitigate those issues before this Court.

25 The latter set of allegations made in his amended

7

1 complaint, he's failed to exhaust his administrative

2 remedies by taking them through that process, so those

3 aren't right for consideration before this Court.

4         In addition, Mr. West's amended motion is not

5 really a motion.  It hasn't been--it's not in proper

6 format.  So, on those three grounds, just on the scant

7 review we've made thus far, we would object to that

8 motion.

9         THE COURT:  Well, I'm not worried about the

10 format.  Mr. West is pro se, and the format of the

11 motion doesn't trouble me, but, Mr. West, I'm afraid

12 counsel for the Postal Service is exactly correct about

13 the claims made in the first paragraphs being old claims

14 that have been through other litigation and are not part

15 of this case, and the newer claims are since the events

16 claimed in this case, and you haven't exhausted your

17 administrative remedies.  I'm going to have to grant

18 the--I'm going to have to deny the motion for leave to

19 amend, and I'm going to grant the order, the protective

20 order, and that gets you the documents that you're

21 looking for.

22         But, Mr. West, it imposes very stringent

23 requirements on how you handle those documents.  Under

24 that order you are effectively an officer of the Court.

25 You can't deal with documents turned over to you in any

8

1  way that is forbidden by this protective order or you'll

2  be in big trouble with me.

3          MR. WEST:  I understand that, Your Honor.

4          THE COURT:  Okay.  So, I will grant the

5  protective order and sign the protective order at this

6  time, and it's not the 18th of June.

7          THE CLERK:  Yes, Your Honor.

8          THE COURT:  And I will deny the motion for

9  leave to amend the complaint.

10          Now, where are we going from here?  What's

11  next?

12          MR. MANUEL:  Discovery, Your Honor.  We're

13  prepared to produce the documents, initial disclosure to

14  Mr. West prior to the end of this week.  As far as his

15  deposition schedule, he can let us know, and we can

16  cross that hurdle when we get to it.  The last time we

17  were here he wanted to depose the Postmaster General and

18  various people who were totally improper to be deposed

19  to provide information in this case.  But we see his

20  deposition schedule and are prepared to address the

21  individual names at that time.

22          MR. WEST:  That's incorrect, Your Honor.  The

23  Postmaster General has been informed of this case from

24  day one.  I have sent the Postmaster General somewhere

25  around between 25 and 30 certified letters concerning

9

1 this case. So, the Postmaster General is well informed.

2       THE COURT: Sending the Postmaster General

3 certified letters is not a way--you can't set him up for

4 a deposition by sending him certified letters, Mr. West.

5 What basis, other than the fact that you sent certified

6 letters to him, do you have for asserting that the

7 Postmaster General has any knowledge or any information

8 or any complicity in this case?

9       MR. WEST: I informed him of the incidents as

10 they took place. I've got receipts that he received the

11 information.

12       THE COURT: And therefore what?

13       MR. WEST: Therefore, he's informed what has

14 been taking place and done nothing to resolve or to

15 change the issues.

16       MR. VALDEZ: Your Honor, Mr. West has received

17 responses from people other than the Postmaster General,

18 who in the routine course of business would refer those

19 matters down to other people below him to handle these

20 kinds of things.

21       THE COURT: Mr. West, if you persist in wanting

22 the deposition of the Postmaster General, you'll have to

23 do it with a formal notice of deposition, the government

24 will move for a protective order, and I will give you

25 pretty ironclad assurance that I'll grant the motion.

0000000003

10

1 It's very--excuse me, Mr. West, but many pro se

2 plaintiffs do just what you're doing, go straight to the

3 top, you want to--in fact, the man standing here in the

4 orange jumpsuit, this is pro se day in my courtroom.

5 The man standing here in the orange jumpsuit insisted on

6 representing himself in a criminal case, wanted to bring

7 in the Attorney General, the United States Attorney, and

8 everybody else to testify in this case.  People want to

9 do that.

10      You're not entitled to the deposition of the

11 Attorney General or the Postmaster General simply

12 because you sent him certified letters.  You've got to

13 focus on the people who know the facts about this case

14 and have made decisions that have a bearing on your

15 case.  So, if you want to go through the exercise of

16 filing notices of deposition, you can do that.

17      MR. WEST:  I didn't request deposition.  The

18 defendant is misleading you, Your Honor.  The Postmaster

19 General is not one of my depositions.  The Postmaster

20 General is part of my discovery for information

21 pertaining background for the Postal Service.  I'm not

22 using the Postmaster General--

23      THE COURT:  All right.  Well, the Postmaster

24 General is the party to your case.  I mean, if you

25 address discovery to the Postmaster General, written

11

1 discovery or interrogatories or something, it will be

2 responded to.

3         MR. WEST:  That's what I did, Your Honor.

4 That's why I addressed him.  I did not give a deposition

5 for the Postmaster General.

6         THE COURT:  So, let's see.  We have--we have

7 obviously also completely slipped our discovery

8 deadline, but we still have time to get this case ready

9 for trial in November, do we not?

10         MR. WEST:  Yes, we do, Your Honor.

11         MR. VALDEZ:  Yes, Your Honor.

12         THE COURT:  All right.  Well, get busy with

13 your discovery.  We need another status conference?

14         MR. WEST:  Yes, we do, Your Honor, because as

15 you stated, all my depositions, when I complete the

16 first five, I informed you I need at least six more, and

17 you informed me I must complete the first five.

18         THE COURT:  Where are you all going to be on

19 Monday, the 19th of August?

20         MR. WEST:  I'm available, Your Honor.

21         MR. VALDEZ:  Is there another date available,

22 Your Honor?

23         THE COURT:  There is, but what's your problem?

24         MR. VALDEZ:  I plan to be in Toronto that week.

25         THE COURT:  All right.  A week after that date,

12

1 how about August 15th?

2          MR. VALDEZ:  That's fine with me.

3          MR. WEST:  Not a problem, Your Honor.

4          THE COURT:  4:30 in the afternoon.

5          MR. WEST:  Fine.

6          THE COURT:  We'll see you here at that time.  I

7 will expect between now and then you will have made very

8 substantial progress on your discovery on both sides.

9          MR. VALDEZ:  Absolutely, Your Honor.

10          THE COURT:  Okay.  Thank very much.  Sorry to

11 keep you waiting this afternoon.

12          MR. VALDEZ:  Not a problem.

13          MR. WEST:  Not a problem.  Thank you.

14          (Proceedings concluded at 4:45 p.m.)

15

16

17

18

19

20

21

22

23

24

25

# C E R T I F I C A T E

I, ELIZABETH S. BINGHAM, the official Court Reporter for

Miller Reporting Company, Inc., hereby certify that I recorded the

foregoing proceedings; that the proceedings have been reduced to

typewriting by me, or under my direction and that the foregoing

transcript is a correct and accurate record of the proceedings to

the best of my knowledge, ability and belief.

ELIZABETH S. BINGHAM