UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KEVIN D. WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 05-1339 (RMU) |
| v. | ) | |
| | ) | |
| JOHN E. POTTER, | ) | |
| POSTMASTER GENERAL, | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendant, by his undersigned attorneys, hereby responds to plaintiff's first amended complaint as follows:

FIRST DEFENSE

All claims in Counts one through four which pertain to the facts alleged in paragraphs 12 through 30 should be dismissed on the grounds of res judicata and collateral estoppel.

SECOND DEFENSE

Defendant answers each numbered paragraph of the complaint as follows:

1.      Paragraph 1 consists of plaintiff's statement of the nature of his case and conclusions of law to which no response is required, but to the extent one may be deemed to be required, it is denied.

2.      Paragraph 2 consists of plaintiff's statement of jurisdiction and conclusion of law as to which no response is required.

3.      Paragraph 3 consists of plaintiff's statement of jurisdiction and conclusion of law as to which no response is required.

4.      Paragraph 4: First sentence consists of plaintiff's statement of jurisdiction and conclusion

of law as to which no response is required. Paragraph a. Defendant denies the allegations except

that Defendant admits that Plaintiff filed a formal complaint in Agency Case No. 4K-200-0235-

03 on or about October 9, 2003.  Paragraph b, admit.   Paragraph c, Admit, except defendant has

no knowledge of when plaintiff received the final agency decision and therefore denies said

allegation.

5.      Paragraph 5 consists of plaintiff's statement of jurisdiction and conclusion of law as to

which no response is required.

6       Paragraph 6 consists of plaintiff's statement of venue and conclusion of law as to which

no response is required.

7.      Paragraph 7:  Defendant admits that Kevin West is an individual, has been a resident of

the State of Maryland, and has been employed by the United States Postal Service.  The

remaining allegations state a legal conclusion to which no response is required.

8.      Defendant denies the allegations set forth in paragraph 8 of the Amended Complaint,

except that Defendant admits that John E. Potter is the Postmaster General of the United States

Postal Service ("USPS"), that Plaintiff purports to bring this action against Mr. Potter in his

official capacity, that the USPS is an independent establishment of the Executive Branch of the

Federal Government, and that the USPS is headquartered at 475 L'Enfant Plaza, SW,

Washington, DC 20260.

9.      Defendant denies the allegations set forth in paragraph 9 of the Amended Complaint,

except that Defendant admits that the Plaintiff has been employed as an automotive mechanic at

the Southern Maryland Vehicle Maintenance Facility.

10.      Defendant denies the allegations set forth in paragraph 10 of the Amended Complaint,

except that Defendant admits that Mr. David Cook has been the Manager of the Southern Maryland Vehicle Maintenance Facility.

11.    Defendant has no basis for knowing plaintiff's beliefs and therefore denies.

12. - 30.  Defendant has moved to dismiss these allegations on the grounds of res judicata and collateral estoppel.  Defendant will provide supplemental responses to said allegations following resolution of the motion to dismiss, if needed.

31.  Defendant denies the allegations set forth in paragraph 31 of the Amended Complaint, except that Defendant admits that West applied for job vacancy announcements No. 31-02 and 33-02, both of which were for EAS-17 supervisor positions; that West was eligible to apply for those positions; that Mr. David Cook was the selecting official for position 33-02, Mr. Timothy Currie was the selecting official for Job vacancy No.31-02, and that Messrs. Franklin Green (African American, Prior EEO activity) and Stomatos Karoutsos (Caucasian/No Prior EEO activity) were selected for the positions.

32.    Defendant denies the allegations set forth in paragraph 32 of the Amended Complaint, except that Defendant admits that Plaintiff applied for job vacancy announcements 14-03, 15-03 and 23-03, that Plaintiff was eligible to apply for the job announcements, and that John Miller, Michael Scott and Anthony Shelton were selected for the positions,

33.    Denied.

34.    Defendant denies the allegations set forth in paragraph 34 of the Amended Complainant, except that the Defendant admits that plaintiff applied for job vacancy no. 03-43.

