UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
**KEVIN D. WEST,**                )
                                  )
    Plaintiff,            )
                                  )
v.                                )    Civil Action No.  05-1339 (JR)
                                  )
**JOHN E. POTTER,**               )
**POSTMASTER GENERAL**            )
**U.S. POSTAL SERVICE**           )
                                  )
    Defendant.            )
_____)

## JOINT MEET AND CONFER STATEMENT

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16.3, and the Court's Order of June 28, 2006, Plaintiff Kevin D. West and Defendant John E. Potter, Postmaster General, U.S. Postal Service file this Joint Meet and Confer Statement and proposed scheduling orders.

Counsel for the Plaintiff, Teresa W. Murray and Counsel for the Defendant Rhonda Fields conferred July 26-28, 2006 regarding the matters set forth in Fed. R. Civ. P. 26(f) and Local Rule 16.3 as follows:

(1) Plaintiff West believes that this is case not likely to be disposed of by dispositive motion (i.e. summary judgment) because, as made evident by the pleadings filed to date, there exist numerous genuine disputes as to material facts.  The Defendant believes that this matter is likely to be disposed of by dispositive motion following discovery.

1

(2)     The parties agree that any other party shall be joined in this action, within 30 days of the issuance of the scheduling order.  Plaintiff proposes, in addition to the amendment standards set forth under F.R.Civ.P. 15, that pleadings may be amended in this case anytime before the discovery deadline.  Defendant proposes that the court order the complaint to be amended no later than 60 days before the discovery deadline to allow defendant the opportunity to pursue discovery of any new claims or issues sent forth in an amended complaint.

The parties could not agree to narrow the factual and legal issues beyond the Plaintiff's Complaint and Defendant's Answer.

(3)     The parties agree that this case should *not* be referred to a magistrate judge for all purposes including trial.

(4)     The parties have discussed the possibility of settlement.  Plaintiff believes that the possibilities for settlement are greatest at these very early stages of the litigation, and after discovery is conducted and the Court has ruled on motion(s) for summary judgment.  Defendant believes that any discussion concerning settlement is most likely to be fruitful after some discovery has been accomplished.

(5)     Parties' counsel both certify that they have discussed the ADR program with their respective clients and counsel has considered: (i) the client's goals in bringing or defending the litigation; (ii) why prior settlement talks the parties' engaged in did not produce an agreement; (iii) the point during litigation when ADR would be most appropriate; (iv) whether the parties would benefit from a neutral evaluation of their case;

and (v) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending. The parties do not believe that ADR would be appropriate at this juncture; however, we agree to notify the Court if and when the parties wish to attempt ADR. If the parties do elect to try ADR, both parties agree that a short stay would be appropriate.

(6) Plaintiff West believes that genuine disputes as to material facts will preclude the dismissal of this action on summary judgment. Defendant, however, believes that there is no genuine dispute as to material facts, that there are legitimate non-discriminatory reasons for the defendant's actions, and that summary judgment is appropriate in this matter. The parties believe that dispositive motions and cross motions should be filed 30 days after the close of discovery, with Oppositions due within 30 days thereafter and replies to oppositions due within 15 days. Plaintiff respectfully proposes that the Court render a decision on dispositive motion(s) within 60 days of the filing of the Reply brief.

(7) **Rule 26(a)(1) Initial Disclosures**. **The parties hereby stipulate and agree to dispense with Initial Disclosures.** If the parties are required to make Initial Disclosures, Plaintiff agrees with the timing of the disclosures as set forth under F.R.Civ. P. 26(a)(1). In addition, if the parties are required to make Initial Disclosures, Plaintiff proposes the following changes to disclosure requirements:

    a. Rule 26(a)(1)(B) – Plaintiff West seeks to eliminate the requirement that the parties provide copies of all documents, data compilations, and

tangible things that may be used to support its claims or defenses. He believes it will be more efficient to provide in Initial Disclosures a general description by category and location of these documents. As, ultimately, these documents will likely be exchanged during the course of discovery and any requirement to do so at this early stage would be duplicative. Defendant agrees to this modification.

b. Rule 26(a)(1)(C) – Plaintiff West seeks to eliminate any requirement for him to initially disclose a computation of his damages as such information at this early stage of the litigation is premature and would unnecessarily obligate Plaintiff to proclaim too early the extent of his damages. Plaintiff proposes that this rule be modified with respect to the timing of this disclosure such that he only be required to disclose this computation, once his claims survive summary judgment. Defendant does not agree with this modification since it would preclude effective discovery by the defendant.

Defendant's proposed modifications to Initial Disclosure requirements under Rule 26(a): none.

(8)  **Discovery**. Plaintiff anticipates discovery being extensive in this case, as it involves several consolidated Equal Employment Opportunity Complaints, each containing several allegations. Therefore, if managed properly, Plaintiff believes discovery should take approximately eight months and should be completed in its

entirety, by March 31, 2007.  At present, Plaintiff does not perceive any need to place any limits on discovery.

Defendant requests that the presumptive limits be placed on discovery, that is no more than 25 interrogatories and no more than 10 depositions per party.

(9) **Rule 26(a)(2) Expert Witnesses.**  Plaintiff seeks a modification of Rule 26(a)(2) to allow the parties to provide the disclosure of experts and expert reports 45 days before the close of discovery to allow the other party to counter-designate, if they elect, and to conduct additional discovery on the subject matter of the expert's opinion. Plaintiff believes that the parties should be permitted to take the deposition of the expert anytime between the disclosure of the expert and 90 days before trial.

(10) The parties believe that neither trial nor discovery should be bifurcated.

(11) The parties agree that the pretrial conference should take place 60 days after the Court's denial or partial denial of dispositive motion(s) and that a firm trial date should be set at the pretrial conference.

Respectfully submitted,

Dated: July 28, 2006         By**:_____/s/_____**
                                        Teresa W. Murray
                                        Bar No. 460430

THE LAW OFFICES OF T.W. MURRAY, LLC
1111 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-585-1870
Fax: 301-585-1871

**Counsel for the Plaintiff**


_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar No. 434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney

Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970

**Counsel for the Defendant**