## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KEVIN WEST | : | |
| | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. 05-1339  (JR) |
| | : | |
| JOHN E. POTTER | : | |
| | : | |
| Defendant. | : | |

## MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56, Federal Rules of Civil Procedure, defendant respectfully submits this Motion for Summary Judgment.

Plaintiff  is an African American male employed by the United States Postal Service in its Vehicle Maintenance  Facility ("VMF").

Plaintiff's complaint charges:

Count I,  Disparate Treatment Based on Race and Color, Complaint at ¶¶39-51;

Count II,  Racial Harassment/Hostile Work Environment, Complaint at ¶¶ 52-65;

Count III, Disparate Treatment Based on Protected Activity, Complaint at ¶¶66-79; and

Count IV, Retaliatory Harassment/Hostile Work Environment, Complaint at ¶¶ 80-91.

Under Counts I and III, plaintiff claims that he suffered the following adverse employment actions

a) continual denial of temporary detail to 204b acting supervisor,

b) continual denial of supervisory training with higher-level pay, since his May 1999, request,

c) denial of temporary promotions to higher-level, higher-paying lead mechanic positions,

d) denial of permanent promotions to Supervisor on at least five occasions,

e) denial of promotion to Lead Automotive Technician, PS-8,

f) denial of overtime opportunities and pay in October 2001 and April-July 2003,

g) denial of revised schedules and forced use of annual leave on February 11, 2002 and January 25, 2005, and

h) six or more unjust and excessive disciplinary actions.

Complaint at ¶¶ 42, 71.

Counts II and IV, respectively,  claim that plaintiff suffered a racially hostile work environment  and a retaliatory hostile work environment because defendant allegedly

i) systematically harassed Mr. West when it issued six corrective actions against him in addition to two "emergency" suspensions,

j) denied Mr. West's leave requests at least 14 times,

k) subjected him to physical harassment and intimidation,

l) refused to grant two of his requests for revised schedules,

m) rejected him for five Supervisor positions and a Lead Mechanic position, and

n) continually barred him from higher-level craft and supervisory details and supervisory training.

Complaint at ¶¶ 53, 82.

The claims in the present action stem from numerous complaints of discrimination filed by plaintiff.   The EEO complaints made the following claims:

**Agency Case No. 4K-200-0220-01 ("220-01")[1]**

1) On May 22, 2001, Plaintiff was denied 204B class and on-the job training in the Southern Maryland Vehicle Maintenance Facility (VMF) ;

2) On June 8, 2001, Plaintiff received a Letter of Warning for an Absence from Scheduled Overtime;

3) On June 18, 2001, Plaintiff was allegedly physically assaulted by David Cook, Manager of Largo I VMF;

4) Between  June 19 and 21, 2001, Plaintiff was denied his timecard and not allowed to punch in;

5) On June 25, 2001, Plaintiff's request for June leave slips was denied; and

6) On July 18, 2001, Plaintiff received a 7-Day Suspension for Failure To Maintain a Regular Work Schedule.

---

[1]  All of the Agency case numbers are identified by their last 4-5 numbers throughout defendant's pleading.

220-01 ROI at p. 2, 117-18.

**Agency Case No. 4K-200-0031-02 ("31-02")[2]**

**31-02**

1) On October 3, 2001, his leave request was disapproved for the holiday period;

2) On October 27 and 28, 2001, he was denied overtime;

3) On November 12, 2001, and November 23, 2001, his leave request was disapproved for the holiday period; and

**48-02**

4) On January 28, 2002 plaintiff was  issued a seven (7) days suspension.

  ROI 31-02 at p. 55-56, and see plaintiff's initial written complaints.  ROI 31-32 at pp. 96,

97,98, 100-101.

**Agency No. 4K-200-0108-02  ("108-02")[3]**

 1) On February 11, 2002, he was denied a revised schedule;

2) On February 13, 2002, he became aware that all of  Largo VMF Tour 3 mechanics were being paid level 8 pay;

ROI 108-2 at p. 399.

3) In June 2002, he became aware that two African American employees and one Caucasian employee were being utilized as 204B's and his request was denied;

ROI 108-2 at p. 402-403.

4) On July 4, 2002, he became aware that other employees were given annual leave for July 4, 2002, whereas his request for a vacation period which included July 4, 2002 was denied;

5) On July 17, 2002, he was issued a 14-day suspension for failure to be regular in attendance;

ROI 108-2 at p. 9, 405-406.

6) On August 22, 2002, he was sent home by Acting Supervisor Franklin Green after

---

[2]  This case number is a consolidation of case numbers 4K-200-0031-02 and 4K200-0048-02. ROI 31-02 at p. 55.

[3]  Complaint 108-02 is a consolidation of the following four complaints from plaintiff: 4K-200-0108-02, 4K-206-0074-02, 4K-200-0177-02, 4K-2000016-03.

reporting a safety hazard; and

7) He was not awarded the position of Supervisor EAS-16 for position numbers 31-02 and 33-02.

*Id.* at p.9, 408-10.

**Agency Case No. K-200-0235-03 ("235-03")**

1) On June 28, 2003, plaintiff was not promoted to the position of Supervisor Vehicle Maintenance;

2) On July 31, 2003, plaintiff became aware that manager Cook denied him a before Tour overtime opportunity at Largo II from April 1 through July 25, 2003;and

3) On September 3, 2003, plaintiff was not promoted to the position of Lead Automotive Technician Level 8, Vacancy # 03-43.

ROI 235-03, EEO Report, p. 1.

**Agency Case No 4k-200-0099-05 ("99-05")**

On January 25, 2005, plaintiff's request for a temporary schedule change was denied by

Acting Supervisor Clark.

99-05 ROI at Counselor's report pp. 1-3 of 8.

As set forth in the Memorandum of Points and Authorities in support of this motion, there

are no material facts in genuine dispute and defendant is entitled to judgment as a matter of law.

Wherefore, defendant respectfully requests that plaintiff's complaint be dismissed with prejudice as to all of his claims.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____
RUDOLPH  CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970