UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KEVIN WEST | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No. 05-1339 (JR) |
| | : | |
| JOHN E. POTTER | : | |
| | : | |
| Defendant. | : | |

OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL DEFAULT JUDGMENT

Defendant respectfully submits this opposition to plaintiff's motion for partial default judgment.

BACKGROUND

On September 20, 2005, plaintiff filed his first amended complaint. Docket at #5. On October 3, 2005, defendant filed a motion to dismiss claiming res judicata and collateral estoppel concerning the facts alleged in paragraphs 12-30 of the amended complaint. *Id*. at #7. On October 17, 2005, defendant filed an Answer to the amended complaint. *Id*. at #11. On June 28, 2006, the Court issued a memorandum opinion denying defendant's motion to dismiss. *Id*. at #15. The Court noted that paragraphs 12-30 were allegations of facts and not claims. *Id*. At a status conference on October 6, 2006, the Court granted defendant time to file a motion for summary judgment. On December 6, 2006, defendant filed its motion for summary judgment as to all of plaintiff's claims. *Id*. at #21-22. On December 19, 2006, plaintiff filed the instant motion for default. *Id*. at #25. Plaintiff is scheduled to respond to defendant's summary

judgment motion on January 31, 2007.  See docket entry dated January 8, 2007.

In its answer to paragraphs 12-30 of the amended complaint, defendant stated "Defendant has moved to dismiss these allegations on the grounds of res judicata and collateral estoppel. Defendant will provide supplemental responses to said allegations following resolution of the motion to dismiss, if needed." Answer at ¶12-30.  However, as to plaintiff's specific claims, i.e. Counts I-IV at ¶¶ 39-91, defendant denied plaintiff's claims of Disparate Treatment Based on Race and Color, Answer at ¶39-51; Racial Harassment/Hostile Work Environment, Answer at ¶¶ 52-65; Disparate Treatment Based on Protected Activity, Answer at ¶¶66-79; and Retaliatory Harassment/Hostile Work Environment, Answer at ¶¶80-91.

## ARGUMENT

**The defendant has not defaulted.**

Rule 55, F.R.Civ.P. provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

F.R.Civ.P. 55 (a).  In this case, the defendant has specifically denied plaintiff's claims in an Answer, filed a motion to dismiss, and has filed a motion for summary judgment which currently is pending before the Court.  Under these facts it cannot be said that the defendant has failed to plead or otherwise defend in this action.  As articulated by the Court in *Peak v. District of Columbia*

> A court has the power to enter default judgment when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics. . . .
>
> Because courts strongly favor resolution of disputes on their merits, and because "it seems inherently unfair" to use the court's power to enter judgment as

> a penalty for filing delays, default judgments are not favored by modern courts. *Jackson v. Beech*, 636 F.2d 831, 835 (D.C.Cir.1980). Accordingly, default judgment usually is available "only when the adversary process has been halted because of an essentially unresponsive party[, as] the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Jackson*, 636 F.2d at 836 (*quoting H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C.Cir.1970)).

*Peak v. District of Columbia,* 236 F.R.D. 13, 15 (D.D.C.2006); *accord International Painters and Allied Trades Industry Pension Fund v. K & J Erectors LLC* , 2006 WL 785294, 1 (D.D.C.2006).

The defendant has not failed to defend, nor has it engaged in dilatory tactics. Indeed, in filing its motion for summary judgment, accompanied by a 50 page memorandum of points and authorities, prior to engaging in discovery, defendant is diligently attempting to identify and narrow the genuine issues in this matter.

**Judgment should not be entered against the United States.**

Even if the government were in default, a default judgment should not be entered against the government unless the provisions of F.R. Civ. P. 55(e) are met. *Knouff v. U.S.,* 74 F.R.D. 555, 556 (D.C.Pa. 1977).

F.R.Civ.P. 55(e) provides:

No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court.

Plaintiff has not submitted any evidence to the Court establishing his claim or right to relief. Rather, plaintiff merely makes conclusionary statements that defendant has no meritorious defense.

However, defendant has made its summary judgment motion pursuant to F.R.Civ. P. 56,

3

defending against the claims in defendant's complaint. Defendant has identified those facts which it believes to be material to this action, and which also are not in genuine dispute. Defendant has supported is motion with citations to exhibits, affidavits and testimony from the extensive administrative record in this matter, and has cited to the law it believes to be applicable. In its summary judgment motion defendant has presented the quite meritorious defenses that plaintiff has failed to establish a prima facie case of discrimination, retaliation or hostile work environment, and defendant has submitted its legitimate non-discriminatory/retaliatory reasons for its actions.

In contrast, plaintiff has failed to submit any evidence establishing his claims. *See Campbell v. Eastland*, 307 F.2d 478, 491 (5th Cir. 1962) ("Since in final analysis the judgment was against the American taxpayers as a class, the plaintiffs should have been compelled to introduce their books, records, or some other evidence to show that they actually had suffered an operating loss; at the present we have only the plaintiffs' untested allegations as to the loss and its extent.") *cert. denied* 371 U.S. 955 (1963); *Owenby v. Gardner,* 264 F.Supp. 424, 425 (D.C.Ga. 1967) ("In the case of *Fedor v. Ribicoff* (D.C.Pa.1962) 211 F.Supp. 520 the Court held that before the plaintiff could be entitled to judgment in his favor he must have established proof of his claim. In this type of action that burden is to show substantial evidence in the administrative record.").

Thus, plaintiff has failed to meet his burden under Rule 55(e).

## CONCLUSION

For the reasons set forth above, plaintiff's motion should be dismissed.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970