UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
KEVIN D. WEST                       )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )    Civil Action No.  05-1339 (JR)
                                    )
JOHN E. POTTER,                     )
POSTMASTER GENERAL                  )
U.S. POSTAL SERVICE                 )
                                    )
        Defendant.                  )
_____)

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
MOTION FOR PARTIAL DEFAULT JUDGMENT**

    Essentially, this matter concerns the Defendant U.S. Postal Service's willful failure to plead in accordance with the Federal Rules of Civil Procedure.  In its Opposition, the Postal Service presents no justification for its deliberate decision not to Answer paragraphs 12 through 30 of the First Amended Complaint.  This being so, Rules 8 and 55 mandate that the unanswered complaint allegations be deemed admitted and a partial default be entered.  The fact that the Postal Service is an agency of the United States in no way excuses it from obeying rules of civil procedure, nor does this fact require Mr. West to prove, at this juncture, a right to damages relief.  Mr. West meets all requirements for an entry of default including the presentation of evidence supporting his claims of discrimination and retaliation.  Therefore, under Rule 55, Mr. West respectfully

requests an Order deeming all facts and allegations set forth in paragraphs 12 through 30 of the Complaint to be admitted by Defendant and entering a partial default.

## ARGUMENT

I. DEFENDANT'S FILING OF TWO MOTIONS DOES NOT EXCUSE IT FROM AN OBLIGATION TO PLEAD.

Federal Rule of Civil Procedure 8 required the Postal Service to file an Answer to Mr. West's First Amended Complaint. Its Answer was to contain a short statement admitting or denying *all* allegations outlined in the Complaint. Without dispute from the Defendant, this, it did not do.

Fruitlessly, Defendant points to Rule 55(a) arguing that the rule permitted it to bypass the pleading requirement and "otherwise defend" this civil action by filing a Motion to Dismiss and Motion for Summary Judgment. Defendant is mistaken. Parties, including agencies of the U.S. Government, must file responsive pleadings under Rule 8. Indeed, Rule 55 indicates that a party has defaulted when it appears by affidavit or otherwise that a party "has failed to plead **_or_** otherwise defend as provided by these rules." F.R.C.P. 55(a) (emphasis added). Here, while the Postal Service has otherwise defended this lawsuit, it has not pled an answer to 19 paragraphs of the Complaint. Hence, these allegations are admitted and the Postal Service has partially defaulted.

II. MR. WEST'S REQUEST FOR A PARTIAL DEFAULT JUDGMENT DOES NOT REQUIRE HIM TO ESTABLISH A RIGHT TO DAMAGES RELIEF

In its Opposition, the Postal Service claims that Rule 55(e) compels Mr. West to "establish[] his claim or right to relief by evidence satisfactory to the court." Opposition

at 3.  Here, the unanswered portion of the complaint concerns factual allegations, not claims.  However, since the Defendant has conceded these compelling facts, through willful omission, Mr. West contends these admitted facts establish his claim of discrimination and retaliation.  Complaint paragraph 14, for instance, if deemed admitted, establishes Mr. West's claim of retaliation: Mr. Currie stated that because of "[Mr. West's] prior EEO history. . . [and refusal to resign] Currie told him he "would never be used as acting Lead Mechanic or [in] any other upper mobility positions."  And Mr. West has never since been selected to serve in a supervisory capacity.  Mr. West's declaration attached as Exhibit 1 provides evidence of this statement.  See Ex. 1 ¶¶ 11-13 and remaining paragraphs.

Mr. West is not seeking damages relief via this motion for a partial default entry; thus Rule 55(e) does not obligate him to present evidence of a right to relief.

## CONCLUSION

Because the Postal Service failed to plead an Answer to certain paragraphs of the First Amended Complaint, these factual allegations are deemed as fact and as such, establish Mr. West's claims of racial discrimination and reprisal.  Thus, Mr. West respectfully requests a two-pronged Order: 1) finding that Complaint allegations 12-30 are deemed admitted; and 2) entering a partial default against Defendant.

                                      Respectfully submitted,

January 23, 2007                By:_____/s/_____
                                      Teresa W. Murray
                                      THE LAW OFFICE OF T.W. MURRAY
                                      1025 Connecticut Avenue, N.W.
                                      Suite 1000
                                      Washington, D.C. 20036
                                      Phone: 202-327-5477
                                      Fax: 202-327-5451