UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
**KEVIN D. WEST,**           )
                             )
    Plaintiff,              )
                             )
v.                           )    Civil Action No.  05-1339 (JR)
                             )
**JOHN E. POTTER,**          )
**POSTMASTER GENERAL**       )
**U.S. POSTAL SERVICE**      )
                             )
    Defendant.              )
_____)

## PLAINTIFF'S RULE 56(f) MOTION

    COMES NOW Plaintiff, Kevin D. West, by and through undersigned counsel to move this Honorable Court, under Federal Rule of Procedure 56(f) and in conjunction with his Opposition brief, to deny Defendant's Motion for Summary Judgment. Because Mr. West cannot demonstrate certain essential facts to oppose Defendant's Motion for Summary Judgment, due to outstanding evidence and information that he has not obtained from Defendant, he respectfully requests that the Court deny the Motion for Summary Judgment, afford him specified discovery, and allow the parties an opportunity to supplement their dispositive motion and Opposition.

STANDARD OF REVIEW

Rule 56(f) states that

> should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

F.R.C.P. 56(f).  See also, *Strang v. U.S. Arms Control and Disarmament Agency*, 864 F.2dd 859, 861 (D.C. Cir. 1999); *Byrd v. EPA*, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999).

ARGUMENT

Mr. West cannot demonstrate genuine disputes as to material facts regarding several of his claims because he has not obtained evidence and information through discovery to oppose Defendant's summary judgment motion on these claims.

I. **NEITHER PARTY IN THIS CASE CONDUCTED DISCOVERY DUE TO OTHER COMMITMENTS AND REQUESTED AN EXTENSION OF DISCOVERY PERIOD.**

Although the parties were allotted time to conduct discovery in this matter, neither Plaintiff nor Defendant were able to propound written discovery or conduct depositions. The parties jointly moved for additional time to conduct discovery and presented their respective reasons for their inability to conduct discovery in the time allotted.  Plaintiff presented the fact that she is solo practitioner who had a full caseload, which required her to expend extensive time and effort on pressing matters, which happened to converge with the instant case. During the discovery period, Plaintiff's counsel prepared and filed

2

with this Court, in another matter, two Opposition briefs, one Motion to Quash, a supplemental Opposition, and a Reply Brief in addition to other work. Plaintiff is and was certainly aware of the equal importance of this case; however, an individual is limited in what he or she can accomplish, even with her best efforts. To address this conflict, she conferred with Defendant and sought additional time to conduct discovery. The Court denied the joint motion and instructed Plaintiff to file a motion under Rule 56(f) explaining what discovery is needed and how such evidence would create a genuine issue of material fact. Accordingly, Plaintiff respectfully submits the instant motion.

**II. ESSENTIAL FACTS AND EVIDENCE NEEDED TO OPPOSE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.**

Mr. West requests that the Court allow him limited discovery to elicit important facts, which support his claims of discrimination and retaliation. Plaintiff sets forth below the claims for which he needs additional evidence and explains why these facts would create a genuine issue of material fact foreclosing summary judgment. Mr. West's affidavit is attached as Exhibit 51 to his Opposition to Defendant's Motion for Summary Judgment and is incorporated herein by reference.

    A. DENIAL OF SUPEVISORY OPPORUNITIES

Mr. West brings claims of discriminatory and retaliatory denial of temporary and permanent promotion to Supervisor and denial of supervisor training. He possesses incomplete data regarding all of the individuals selected for temporary (204B) Acting Supervisor promotion, during relevant periods, the length of their promotions, and the rate(s) of pay they received. Mr. West believes records and interrogatory answers

3

providing this information will enable him to demonstrate that Caucasian, junior mechanics had been selected for these supervisor opportunities over him, thereby demonstrating disparate treatment.  Mr. West also hopes to establish with this information that the reason articulated by the Postal Service for denying West supervisor opportunities will be exposed as pretext.  Evidence will show that admission to Timothy Currie's Supervisor Program was not a prerequisite to receiving supervisor opportunities.

Further, Mr. West seeks interrogatory answers and records relating to any communication between Messrs. Currie, King and Cook, and any of the selection Review Committee members concerning Mr. West and/or his protected activity, prior to the selection processes.  This evidence may uncover knowledge of prior protected activity as well as any improper influence Messrs. Currie, King and Cook had on Review Committee members that could have predisposed them against certifying Mr. West for interview.  Therefore, Plaintiff respectfully requests an order permitting the discovery requested at paragraphs 5 and 10 of his Affidavit, Ex. 51.

    B.  DISCIPLINARY ACTIONS

The Postal Service disciplined Mr. West several times for "failure to be regular in attendance" and most of the disciplinary actions concerned a mandatory holiday.  Mr. West contends, based on some of the information discovered during the investigation of his EEO complaints and/or during the U.S. Equal Employment Opportunity Commission's adjudication of the complaints, that several employees – Caucasians and/or individuals with no protected activity – were excused from working mandatory

4

holidays or simply did not report, yet received no disciplinary action. Hence, Mr. West needs facts and information identifying those employees who did not report on mandatory holidays between the years 2001 and 2002 and the reasons for their absence, in hopes of showing disparate treatment. If, for instance, West can demonstrate that Caucasian employees like David Lowe were excused from reporting when he had less than 24 hours of preapproved leave, Mr. West can completely discredit the Postal Service's rationale for issuing many of the disciplinary actions. Thus, Plaintiff respectfully requests that he be permitted discovery on this issue. See paragraphs 6 and 8 of West affidavit, Ex. 51.

