## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————

**KEVIN D. WEST,**                    )
                                      )
            Plaintiff,                )
                                      )
      v.                              )          Civil Action No.  05-1339 (JR)
                                      )
**JOHN E. POTTER,**                   )
**POSTMASTER GENERAL**                )
**U.S. POSTAL SERVICE**               )
                                      )
            Defendant.                )
———————————————————)

### PLAINTIFF KEVIN WEST'S REPLY TO DEFENDANT'S OPPOSITION
### TO PLAINTIFF'S 56(F) MOTION

Plaintiff, Kevin D. West, by and through undersigned counsel, hereby submits this Reply to Defendant United States Postal Service (hereinafter "Defendant" or "USPS")'s Opposition to his 56(f) Motion.    Although the Defendant essentially opposes Mr. West's 56(f) Motion by rehashing arguments made in its Motion for Summary Judgment, which Mr. West substantively countered in his Opposition, he addresses here some of the points raised by the Defendant that are factually and/or legally inaccurate.

### I.  ARGUMENT

#### A.  *Continual Denial of 204B Supervisory*

Plaintiff's 56(f) request for information and documents relating to supervisory 204B opportunities from 2001 to present is appropriate given his continuing violation allegation concerning these opportunities.  Mr. West first raised an allegation of discriminatory and retaliatory denial of 204B opportunities in June 2001, in Agency Case No. 4K-200-0220-01 when he learned that a Caucasian junior, less-experienced mechanic, Thomas Buchanan had

been secretly promoted temporarily to acting 204B supervisor on or around May 22, 2001.

Thereafter he discovered other instances where Caucasian mechanics with less seniority and

experience had been granted temporary promotions over him.  He raised these allegations again

in Agency Case No. 4K-200-0108-02 and therein stated that these unlawful acts were ongoing in

nature.  He asserted during the administrative phase that the denial of these supervisory

opportunities were continuing violations and similarly, asserts a continuing violation claim here.

See Complaint.  Indeed, Mr. West alleges, as the facts undisputedly support, that the USPS has

never granted him supervisory promotions or training, despite his repeated requests.

Accordingly, Mr. West seeks an opportunity to obtain from the USPS relevant documents – not

just representations presented by counsel in pleadings – concerning those mechanics in Southern

Maryland VMF who have been granted 204B opportunities and the reasons for their selections.

### B.  Non-Selection for Lead Automotive Technician, Level 8

Contrary to Defendant's assertion, Mr. West's claim concerning his nonselection for

Level 8 Lead Automotive Technician had not previously been adjudicated before an EEOC

Administrative Judge.  Thus, he did not previously have an opportunity to conduct discovery on

this issue.  In addition, Defendant admits that "[t]he legitimate non-discriminatory reason for

[Manager David] Cook's selection was that the selectee interviewed better than plaintiff."

Defendant's Opposition to 56(f) Motion (hereinafter "Opp") at 6, citing Cook's affidavit at 9.

Mr. West seeks to examine Cook regarding this purported rationale for purposes of establishing

pretext.  Whether Cook's explanation, once provided, is plausible or accurate is a question of

fact; thus, this evidence could establish pretext for discrimination and a genuine dispute as to a

material fact.

## C. Disciplinary Actions

Defendant argues that Mr. West should not be afforded discovery on the numerous disciplinary actions improperly taken against him because, as it contends, they were not discrete tangible employment actions.  Although this argument is more appropriately made in a dispositive motion, it is simply incongruent with Mr. West's hostile work environment claim. Mr. West claims that he was subjected to a hostile and abusive environment at the USPS VMF due to his race/color and protected activity.  Among the many acts, which comprise a severe and pervasive pattern of hostility against him, were several unfounded disciplinary actions.  See Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 42-47.  Mr. West need not show that he suffered a tangible employment action for purposes of establishing harassment; yet, he is merely required to show that the harassment affected a term, condition or privilege of employment. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)(quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986)); *Davis v. Coastal Int'l Sec., Inc.*, 275 F.3d 1119, 1122-23 (D.C. Cir. 2000)(citing *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997).  Clearly, suspensions from work affect a term and condition of employment; thus, the Court must reject this argument out of hand.

Moreover, Mr. West seeks discovery concerning similarly-situated employees who were not disciplined for similar "offenses". This evidence would create a genuine dispute as to the USPS management's motives for taking such actions against Mr. West while not taking like action against his co-workers.

