UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KEVIN WEST | : | |
|     Plaintiff | : | |
| v. | : | Civil Action No. 05-1339  (JR) |
| JOHN E. POTTER | : | |
|     Defendant. | : | |

RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE
IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Defendant respectfully submits this response to plaintiff's Statement of Material Facts in Dispute in Support of Opposition to Motion for Summary Judgment (Plaintiff's Disputed Facts).

**The Material Facts Submitted by Defendant Should Be Deemed Admitted.**

Local Rule 7(h) provides:

Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement. An opposition to such a motion shall be accompanied by **a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exist a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement**. Each such motion and opposition must also contain or be accompanied by a memorandum of points and authorities required by sections (a) and (b) of this Rule. In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

 "If the party opposing the motion fails to comply with this local rule, then 'the district court is under no obligation to sift through the record' and should instead . . . deem as admitted the moving party's Rule [7(h)] statement." *Securities and Exch. Comm'n v. Banner Fund Int'l*, 211

1

F.3d 602, 616 (D.C. Cir. 2000) (internal citations omitted).

Section II of plaintiff's statement of disputed facts contains no references to the parts of the record relied on to support the statement with one exception, paragraph II.b. Defendant does not dispute paragraph II.b. Therefore with the exception of II.B., section II does not comply with the local rule, and the alleged disputed facts should be disregarded by the Court.

Section I, plaintiff's response to defendant's statement of material facts, fails to put any material facts in dispute.

1, 2, 3,4,5, 6. Plaintiff's response does not dispute the facts stated and does not cite to any evidence disputing the fact stated, it merely contains conclusionary arguments.

7. Plaintiff does not dispute the fact stated but comments on defendant's use of the initials "J.M." Defendant uses initials because defendant is sensitive to the privacy interests of a person not a party to this litigation concerning arguably derogatory or embarrassing information.

8. Plaintiff does not dispute the fact stated. Plaintiff admits "West secured approval for 8 hours annual leave. . . ." Plaintiff's Disputed Facts at ¶8.

9, 10, 11  Plaintiff does not dispute the fact stated. He only offers argument.

12. Not disputed.

13. Plaintiff says that he disputes the statement in defendant's material fact number 13 that Cook initially granted the request for dependant care pending documentation. However, he offers no evidence to contradict the referenced June 17 AWOL Exhibit ROI '220-01 at p. 55, which shows that in the "official action" block  approval "pending documentation" is checked off and that the disapproved block is checked off with the reason given as "no doc. provided."

14. Although plaintiff disputes that there was a "need" to provide documentation, he

does not dispute that that was the topic which Mr. Cook was attempting to discuss with him. Although plaintiff alleges that other things occurred in addition to attempting to have a discussion, he does not deny that Mr. Cook attempted to have such a discussion with him.

15-17.  Plaintiff does not offer any claimed dispute to these statements.

18.  Although plaintiff disputes whether Mr. Cook's actions were just and in compliance with the collective bargaining agreement, plaintiff does not dispute that Mr. Cook sent him home in a non-pay, non-duty status pursuant to Article 16.7 of the agreement.

19-25.  Plaintiff does not dispute the facts stated.  He disagrees with the "implication" that he received notice on June 26.  However, the facts do not state that he received notice, only that the notice was delivered to his home.  Whether or not plaintiff believes the discipline was justified, he has not disputed that he was issued a suspension letter.

26.  Not disputed.

27-30.  Plaintiff does not dispute the facts stated.  He only offers argument.

31-33.  Plaintiff does not dispute the facts stated.  He only disputes the alleged "implication" of the facts and argues that he was harassed.

34-40.  Plaintiff does not dispute the facts stated.  Plaintiff asserts that Mr. Cook, and not Mr. Green approved plaintiff's use of 24 hours of leave during the MLK holiday period.  He cites to his footnote 32: Ex 39, Charge 31/Ex 16.  The first document in exhibit 39 is labeled Ex 15 and shows Mr. Cook signing as the person "recording absence" and not as the supervisor approving.   The second document, labeled Ex 16 is Ms. Childs' leave slip for November 10, 2001. Therefore, plaintiff offers no record support for his asserted dispute.   Plaintiff recites that Mr. Lowe was absent during the MLK holiday and  asserts that there is a question of fact "with

regard to whether the USPS actually requires *in practice*, 24 hours of leave to be taken in order for an employee to not report during a mandatory period."  There is no disputed fact that Mr. Lowe was absent during that holiday.  Plaintiff attempted at the administrative level to show evidence of discrimination/retaliation because clock rings indicate that Mr. Lowe did not report to work on Sunday, the 27th and was not disciplined.  Cook:Admin Tr. at p. 1089.  However, plaintiff and Mr. Lowe were not similarly situated because Mr. Hill was Mr. Lowe's supervisor, and not Mr. Cook.  See *Id*. at p. 1090 and Lowe: Admin Tr. at p. 2824.

Mr. Lowe testified that he did not report on May 27 and 28 because he had a pre-approved leave slip from Mr. Hill under the Family Leave Act. Lowe:Admin Tr. at 2836-37.

41-42.  Plaintiff does not dispute the facts stated, only their "relevance."

43-44.  Plaintiff does not dispute the facts stated.  Rather plaintiff argues that alleged exceptions to the memorandum of understanding show pretext on the part of Mr. Green.

Plaintiff contends that he was discriminated against because another individual, Mr. Sponaugle, was allowed a revised schedule on February 11, 2002.  However, Mr. Sponagle was not similarly situated to plaintiff.  Mr. Sponaugle was not late for work on that day.  On February 7, 2002, Mr. Sponaugle had submitted an advance request to revise his schedule on February 11, so that he could begin work early.  West Ex. 53.   Mr. Green was the supervisor notified of the request and Mr. Cook approved it.  *Id.*  Plaintiff has submitted evidence supporting his statement concerning Mr. Miller.  Footnote 36 does not cite to an Exhibit in the bulky exhibits.

45-47.  Plaintiff does not dispute the facts stated.  Rather he disputes the "rationale" of the collective bargaining agreement provision.

48-51.  The only stated fact that plaintiff says he disputes is the statement that Mr. Green

4

believed that only one employee could be off during that week. In support of his dispute, plaintiff cites to an arbitration award decision in 2004, two years afer the events in question. Defendant does not dispute the existence of the decision. Nor does defendant dispute that the other mechanics were off. However, as reflected in Mr. Green's deposition testimony those individuals were under the supervision of another individual. Ex. 26  12/16/03 Depo. at p. 29:1-31:5.

      52-57. Plaintiff does not dispute the facts stated, only their "relevance."

      58. Plaintiff does not dispute that he was given an order and refused it, or that Mr. Green placed him in a on-pay status, and that the reason given was insubordination. Thus, he does not dispute the facts stated. Rather plaintiff argues about whether or not his refusal of the order was in fact insubordination.

      59. Plaintiff does not dispute the facts, only the relevance of the fact that he was to be compensated for all hours lost and was allowed to makeup overtime.

60. Plaintiff does not dispute the facts stated.  He only submits argument.

                          Respectfully submitted,

                          JEFFREY A. TAYLOR, D.C. Bar #498610
                          United States Attorney

                          _____
                          RUDOLPH  CONTRERAS, D.C. Bar #  434122
                          Assistant United States Attorney

                          _____
                          RHONDA C. FIELDS
                          Assistant United States Attorney
                          Civil Division
                          555 Fourth Street, N.W.
                          Washington, D.C.  20530
                          202/514/6970