IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEVIN D. WEST, )
)
   Plaintiff )
) Civil Action No. 01-0746
v. )
) Judge James Robertson
JOHN E. POTTER, )
POSTMASTER GENERAL )
UNITED STATES POSTAL SERVICE )
Headquarters )
475 L'Enfant Plaza, SW )
Washington, DC 20260 )
)
   Defendant. )
_____ )

## DECLARATION OF DAVID E. COOK

I, David E. Cook, being of sound mind and having attained the age of majority, hereby declare as follows:

1. The statements made herein are based upon my personal knowledge, upon information made available and obtained by me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith. I am a white male.

2. I am employed as the Manager for the Vehicle Maintenance Facility Largo I, ("VMF"), located in Capitol Heights. From June, 2000 through August, 2002, Timothy Currie was the District Manager for the Vehicle Maintenance Facilities located throughout the Capital District. I have been the supervisor for Kevin West, the Plaintiff in this case, for at least the period January, 1999 through December, 2000. I have 17 years of

0000000043

management and supervisory experience with the U.S. Postal Service ("USPS" or "Postal Service"). I have attended over 12 hours of formal EEO classroom training. I have also had extensive hours of informal EEO training consulting with Human Resources Managers.

3. Plaintiff Kevin West has been employed as a Level PS-06 Vehicle Mechanic at the VMF at least through the period 1999 through December, 2000. At no time prior to September 7, 2000, was Mr. West ever permanently promoted to the position of Level PS-07 Lead Automotive Mechanic at the VMF. In the year 2000, Mr. West served as Acting Lead Mechanic and Vehicle Analyst, Level 07 on a temporary appointment basis only. Specifically, he served as a Lead Automotive Mechanic, Level PS-07, from July 12-16, 1999; August 16-20, 1999; August 27-31, 1999 and August 7-11, 2000. He also served as a Vehicle Analyst, Level PS-07 from January 5 through March 16, 2001. These temporary appointment decisions were made as necessary to cover temporary absences of the regular Level 07 team leader.

4. On September 6, 2000 I had a discussion with District Manager Timothy Currie regarding a report by a female shopkeeper at the VMF concerning a sexual harassment claim that she filed against Kevin West.

5. Prior to September 6, 2000, I was notified by at least 3 of Mr. West's co-workers who were also under my supervision, that Mr. West had trouble communicating and relating to his co-workers, especially when he acted in

00000000044

a supervisory capacity. The reports were that he argued with people and criticized them unnecessarily.

6. In my discussions with District Manager Currie, I never informed him about Mr. West's prior EEO filing record. I was not aware that District Manager Currie intended to reassign Mr. West from acting as Lead Mechanic until after Manager Currie met with Mr. West on September 7, 2000.

7. Of the 20 EEO claims that Kevin West has filed while working at the VMF, none of them resulted in a finding of discrimination by the Postal Service.

8. On September 7, 2000, Mr. West informed me that he would not attend a training assignment that he was scheduled to attend in Norman, Oklahoma on September 11 through September 22, 2000. He claimed that traveling by air back to Washington on September 22, 2000, on the same day as the final day of classes, posed a "safety hazard" to him. The final day of classes consisted of approximately 3 hours of classes. I informed him that without a note from his doctor documenting his medical condition or the "safety hazard", that he would be required to attend the training as scheduled. Mr. West informed me that he already had a doctor's note on file with the Medical Unit concerning his inability to attend the training. I checked with the Medical Unit and was informed that this was not true.

9. I had excused Cleveland Mansfield from attending the same training session because he produced a doctor's authorization showing that he

was unable to attend. Mr. West never produced any such authorization and the Occupational Safety Office advised me that Mr. West had not produced any information to justify his statement that flying back on the final day of classes, posed a "safety hazard".

10. Seven months earlier, I approved a similar request made by Mr. West, to authorize him to fly back one day later and to have the Postal Service pay for an extra day's lodging, because Mr. West had made the request at the last minute and the safety office did not have time to fully evaluate Mr. West's request. Because time was short, the safety office advised me to just go ahead and approve the request for expediency's sake.

11. I told Mr. West prior to September 11, 2000, that if he did not attend as scheduled that this would result in a loss of over $1,000 to the Postal Service. This was the figure that was provided to me by the Postal Service training office. I also told Mr. West that he could stay the extra day at his own hotel expense of approximately $50, which he refused to do. Mr. West was not required to work on the day of his return.

12. On September 11, 2000, Mr. West failed to report to the Norman, Oklahoma training as scheduled. On September 22, 2000 I issued Mr. West a letter of warning ("LOW") for his failure to attend. Pursuant to a Step 2 grievance settlement, the LOW was removed from Mr. West's file after 6 months.

13. I never treated Mr. West differently than other employees under my supervision on the basis of his race or color. Preston Miller was a white

employee under my supervision during 1999 and 2000. I did not discipline him for numerous absences during this time period because he promptly notified me of his absences and was never AWOL. Mr. Miller also reported late to work on numerous occasions where I did not discipline him but this is also true of several African-American employees. It was a regular practice for the employees to stay late or make up any missed time. Because vehicle repair work is usually not required to be done at a specific time, this practice was acceptable to me.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed in Capitol Heights, MD this 13th day of November, 2002.

*David E. Cook*
David E. Cook

0000000047