UNITED STATES POSTAL SERVICE
EQUAL EMPLOYMENT OPPORTUNITY CASE
IN THE MATTER OF:

Kevin D. West
Complainant,

Agency No. 4K-200-0131-06

v.

Filed on: May 2, 2006

John E. Potter,
Postmaster General,
c/o Capital Metro Area Operations
Respondent.

## Notice of Final Agency Decision

This is the final agency decision of the U. S. Postal Service regarding your complaint of discrimination identified above. In that complaint, you alleged discrimination based on race (African American) and in retaliation for prior EEO complaint activity when: 1) you became aware on February 22, 2006, that you had been denied an opportunity for a management training detail; 2) on February 29, 2006 (sic), you were denied the opportunity for a detail to a higher level position; and 3) on April 26, 2006, you became aware that you had been denied the opportunity to act as Supervisor on March 21, 2006, and on April 20, 2006.

An Equal Employment Opportunity Investigator processed your complaint, and a copy of the Investigative Report was subsequently transmitted to you on July 6, 2006. Following receipt of that report, you had 30 days in which to request a hearing before an Administrative Judge (AJ) of the Equal Employment Opportunity Commission (EEOC) or a final agency decision without a hearing. As you failed to request either a hearing or final agency decision without a hearing, this decision is being issued in accordance with EEOC Regulation 29 C.F.R. 1614.110(b).

Applicable Law

The United States Supreme Court established a burden-shifting framework for analyzing claims of discrimination in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and subsequently refined that analysis in *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981). The *McDonnell Douglas* and *Burdine* approach involves a three-step process when a complainant alleges intentional discrimination (commonly referred to as a "disparate treatment" claim). The complainant alleging discrimination must first demonstrate that there is some substance to his or her claim. To satisfy this

Final Agency Decision
Kevin D. West
Case No. 4K-200-0131-06
Page 2

burden, the complainant must establish by a preponderance of the evidence a *prima facie* case of discrimination on the alleged basis. *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 576 (1978). A complainant may establish a *prima facie* case of discrimination with circumstantial evidence by showing that he or she (1) belonged to a protected class; (2) was subjected to an adverse employment action; and (3) was treated differently in this regard than similarly situated individuals who were not members of the protected group. *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995); *Mitchell v. Toledo Hospital*, 964 F.2d 577, 582-83 (6th Cir. 1992).

Once a *prima facie* case is established, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its action. *Furnco Construction Co.*, 438 U.S. at 578. See also *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506 (1993). The employer does not have to persuade the trier of fact that the proffered reason was its actual motivation but merely needs to raise a genuine issue of fact as to whether it discriminated against the complainant. *Burdine*, 450 U.S. at 254. If the employer meets this burden, any presumption of discrimination created by the *prima facie* case disappears; it simply "drops from the case." *Hicks*, 509 U.S. at 507; *United States Postal Service v. Aikens*, 460 U.S. 711, 715 (1983). The complainant can then prevail only if he or she proves that the employer's reasons are not only pretext but are pretexts for discrimination. *Hicks*, 509 U.S. at 507, 516; *Nichols v. Grocer*, 138 F.3d 563, 566 (5th Cir. 1998); *Swanson v. General Services Administration*, 110 F.3d 1180, 1185 (5th Cir. 1997). Thus, the complainant cannot create a factual issue of pretext based merely on personal speculation that there was discriminatory intent. *Southard v. Texas Board of Criminal Justice*, 114 F.3d 539, 555 (5th Cir. 1997). The complainant always carries the "ultimate burden of persuading the trier of fact that he has been the victim of intentional discrimination." *Burdine*, 450 U.S. at 254; *Hicks*, 509 U.S. at 511.

At all times, the ultimate burden of persuasion remains with the complainant. *Board of Trustees of Keene College v. Sweeney*, 439 U.S. 24, 25 N.2 (1978). This burden was reaffirmed and clarified in *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993). In *Hicks*, the Court held that in order to impose liability upon an employer for discriminatory employment practices there must be an ultimate finding of unlawful discrimination regardless of whether or not the employer's explanation for its action was believable.