35.    Defendant denies the allegations set forth in paragraph 35, except that Plaintiff requested, but was denied a schedule change.

3

36.    Admit that plaintiff has filed and unsuccessfully prosecuted EEO discrimination

complaints, otherwise denied.

37.    Denied

38.    Denied

## Count I

39.    Defendant realleges its answers to paragraphs 1 through 38.

40.    Admit.

41.    Defendant denies the allegations set forth in paragraph 41 of the Amended Complaint,

except that Defendant admits that Plaintiff applied for certain supervisory positions and a lead

automotive Technician position.

42.    The allegations set forth in paragraph 42 of the Amended Complaint state a legal

conclusion to which no response is required; if a response is required, the allegations are denied.

43.    Defendant denies the allegations of paragraph 43 of the Amended Complaint, except that

Defendant admits that Franklin Green (African American), Stamatos Karoutsos (Caucasian),

Michael Scott (Caucasian), John Miller (Caucasian), and Anthony Shelton (African American)

were selected for supervisory positions and Stephen Clark (Caucasian) for the lead automotive

mechanic position.

44.    Denied.

45.    Defendant realleges first defense, otherwise denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Defendant has no knowledge of what plaintiff is informed or his beliefs.  Defendant denies all allegations in paragraph 51.

Count II

52.    Defendant realleges its answers in paragraphs 1 through 51.

53.    Defendant realleges defense 1, otherwise denied.

54.    Denied.

55.    Defendant has no knowledge of what unidentified individuals may believe, therefore denied.

56.    Defendant has no basis for knowing what an unidentified individual may have stated, therefore denies the allegations set forth in paragraph 56 of the Amended Complaint.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Defendant denies that plaintiff or any other employee was subjected to a pattern of harassing activities.

61.    The allegations of paragraph 61 of the Amended Complaint state a legal conclusion to which no response is required.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Defendant has no knowledge of what plaintiff is informed or his beliefs.  Defendant denies all allegations in paragraph 65.

Count III

66.   Defendant realleges its answers in paragraphs 1 through 66.

67.   Admit that defendant filed formal EEO complaints and a civil action in U.S. District Court on or about the dates alleged.   All other allegations state a legal conclusion to which no response is required.

68.   Paragraph 68 states a legal conclusion to which no response is required.

69.   Because Plaintiff failed to specify a time period in paragraph 69 of Plaintiff's complaint, Defendant lacks knowledge and information sufficient to form a belief as to the truth thereof, and therefore denies, the allegations set forth in paragraph 69 of the Amended Complaint.

70.   Defendant denies the allegations set forth in paragraph 70 of the Amended Complaint, except that Defendant admits that Plaintiff applied for 5 supervisory positions and a lead automotive technician position and that he was not selected for those positions.  Defendant further notes that many of the allegations set forth in paragraph 70 are subject to Defendant's first affirmative defense.

71.   Allegations of paragraph 71 state a legal conclusion to which no response is required.

72.   Denied.

73.   Denied.

74.   Denied.

75.   Denied.

76.   Allegations set forth in paragraph 76 of the Amended Complaint state a legal conclusion to which no response is required.

77.   Denied.

78.   Denied.

79.    Defendant has no knowledge concerning plaintiff's information and belief and otherwise denies all allegations.

Count IV

80.    Defendant realleges its answers in paragraphs 1 through 79.

81.    Paragraph 81 states a legal conclusion to which no response is required.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Defendant has no knowledge concerning plaintiff's information and belief and denies all allegations.

PRAYER FOR RELIEF

92-93    These paragraphs contain plaintiff's prayer for relief to which no response is required,

to the extent one is deemed to be required, denied.

Unless expressly admitted, all allegations in plaintiff's Amended Complaint are denied.

Respectfully submitted,


_____
KENNETH L. WAINSTEIN D.C. Bar # 451058
United States Attorney


_____
 R. CRAIG LAWRENCE, D.C.  BAR #171538
Assistant United States Attorney


_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970