    C. OVERTIME

The USPS denied Mr. West overtime in October 2001 and continually during the period of April 1 – July 25, 2003. He seeks the relevant Overtime Desired Lists and the identity of those individuals who worked overtime during those periods. This data will allow Mr. West to demonstrate that the USPS violated its collective bargaining agreement with the American Postal Workers Union and offered overtime opportunities to junior Caucasian employees; thus, he would be able to show that those outside his protected group were treated more favorably. In addition, to test the Defendant's rationale that Supervisor Michael Scott determined that a sufficient number of mechanics volunteered for overtime, Mr. West's requests that the Court allow him the opportunity to depose Mr. Scott on this issue. If Scott denies making such a determination or if records show that there was not a sufficient number of mechanics, Mr. West can demonstrate

pretext. Consequently, Mr. West respectfully requests that the Court grant him the aforementioned discovery. See also paragraph 7 of West Affidavit, Ex. 51.

### D. DENIAL OF REVISED SCHEDULES

As part of Mr. West's harassment claim, he alleges that he was denied a revised schedule on February 11, 2002 and January 25, 2005 due to his race and prior protected activity. The Postal Service routinely gives "revised schedules" or schedule modifications to employees who request it, often times due to their late arrival.[1] For instance, if an employee arrives at 8:15 instead of at his 8:00 a.m. start time, the VMF would allow that employee to end his shift 15 minutes later by "revising" his schedule. The Local Union collective bargaining agreement provides that if an employee arrives up to 30 minutes late for work, he or she may receive a revision to their schedule, but it is left to the supervisor's discretion.[2] On February 11, 2002, Mr. West arrived just over 30 minutes late (.63 units); yet, Supervisor Green denied him a revised schedule.[3] And again on January 25, 2005, Mr. West arrived for work shortly over 30 minutes late and Supervisor Clark, who states that he was instructed to do so by Cook, denied Mr. West's request for a revised schedule. On both occasions, the reason given for the denial was that Mr. West arrived over 30 minutes late. Yet, the USPS has granted revised schedules to at least two Caucasian VMF employees who had no protected activity – one employee requested a modification over 30 minutes and the other arrived over 30 minutes late for work and allowed a revised schedule. Mr. West seeks the following additional evidence:

---

[1] Ex. 11, West Vol. 2 p.394:9-17. Ex. 42, Cowan Vol. 8 p.2185:12-15. Ex. 38, Green Vol. 8 p. 2350:6-9.
[2] Ex. 38, Green Vol. 10 p. 2948:1-21.
[3] Ex. 41.

6

1) interrogatory answer identifying all revised schedules provided to VMF employees who arrived over 30 minutes late; and 2) an examination of David Cook via deposition regarding his involvement with the January 25th denial.  Facts showing that the Postal Service granted revised schedules to employees who were over 30 minutes tardy are critical to showing pretext.  Further, Cook's instruction to Clark to deny Mr. West's request demonstrates the ongoing pattern of harassment by Cook.  If Cook denies so instructing Clark, then a genuine dispute to a material fact is created; and if he admits so instructing Clark, the motive for his instruction is in question.  Mr. West, therefore, respectfully requests permission to conduct the above-referenced discovery.  See also paragraph 9 of West Affidavit, Ex. 51.

### E.  DENIAL OF HIGHER-LEVEL CRAFT OPPORTUNITIES

Mr. West brings a claim for discriminatory and retaliatory non-promotion to permanent and temporary higher-level craft positions (Levels 8 & 9). First, Defendant selected Caucasian Stephen Clark for a permanent position of Lead Automotive Technician, Level 8.  Mr. West, Roland Johnson and David Lowe also applied and were deemed qualified.[4]  Cook interviewed all four candidates and selected Clark for the position; however, West possesses qualifications superior to Mr. Clark's.[5]  Mr. West wishes to depose Mr. Cook regarding his evaluation of his qualifications vis-à-vis Mr. Clark's qualifications and any other matters considered by Cook in making his selection decision.

---

[4] Ex. 50.
[5] Ex.50; Ex. 51, West 56(f) Affidavit ¶ 11.

Second, the USPS often details mechanics to higher-level craft positions and assigns them higher-level duties. According to the collective bargaining agreement, the USPS must make these assignments in order of seniority. Mr. West contends that the USPS has not made these higher-level craft assignment in compliance with the agreement, but rather has granted these opportunities to junior Caucasian mechanics, instead. Mr. West, therefore, needs information and records pertaining to these higher-level assignments to identify disparities in treatment and to establish loss in pay. Thus, Mr. West respectfully requests that the Court order the discovery identified at paragraph 11 of West's affidavit, Ex. 51.

## CONCLUSION

Because Mr. West has shown his need for discovery from the Defendant to establish his claims and demonstrate genuine disputes of material fact, particularly as it relates to disparate treatment, pretext and motive, he humbly requests leave to conduct limited discovery on the issues identified above.

Respectfully submitted,

Dated: January 31, 2007           By:_____/s/_____
                                  Teresa W. Murray
                                  **THE LAW OFFICE OF T.W. MURRAY**
                                  1025 Connecticut Avenue, N.W.,
                                  Suite 1000
                                  Washington, D.C. 20036
                                  Phone: 202-327-5477
                                  Fax: 202-327-5451