Further, Defendant presents argument rather than evidence to oppose West's 56(f) request for discovery.  Defendant's presentation of several affidavits not only underscores the relevance of the information presented, but also its significance to the resolution of genuine

disputes in this case.  Mr. West will not reargue points made in his opposition to Defendant's summary judgment motion, but will speak to certain issues raised by the Defendant:

1. **June 2001 Letter of Warning/Memorial Day Holiday** – Defendant highlights the need for additional discovery to determine which employees are situated similarly to Mr. West.  Mr. West contends that all employees at Southern Maryland VMF are similarly situated to him for purposes of the disciplinary acts in question, since David Cook, the manager who issued the Letter of Warning to Mr. West manages employees at Largo I, Largo II and Riverdale.  If Mr. West's request for discovery on this point were granted by the Court, he believes it will provide the Court a means to determine which employees are proper comparators.

2. **Thanksgiving 2001** – Defendant mischaracterizes the events surrounding Mr. West's request for leave around Thanksgiving in the year 2001.  The conflict between West and USPS management was not simply a quarrel about the proper way to complete a Form 3971; rather, a USPS supervisor harassed Mr. West utilizing a mandatory holiday rule that was completely inapplicable to the situation given that Thanksgiving was not a mandatory holiday.  There is a genuine dispute concerning the motives behind these questionable activities and Mr. West asks for leave to conduct limited discovery on this dispute.

3. **Dr. Martin Luther King Holiday 2002 –** Mr. West seeks discovery surrounding his January 28, 2002 seven-day suspension for not reporting to work on the Dr. King holiday.  Again, Defendant misstates that Mr. West has previously had an opportunity to explore the USPS' rationale for its failure to discipline a Caucasian mechanic, David Lowe, for not reporting to work on the same holiday.  At the administrative

hearing, the USPS presented for the first time the rationale that Mr. Lowe had been on FMLA leave and had not advanced this theory or disclosed evidence in support of it, during discovery.  Mr. West asks the Court for an opportunity to gain discovery on this new theory prior to the resolution of the Defendant's dispositive motion.

### D.  Overtime

Defendant's response to Plaintiff's 56(f) request for information concerning the overtime opportunities denied him in October 2001 and April – July 2003 conspicuously omits the critical information Mr. West seeks.  Defendant states that there is no dispute regarding the individuals who worked overtime during these periods; however, there is no agreement on this point as Mr. West cannot dispute anything without data (clock rings) and information from the Defendant. Hence, he seeks an order from the Court directing the Defendant to provide this information to Plaintiff.

### E.  Higher-Level Craft Opportunities

Just like the USPS' continuing violation of Title VII by denying Mr. West supervisory training and details, the USPS commits another continuing violation by denying Mr. West temporary details to higher-level craft positions.  Mr. West has discovered that this ongoing practice has persisted since 2001 and is therefore requesting discovery from 2001 to the present. Defendant advances no credible defense to Mr. West's request in this regard.

### F.  Denial of Revised Schedules

Defendant attempts to defend against Mr. West's claim of discriminatory and retaliatory denial of revised schedules, or schedule modifications, by claiming that USPS supervisors need not grant requests that asks for a schedule adjustment over 30 minutes.  Mr. West seeks the identity of those employees who were granted revised schedules in excess of 30 minutes.

Although Mr. West is aware of two Caucasian VMF employees granted such revisions, John P. Miller and Thomas Sponaugle, he is unaware of other employees. Defendant mistakenly asserts that Mr. West must identify employees who received revised schedules over ½ hour; however, he is under no such obligation. The USPS, as with most employers, possesses attendance data and it is this data that Mr. West seeks to discover. This data will allow him the opportunity to compare his treatment with that of similarly-situated employees outside his protected class(es).

Also and again, Mr. West need not demonstrate that his denials of revised schedules resulted in monetary loss or otherwise rise to the level of a tangible employment action, for he is bringing the denial of revised schedule allegations in support and as part of his hostile work environment claim. See Opp. at 20-21. As such, he need only show that the harassment he suffered affected a term, condition or privilege of employment. *Infra*. Mr. West, therefore, seeks permission from this Court to obtain limited discovery regarding this portion of his harassment claim.

## II.  CONCLUSION

Because the Defendant has failed to present any sound factual or legal basis to deny Plaintiff Kevin West's 56(f) Motion, he respectfully requests that the Court grant his Motion and permit him limited additional discovery on the issues identified therein.

By:___/s/_____

Teresa W. Murray
**THE LAW OFFICE OF T.W. MURRAY**
1025 Connecticut Avenue, N.W.
Suite 1000
Washington, D.C., 20036
Phone: 202-327-5477
Fax: 202-327-5451

Counsel for the Plaintiff

Date: April 6, 2007