Retaliation

To establish a *prima facie* case based on reprisal, a complainant must show that: (1) he/she engaged in prior protected activity; (2) the agency official was aware of the protected activity; (3) he/she was subsequently disadvantaged by an adverse action; and (4) there is a causal link between the protected activity and adverse action. *Hochstadt v. Worcester Foundation for Experimental Biology, Inc.*, 425 F. Supp. 318, 324 (D. Mass), aff'd 545 F.2d 222 (1st Cir. 1976); *Manoharan v. Columbia University College of Physicians and Surgeons*, 842 F.2d 590, 593 (2nd Cir. 1988); *Witmire v. Department of the Air Force*, EEOC Appeal No. 01A00340 (September 25, 2000). The causal connection may be inferred by evidence that the protected conduct was closely followed by the adverse action. *Grant v. Bethlehem Steel Corp.*, 622 F.2d 43 (2nd Cir.

Final Agency Decision
Kevin D. West
Case No. 4K-200-0131-06
Page 3

1980). In addition, in *Gunther v. County of Washington*, 623 F.2d 1303, 1316 (9th Cir. 1979), aff'd 452 U.S. 161 (1981), the court held that essential to the link between protected activity and adverse action is showing that the official taking action was aware that the complainant engaged in protected activity. To support a finding of unlawful retaliation, there must be proof that the agency official(s) took the action at issue because of complainant's prior protected activity and sought to deter complainant or others. EEOC Compliance Manual on Retaliation, No. 915.003 (May 20, 1998), p. 8-16.

Any harassment of an employee that would not occur but for the employee's previous EEO activity may violate Title VII if sufficiently patterned or pervasive. *McKinney v. Dole*, 765 F.2d 1129, 1138 (D.C. Cir. 1985). For harassment to be considered retaliatory conduct in violation of Title VII, it must be sufficiently pervasive or severe as to create a hostile work environment that significantly and adversely affects the emotional or psychological well-being of the employee, and must somehow be connected to that employee's previous EEO activity. See *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1412-1413 (10th Cir. 1987); *Gilbert v. City of Little Rock, Ark.*, 722 F.2d 1390, 1394 (8th Cir. 1983); *Henson v. City of Dundee*, 682 F.2d 897, 904 (11th Cir. 1982); *Bundy v. Jackson*, 641 F.2d 934, 943-944 (D.C. Cir. 1981); *Rogers v. EEOC*, 454 F.2d 234, 238 (5th Cir. 1971).

Procedural and Factual Background

At all times relevant to the issues in this complaint, you were employed as a Full Time Automotive Technician, assigned to the Capital Heights/Largo Vehicle Maintenance Facility, having entered on duty June 16, 1990. (ROI; EXH 1)[1] You have alleged that management officials of the Vehicle Maintenance Facility subjected you to intentional discrimination on the bases of race (African American) and in retaliation for prior EEO complaint activity when: 1) you became aware on February 22, 2006, that you had been denied an opportunity for a management training detail; 2) on February 29, 2006, you were denied the opportunity for a detail to a higher level position; and 3) on April 26, 2006, you became aware that you had been denied the opportunity to act as Supervisor on March 21, 2006, and on April 20, 2006.

Specifically, in your affidavit provided June 10, 2006, relative to Claim 1 you testified that you became aware on February 22, 2006 that Automotive Mechanic John Bowser (Caucasian) was on a higher level detail at the Riverdale Vehicle Maintenance Facility (VMF) for management training. You assert that no notification of an available higher level detail to the Riverdale VMF was ever posted. You stated that you had previously submitted written requests to David Cook, Manager, VMF Operations, to be considered for higher level assignments to the Largo and Riverdale VMFs. [NOTE: According to an Investigator's Note contained in the file, you submitted a request for detail assignments on February 23, 2006, after having been made aware of the February 22, 2006 detail. The file also reflects evidence of a prior request for detail assignments via letter submitted May 10, 1999.] You assert that both Mr. Cook and your immediate supervisor, Gregory Absher, are intentionally discriminating against African Americans

---

[1] ROI refers to the Report of Investigation; AFF refers to the Affidavit(s); and EXH denotes the Exhibit(s).

Final Agency Decision
Kevin D. West
Case No. 4K-200-0131-06
Page 4

relative to higher level assignments. You point out that fellow African American employees Chris Simmons and Roland Johnson have also sought higher level assignments since 2001 and have not received such. You stated that, on the other hand, Caucasian comparative employees John Bowser and David Lowe have been provided several opportunities for higher level assignments.

In Claim 2, you assert that you were informed on February 29, 2006 (sic) that John Bowser was taking the detail assignment at the Riverdale VMF that was previously held by Automotive Technician David Lowe. Again, in related Claim 3, you assert that you became aware on April 26, 2006, that John Bowser had served as Acting Supervisor, VMF Operations on March 21, 2006, and again on April 20, 2006, and that you were not given consideration. You assert that Manager Cook and Supervisor Absher are unfairly prepping Bowser for a Supervisor, VMF position. You also assert that, in addition to your race, your history of prior EEO involvement has factored into management's decisions relative to denying you higher level assignments. (AFF A; EXHS 2, 3)

David Cook (Caucasian), Manager, Capitol Heights Largo Vehicle Maintenance Facility, provided an affidavit response to your allegations. He testified that he was the sole management official responsible for the assignment of John Bowser to the temporary detail assignments in question to the Riverdale VMF. He stated that the initial assignment in question was to cover a four-day absence for the supervisory position at Riverdale; it was not an assignment posted for detail. Mr. Cook stated that he only considered those individuals who had experience as a team leader, supervisory training or experience for the assignment. He asserted that you had no such training or experience and that John Bowser possessed the desired training; therefore, Bowser was selected for the assignment.

In response to your claims relative to the detail assignments near the end of February 2006, March 21, 2006, and April 20, 2006, Mr. Cook again asserted that he only considered those individuals for the assignments who had the necessary experience, either as a team leader or in a supervisory training role. He averred that you had no such experience or training, thus, he selected John Bowser for the assignments because of his prior supervisory training. Mr. Cook indicated that the decisions relative to detail assignments were strictly his and that there were no other involved management officials. He pointed out that the March 21, 2006 and the April 20, 2006 assignments were for one-day vacancies. In response to your allegations that African American coworkers Chris Simmons and Roland Johnson have also been denied upward mobility opportunities, Mr. Cook denied that such is the case. He testified that Employee Simmons has recently requested upward mobility training, which he discussed with him on June 9, 2006, although the request was not submitted in writing. He asserted that he has not received a request for upward mobility from Employee Johnson. Mr. Cook contended that race has not been a factor in the detail selections. He also asserted that, although he is aware of your participation in the EEO complaint process, knowledge of such involvement has not influenced his decisions. He further stated that he is unaware of participation in the EEO complaint process by employees Simmons and Johnson. (AFF B; EXHS 2, 4, 5, 6)

Final Agency Decision
Kevin D. West
Case No. 4K-200-0131-06
Page 5

Affidavit testimony was also secured from Gregory Absher (Caucasian), Supervisor, Vehicle Maintenance at the Capitol Heights Largo VMF relative to his involvement. Mr. Absher testified that he served as your immediate supervisor; however, he was not involved in the decisions to deny you higher level details. He stated that you submitted a request to him via letter dated February 23, 2006, to be considered for future detail assignments and that he forwarded the request on to Manager Cook for consideration. Mr. Absher acknowledged that he was aware of your prior involvement in the EEO complaint process; however, he stated that he was not named as an involved management official in prior complaints filed by you. He reiterated that he did not make the decisions relative to higher level detail assignments. (AFF C; EXHS 2, 4)

Affidavits were also secured from African American coworkers Roland Johnson and Chris Simmons relative to their attempts at upward mobility. Roland Johnson, Vehicle Operations Maintenance Assistant, testified that he has requested higher level training in both craft and management positions. He contends that he submitted a written request to David Cook in 2004; however, to date, he has not received any training or detail assignments relative to his request. Chris Simmons, Automotive Technician, testified that he has requested upward mobility and supervisory training from prior VMF management on several occasions; however, he has not received it. He stated that he recently submitted a written request to David Cook concerning same and that Mr. Cook met with him recently and indicated that he would check into the possibility of some classes for him. (AFFS D, E)

As earlier indicated, Mr. Cook denied that he has received a request for upward mobility from Employee Johnson. He testified that Employee Simmons has recently requested upward mobility training, which he discussed with him on June 9, 2006. (AFF B)

NOTE: Exhibit 8 of this investigative file reflects that David Cook was one of the management officials to whom a request for upward mobility consideration was made by Employee Johnson on September 21, 2004. (EXH 8)

*Prima Facie* Case Analysis

Returning to the legal analysis stated above, the *McDonnell Douglas/Burdine* analytical paradigm need not be adhered to in all cases. In appropriate circumstances, when the agency has established legitimate, nondiscriminatory reasons for its conduct, the trier of fact may dispense with the *prima facie* inquiry and proceed to the ultimate stage of the analysis, i.e. whether the complainant has proven by preponderant evidence that the agency's explanations were a pretext for actions motivated by prohibited discriminatory animus. See *United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 713-14 (1983); *Padilla v. Department of the Air Force*, EEOC Request No. 05940634 (June 27, 1995); *Hernandez v. Department of Transportation*, EEOC Request No. 05900159 (June 28, 1990); *Peterson v. Department of Health and Human Services*, EEOC Request No. 05900456 (June 8, 1990); *Washington v. Department of the Navy*, EEOC Petition No. 03900056 (May 31, 1990).

Final Agency Decision
Kevin D. West
Case No. 4K-200-0131-06
Page 6

In the matter at hand, David Cook has testified that he was the sole management official responsible for awarding the detail assignments in question to John Bowser. He testified that his decisions were based on the fact that Mr. Bowser had the desired management training and work experience for the detail assignments, whereas you did not. In a related response to your claims of having been denied detail assignments, on March 22, 2006, Mr. Cook asserts that you declined to fully participate in a non-bargaining training assignment that was available to you in 2001. He further asserts that, prior to your recent request for upward mobility dated February 23, 2006; he had not received another request from you since the 2001 training. It is noted that in your affidavit, you aver that Mr. Cook's statement relating to the 2001 training is false; however, you did not assert that you completed the training in question. (AFFS A, B; EXH 5)

In reviewing the contents of the investigative file in totality, the evidence does not reflect that you have proven by preponderant evidence that Mr. Cook's explanations for not selecting you for the temporary detail assignments were pretext for actions motivated by prohibited discriminatory racial animus. See *Aikens, supra*.

I now turn to your claim of reprisal or retaliation as it relates to the detail assignments. As earlier indicated in this decision letter, in order to establish a *prima facie* case based on reprisal, a complainant must show that: (1) he/she engaged in prior protected activity; (2) the agency official was aware of the protected activity; (3) he/she was subsequently disadvantaged by an adverse action; and (4) there is a causal link between the protected activity and adverse action. *Hochstadt v. Worcester Foundation for Experimental Biology, Inc., supra*.

Evidence of record establishes the fact that you have previously engaged in the EEO complaint process on at least 22 other occasions, with the most recently one having been filed on April 18, 2005 (4K-200-0099-05) concerning denial of a revised work schedule request. The responsible management official in this complaint, David Cook, testified that he was aware of your prior EEO involvement. (AFF B; EXH 2) It may also be stipulated that the denial of upward mobility detail opportunities constituted adverse employment actions against you. Thus, you have satisfied the first three requirements of a *prima facie* case of retaliatory animus. Notwithstanding, however, you have not satisfied the final required element, that is, to show a causal link between your having previously engaged in protected EEO activity and the denial of detail assignments brought forth in this complaint. In the case of *Clark County School District v. Breeden*, 2002 WL 402573 (SCT 2001), the U.S. Supreme Court held that to establish nexus, the temporal proximity must be "very close," citing *O'Neal v. Ferguson Construction Co.*, 237 F.3d 1248, 1253 (CA 10 2001); *Richmond v. Oneok, Inc.*, 120 F.3d 205, 209 (CA 10 1997)(3-month period insufficient); *Hughes V. Derwinski*, 967 F.2d 1168, 1174-1175 (CA 7 1992)(4-month period insufficient).

Additionally, the EEOC is relying on shorter proximity time periods, i.e. 3-4 months. *Brown v. Department of Defense*, EEOC Appeal No. 01990413 (February 13, 2002); *Lombardo v. United States Postal Service*, EEOC Appeal No. 01996935 (April 4, 2002);

Final Agency Decision
Kevin D. West
Case No. 4K-200-0131-06
Page 7

*Turner v. United States Postal Service*, EEOC Appeal No. 01A03220 (February 21, 2003); *Turner v. Department of Defense*, EEOC Appeal No. 01A21018 (May 29, 2003); *Lynch v. United States Postal Service*, EEOC Appeal No. 01A24705 (August 14, 2003). In *Buggs v. Powell*, 293 F. Supp. 2d 135 (D.D.C. 2003), the U.S. District Court for the District of Columbia states that while courts have not established the maximum time lapse between protected activity and alleged retaliatory actions for establishing causal connection, courts generally have accepted time periods of a few days up to a few months and seldom have accepted time lapses outside of a year in length. Further, the District Court stated that the cases cited by the *Breeden* Court seem to suggest that if a plaintiff relies upon temporal proximity alone to establish causation, the time span must be less than three months.

Thus, I find that the approximate 10-month lapse between the filing of Case No. 4K-200-0099-05 on April 18, 2005, and the initial incident of February 22, 2006 brought forth in this complaint, to be too long a period to establish the required causal connection. Consequently, your claim of retaliatory animus regarding the matters brought forth fails.

Assuming for argument's sake only, that you have somehow established a *prima facie* case of reprisal discrimination, management articulated a legitimate, nondiscriminatory reason for the action taken. As earlier indicated, Mr. Cook testified that he selected John Bowser for the detail assignments because he possessed the desired supervisory training and experience, whereas, you did not. To satisfy your ultimate burden to establish pretext, therefore, you must demonstrate that "but for" engaging in the protected activity you would not have been denied the detail opportunities in question. See *Medina*, 2001 U.S. App. LEXIS at 22. This you have also failed to do.

Conclusion

Therefore, after carefully considering the entire record, and applying the legal standards outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); and *Hochstadt v. Worcester Foundation for Experimental Biology, Inc.*, 425 F.Supp. 318 (D.Mass), aff'd 545 F.2d 222 (1st Cir. 1976) (applying the standard to reprisal cases); I find that you have failed to prove that you were subjected to discrimination as alleged. Consequently, your case is now closed with a finding of no discrimination.

Appeal to the EEOC

You have the right to appeal the Postal Service's final decision to the Director, Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), P.O. Box 19848, Washington, DC 20036-9848, within 30 calendar days of your receipt of this decision. You must use Form 3573, a copy of which is enclosed, in connection with your appeal. You may also deliver your appeal in person or by facsimile provided that briefs filed by facsimile are ten or fewer pages in length. Any supporting statement or brief must be submitted to the EEOC within 30 calendar days of filing the appeal. Along with your appeal, you must submit proof to the EEOC that a copy of the appeal and any supporting documentation or brief was also submitted to the Executive Manager,

Final Agency Decision
Kevin D. West
Case No. 4K-200-0131-06
Page 8

National EEO Investigative Services Office, USPS, P. O. Box 21979, Tampa, FL 33622-1979. You are advised that if you file your appeal beyond the 30-day period set forth in the Commission's regulations, you should provide an explanation as to why your appeal should be accepted despite its untimeliness. If you cannot explain why your untimeliness should be excused in accordance with 29 C.F.R. 1614.604, the Commission may dismiss the appeal as untimely.

Right to File Civil Action

Alternatively, if you are dissatisfied with the Postal Service's final decision in this case, you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the Postal Service's final decision, within 90 calendar days of the EEOC's final decision on any appeal, or after 180 days from the date of filing an appeal with the EEOC if no final decision has been rendered. If you choose to file a civil action, such action should be captioned **Kevin D. West v. John E. Potter, Postmaster General**. You may also request the court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or security. Whether these requests are granted or denied is within the sole discretion of the District Judge. Your application must be filed within the same 90-day time period for filing the civil action.

_____          7/15/06
Rose Marie Jones                   Date
EEO Services Analyst
NEEOISO
P. O. Box 21979
Tampa, FL  33622-1979

Enclosure:  Appeal Form 3573

cc:

**COMPLAINANT:**

Kevin D. West        Delivery Confirmation No. 0306 1070 0004 2893 2324
831 Chatsworth Drive
Accokeek, MD 20607-2032


**AGENCY:**

Manager, EEO Compliance & Appeals
Capital Metro Office
P. O. Box 1730
Ashburn, VA 20146-1730


Manager, Human Resources
U. S. Postal Service
Capital District
900 Brentwood Rd., NE
Washington DC 20066-5319