UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
**KEVIN D. WEST,**                 )
                                   )
       Plaintiff,                )
                                   )
       v.                        )   Civil Action No.  05-1339 (JR)
                                   )
**JOHN E. POTTER,**                )
**POSTMASTER GENERAL**             )
**U.S. POSTAL SERVICE**            )
                                   )
       Defendant.                )
_____)

## PLAINTIFF'S AMENDED PRETRIAL STATEMENT

Plaintiff Kevin West, by and through undersigned counsel hereby submits this Amended Pretrial Statement. Trial is set to commence on March 10, 2008.

**I.  STATEMENT OF THE CASE**

*A.  Nature of the Case*

This case concerns race discrimination and retaliation in federal employment. Kevin West is an African-American man who has been employed by the U.S. Postal Service's Vehicle Maintenance Facility as an automotive mechanic for nearly 18 years. For the last eight of those years, he has suffered numerous, discriminatory and retaliatory acts, at the hands of his supervisors.

A former top Agency manager openly regards African-American postal employees as "lazy," "stupid," "worthless," and "hard-headed" and has previously been found guilty of employment discrimination.  This manager and his subordinate managerial employees

have disciplined Mr. West over six times, denied him overtime and continuously refuse him promotion and training, while affording promotions, training, leave and overtime to similarly-situated, Caucasian employees who lack the qualifications and seniority for the promotions.  At trial, a jury will determine whether the USPS' actions were motivated by Kevin West's race.

In addition, Mr. West alleges that USPS officials were improperly motivated by retaliation.  Mr. West opposed many of the Defendant's discriminatory actions by filing a lawsuit and several EEO complaints.  Because of this, Agency managers called West a "problem," a "troublemaker" and the "boy who cried wolf."  Following West's protected conduct of filing complaints, USPS managers instituted disciplinary actions against West, denied him leave and overtime.  Indeed, the former head of the VMF has vowed to block West's advancement within the Agency.  A jury will decide at trial whether the USPS retaliated against West for his EEO activity.

Mr. West contends that the Postal Service exhibited a reckless disregard for his statutory rights that resulted in substantial economic losses as well as emotional distress.  To enforce his federal civil rights, Mr. West filed complaints of discrimination, which the USPS has investigated and are ripe for adjudication in the instant lawsuit.  And in so doing has incurred significant legal fees and costs for which he seeks an award in this action.

### B. *Identity of the Parties*

The parties in this action are Plaintiff Kevin West, an employee of Defendant United States Postal Service (USPS).

### C. *Jurisdiction*

The Court has jurisdiction over this matter pursuant to 28 U.S.C § 1331; 42 U.S.C § 2000e-5(f)(3); and 29 CFR § 1614.407.

## II. STATEMENT OF CLAIMS

Mr. West brings the following claims against the Defendant under Title VII of Civil Rights Act of 1964 as amended, 42 U.S. C. §§ 2000e *et seq.:*

A. ***Race Discrimination*** - disparate treatment in terms, conditions and privileges of employment due to race including continual denial of temporary detail to 204B acting supervisor; continual denial of supervisory training with higher-level pay, since his May 1999 request; denial of temporary promotions to higher-level, higher-paying lead mechanic positions; denial of permanent promotions to Supervisor on at least five separate occasions; denial of promotion to Lead Automotive Technician, PS-08; denial of overtime opportunities and pay in October 2001 and April – July 2003; denial of revised schedules and forced use of annual leave on February 11, 2002 and January 25, 2005; and six or more unjust and excessive disciplinary actions.

B. ***Retaliation*** –disparate treatment in terms, conditions and privileges of employment due to protected activities, including continual denial of temporary detail to 204B acting supervisor; continual denial of supervisory

    training with higher-level pay, since his May 1999 request; denial of temporary promotions to higher-level, higher-paying lead mechanic positions; denial of permanent promotions to Supervisor on at least five separate occasions; denial of promotion to Lead Automotive Technician, PS-08; denial of overtime opportunities and pay in October 2001 and April – July 2003; denial of revised schedules and forced use of annual leave on February 11, 2002 and January 25, 2005; and six or more unjust and excessive disciplinary actions

Defendant brings no counterclaims against Plaintiff.

### III. STATEMENT OF DEFENSES

Defendant denies Plaintiff's claims. *See Defendant's Pretrial Statement.*

### IV. STIPULATIONS OF FACT AND LAW

#### A. Agreed-Upon Stipulations of Fact

1. Kevin West is, and at all times relevant to this lawsuit was, an employee of the United States Postal Service and an "employee" within the meaning of Title VII of the Civil Rights Act of 1964 as amended.

2. The U.S. Postal Service, Vehicle Maintenance Facility hired Kevin West on June 16, 1990.

3. The United States Postal Service is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964 as amended.

4. Kevin West is African American of a brown color.

5. The following Postal employees have served as Acting Supervisor, 204(b) within the USPS Vehicle Maintenance Facility between the years 2001-2006: Thomas Buchanan, David Lowe, and John Preston Miller.

6. The following Postal employees are the race Caucasian: John Bowser, Thomas Buchanan, David Cook, Timothy Currie, David Lowe, John Preston Miller, and David Wood.

7.  The USPS hired John Bowser on May 11, 1996.

8.  The USPS hired Thomas Buchanan on September 4, 1996.

9.  The USPS hired David Lowe on December 7, 1996.

10. Between the years 2001 and 2006, the USPS did not temporarily promote Kevin West to Acting Supervisor, 204(b).

11. Mr. West applied for, but was not selected for five permanent Supervisor positions in the Capital District VMF, under vacancy numbers 31-02 and 33-02, 14-03, 15-03, and 23-03.

12. Mr. West applied for, was qualified for, but was not selected for promotion to Lead Automotive Technician, PS-08, announced under vacancy number 03-43.

13. The USPS selected Stephen Clark for promotion to Lead Automotive Technician, PS-08, announced under vacancy number 03-43.

14. Stephen Clark is Caucasian.

15. Mr. West did not work overtime on October 27 and 28, 2001.

16. Mr. West did not work overtime from April 1 – July 31, 2003.

### B. *Stipulations of Law*

Plaintiff Kevin West proposes that Defendant, USPS agree to the following stipulations of law for trial:

1. Title VII makes it unlawful for an employer to discriminate against any individual on the basis of race, with respect to his terms, conditions, or privileges of employment.[1]

2. Title VII makes it unlawful for an employer to retaliate against an employee for engaging in protected activities through threats, harassment or any other adverse treatment that is reasonably likely to deter protected activity by that employee or other employee.[2]

---

[1] 42 U.S.C. §§ 2000e, 2000e-2(a)(1).
[2] EEOC Compliance Manual on Retaliation, No. 915.003 8-14-8-16; *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S. Ct. 2405 (2006).

5

3. Protected activity consists of two kinds of activities: (1) opposition to an activity made unlawful under Title VII; and (2) participation whether directly or indirectly in a process to redress perceived violations of the Act.

4. Federal Agencies may not retaliate against employees for pursuing a good faith, reasonable charge of discrimination, whether a finding of discrimination is made or not.[3]

## V. WITNESSES

Plaintiff intends to call at trial the following witnesses, all of which are U.S. Postal Service, Vehicle Maintenance Facility employees, except where indicated:

1. John Bowser (.5 hours)

    Mr. Bowser is expected to testify about his work history, experience, responsibilities and qualifications as a Levels 6-8 automotive mechanic/technician, Acting Supervisor, 204(b) and supervisory training. He is further expected to testify regarding his communications with Messrs. Cook and Currie regarding matters relevant to this dispute.

2. Thomas Buchanan (.5 hours)

    Mr. Buchanan is expected to testify about his work history, experience, responsibilities and qualifications as a Levels 6-8 automotive mechanic/technician, Acting Supervisor, 204(b) and supervisory training. He is further expected to testify regarding his communications with Messrs. Cook and Currie regarding matters relevant to this dispute.

3. Edward Clark (.75 hour) Bedford Park, IL USPS Employee

    Mr. Clark is expected to testify about his race-based mistreatment by Timothy Currie as well as his personal knowledge of racial epithets used by Mr. Currie.

4. Stephen Clark (.75 hour)

    Mr. Clark is expected to testify about work history, experience, responsibilities and qualifications as an automotive mechanic/technician, Lead Automotive

---

[3] 42 U.S.C. § 2000e-3(a).

Technician, Level 8 and Acting Supervisor. He is further expected to testify about his communications with Mr. Cook regarding Mr. West.

5. David Cook (3.5 hours)

Mr. Cook is a responsible management official, who is expected to testify about the facts and circumstances surrounding all of the adverse employment actions at issue in this case.

6. Albert Cuffey (.75 hour)

Mr. Cuffey is expected to testify about the custom and practice of the USPS VMF, including attendance and overtime. Mr. Cuffey can further testify about the treatment of Kevin West and other VMF employees, with regard to terms, conditions, and privileges of employment. He is further expected to testify regarding his communications with Messrs. Cook and Currie regarding matters relevant to this dispute.

7. Timothy Currie (2 hours)

Mr. Currie is a responsible management official, who is expected to testify about his communications with Mr. West, Mr. West's bar from higher-level promotion, his racial attitudes and statements, which he communicated to USPS VMF employees; qualifications and selections of employees for Acting Supervisor, 204(b), supervisory training, and higher-level craft details, and the facts and circumstances surrounding disciplinary actions taken against Mr. West.

8. Frank Green (3 hours)

Supervisor Frank Green is expected to testify about the policies and practices of the USPS VMF, including its basis for selection of employees for supervisory opportunities and higher-level craft details. He is also expected to testify about the facts and circumstances surrounding the adverse employment actions at issue. Mr. Green can further testify about the treatment of Kevin West and other VMF employees, with regard to work responsibilities, promotion, pay, discipline, overtime, and other terms, conditions, and privileges of employment. He is also expected to testify regarding his communications with Messrs. Cook and Currie regarding matters relevant to this dispute

9. Joseph King (1 hour)

Former VMF Manager Joseph King is expected to testify about the policies and practices of the USPS VMF, including its basis for selection of employees for

7

supervisory opportunities and higher-level craft details. He is also expected to testify about the facts and circumstances surrounding the adverse employment actions at issue. Mr. King can further testify about his communications with Messrs. Cook and Currie regarding matters relevant to this dispute

10. David Lowe (.50 hour)

Mr. Lowe is expected to testify about his work history, experience, responsibilities and qualifications as an automotive/technician and Acting Supervisor, 204(b). He is further expected to testify regarding attendance and leave as well as his communications with Mr. Cook regarding matters relevant to this dispute.

11. Robert Mason (.75 hour)

Mr. Mason is expected to testify about the custom and practice of the USPS VMF, including its basis for selection of employees for supervisory opportunities and higher-level craft details. He is also expected to testify about the facts and circumstances surrounding the adverse employment actions at issue. Mr. Mason can further testify about the treatment of Kevin West and other VMF employees, with regard to terms, conditions, and privileges of employment. He will also testify about racial comments made by Postal management official(s).

12. William Miles (.75 hour)  Bedford Park, IL USPS Employee

Mr. Miles is expected to testify about his race-based mistreatment by Timothy Currie as well as his personal knowledge of racial epithets used by Mr. Currie.

13. John P. Miller (1 hour)

Mr. Miller is expected to testify about his work history, experience, responsibilities and qualifications as a body and fender repairman, Acting Supervisor, 204(b) and permanent Supervisor. He is further expected to testify regarding his communications with Messrs. Cook and Currie regarding matters relevant to this dispute.

14. Chris Simmons (.75 hour)

Mr. Simmons is expected to testify about the custom and practice of the USPS VMF, including its basis for selection of employees for supervisory opportunities and higher-level craft details. Mr. Simmons can further testify about the treatment of Kevin West and other VMF employees, with regard to terms, conditions, and privileges of employment. He will also testify about comments made by Postal management official(s).

8

15. Gwendolyn Simms-Hearn (1 hour) Bedford Park, IL USPS Employee

    Ms. Simms-Hearn will testify about her personal observations of Timothy Currie's racially derogatory statements as well as the strikingly similar physical conduct that Currie demonstrated with her as Cook demonstrated with West.

16. James Thompson (.5 hour)

    Mr. Thompson is expected to testify about the custom and practice of the USPS VMF, including its basis for selection of employees for supervisory opportunities and higher-level craft details. Mr. Thompson can further testify about his treatment and the treatment of Kevin West and other VMF employees, with regard to terms, conditions, and privileges of employment. He may also testify about comments made by Postal management official(s).

17. Charlene West (.75 hour) Non-USPS Employee
    831 Chatsworth Drive
    Accokeek, Maryland 20607

    The emotional distress and financial harm suffered by Mr. West as a result of Defendant's discriminatory actions.

18. Kevin West (4 hours)

    Plaintiff West will testify concerning all allegations of his complaint and his claims for damages.

19. David Wood (.50 hour)

    Mr. Wood is expected to testify about his work history, experience, responsibilities and qualifications as an automotive mechanic/technician, and Acting Supervisor, 204(b). He is further expected to testify regarding his attendance and leave.

20. Dr. Myron I. Murdock (.50 hour) Non-USPS Employee
    7500 Hanover Parkway
    Suite 203
    Greenbelt, Maryland 20770
    Ph: 301-441-8900

    Dr. Murdock will testify about Mr. West's stress-related health conditions, treatment and limitations.

21. Dr. Chideha Macdonald Ohuoha (.50 hour)  Non-USPS Employee
    3704 26th Avenue
    Temple Hills, Maryland 20748
    Ph:301-630-4009

    Dr. Ohuoha will provide testimony regarding Mr. West's emotional state and distress caused by Defendant's discriminatory actions.

22. Robert Parker (Rebuttal Witness)

    Mr. Parker will provide testimony regarding the T Street (Washington D.C.) facility and operations. He will further testify about his selection for, removal from and responsibilities under the supervisory position he held in that location.

23. Warren Plater (Rebuttal Witness)

    Mr. Plater will testify regarding the attributes and safety hazards of engines diagnosed and repaired by Southern Maryland VMF mechanics. He can further testify about his knowledge of the events surrounding the August 22, 2002 emergency suspension of Mr. West.

24. Rudy Ford, APWU Craft Director (Rebuttal Witness)

    Mr. Ford will testify regarding the relevant provisions of the collective bargaining agreement and the custom and practices of Southern Maryland VMF.

25. Any person listed as a witness by Defendant and not objected to by Plaintiff. Plaintiff expressly reserves the right to call additional witnesses for impeachment and rebuttal purposes.

## VI.   EXHIBITS[4]

Mr. West may offer the following exhibits at trial in this matter:

| DATE | DOCUMENT DESCRIPTION |
|---|---|
| March 5, 1999 | Affidavit for Melvin James |
| May 10, 1999 | Letter from Kevin West to David Cook requesting lead |

---

[4] As indicated at the pretrial conference, the parties conferred regarding exhibits. Plaintiff is submitting his response to Defendant's objections to exhibits and deposition designation (Appendix) and has registered his own objections to Defendant's Pretrial Statement.

10

|  |  |
|---|---|
|  | and 204B opportunities. |
| May 11, 1999 | Routing Slip from Cook to West regarding Training Request |
| September 27, 1999 | Information for Pre Complaint Counseling for Edward Clark |
| February 2000 | U.S Postal Service Capital Performance Cluster Selection Package |
| February 15, 2000 | Information for Pre-complaint Counseling of Gwendolyn Sims |
| April 2000<br>March 21, 2001 | Request for Notification of Absence (John P. Miller) |
| June 20, 2000 | Complaint of Discrimination Melvin Barksdale |
| October 17, 2000 | EEO settlement agreement for Melvin Barksdale |
| November 14, 2000 | Mandatory Holiday Work Schedule Thanksgiving |
| January 8, 2001 | Mandatory Holiday Work Schedule MLK Day |
| March 7, 2001 | EEO Investigative Affidavit Currie. Case No. 4K-200-0004-01 |
| March 8, 2001 | Letter from Kevin West to Timothy Currie (Subject: Supervisor Training Program (204B) VMF Employees) |
| April 23, 2001 | Letter (subject: Kevin D. West) from Currie to Sarah Parker. |
| May 17, 2001<br>May 25, 2001<br>September 4, 2001 | Assignment Orders for Thomas Buchanan |
| June 8, 2001 | Letter of Warning, Kevin West |
| June 18, 2001 | Letter from West to Postal Inspector (Physical Assault) |
| June 19, 2001<br>June 20, 2001<br>June 21, 2001<br>June 25, 2001 | Southern MD Processing and Distribution Center Voluntary Statements to the Postal Police by West |
| July 3, 2001 | APWU Ray Williams letter to Currie regarding West grievance |
| July 6, 2001<br>July 30, 2001<br>August 8, 2001 | Assignment Orders for John Bowser |
| July 17, 2001 | Letter (Notification of Suspension) West |
| July 27, 2001 | Letter to Henry Barnett (subject: Supervisor Training Program VMF) |
| August 3, 2001 | U.S Postal Service Southern MD Vehicle Maintenance Facility Preferred Assignment Annual Bidding Results |
| August 3, 2001 | Cook letter Rescinding July 17, 2001 suspension |
| August 24, 2001 | Notice of 7-Day Suspension West |

11

| | |
|---|---|
| August 29, 2001 | EEO Complaint of Discrimination West case # 4K-200-0220-01 |
| October 10, 2001 | Requests for notification of absence Mansfield and West |
| November 1, 2001 | Letter to West for David Cook regarding non-availability during holiday |
| November 10, 2001 | Request for Notification of Absence (Sandra Childs) |
| November 28, 2001 | EEO Dispute Resolution Specialist's (DRS) Inquiry Report (West) Case # 4K-200-0031-02 |
| January 28, 2002 | Notice of 14-Day Suspension (West) |
| February 6, 2002 | Complaint of Discrimination (West) Case # 4K-200-0048-02 |
| February 11, 2002 | Request for notification of absence (West) |
| February 28, 2002 | Request for notification of absence (West) Regarding holiday |
| February 28, 2002 | Request for Notification of Absence (Mansfield) |
| March 1, 2002 | Request for Notification of Absence (Clark, Stephen) |
| March 1, 2002 | Request for Notification of Absence (Scott, Michael) |
| March 14, 2002 | Information for Pre Complaint Counseling (Virgil Chase) |
| May 1, 2002 | Notification of Personnel Action PS form 50, John Bowser |
| July 17, 2002 | Notice of 14-Day Suspension (West) |
| July 17, 2002 | Supervisor Vacancy Announcement |
| August 22, 2002 August 23, 2002 | Letters and forms 1767 from Kevin West to David Cook regarding amendment to PS Form 1767 report of hazard, unsafe condition or practice |
| September 25, 2002 | Declaration of Alonzo J. Taylor |
| December 12, 2002 | Declaration of Chris E. Simmons |
| December 12, 2002 | Declaration of William Miles |
| December 13, 2002 | Declaration of Gwendolyn A. Sims-Hearn |
| December 14, 2002 | Declaration of Ruben Lee |
| December 14, 2002 | Declaration of Alonzo J. Taylor |
| March 10, 2003 | EEO Investigative Affidavit David Cook case # 4K-200-0108-02 |
| March 14, 2003 | Supervisor Application for Kevin D. West |
| March 14, 2003 | John Miller Supervisor Application |
| July 24, 2003 | Opportunity to bid for preferred assignment (Lead Auto Tech PS-8) |
| August 26, 2003 | Qualifications Rating Sheet & Application (West) |
| August 26, 2003 | Qualifications Rating Sheet & Application ( (Clark) |
| August 26, 2003 | Memo to HR from Cook selecting Clark |

| | |
|---|---|
| September 3, 2003 | General Assignment Order # 52 (Clark) |
| February 13, 2004 | Routing Slip |
| April 9, 2004 | Declaration of Leroy T. Cowan Jr. |
| July 13, 2004<br>July 21, 2004 | EEO Investigative Affidavit (David Cook) Case # 4K-200-0235-03 |
| May 17, 2005 | EEO Affidavit of Stephen Clark |
| June 10, 2006 | EEO Investigative Affidavit (West) Case # 4K-200-0131-06 |
| | Employee Training History Reports |
| | Overtime desired lists |
| | Letter from Office of the Assistant Postmaster General to Donald A. Ross |
| | Absence Employee Analysis |
| | Employee everything reports |
| | Employee clock rings and hours history |
| | Charts identifying employees who were granted higher-level opportunities |
| | Promotion Reports (Supervisor) |
| | Higher Level Authorization Reports[5] |
| | Damages Chart(s) |

Plaintiff reserves the right to amend this exhibit list as needed upon the discovery of additional evidence and for purposes of rebuttal and/or impeachment.

VII.   **DEPOSITIONS**

Plaintiff reserves the right to use the deposition testimony of any witness who is unavailable to testify at trial. Plaintiff expressly reserves the right to introduce sworn testimony and/or affidavits given by witnesses who reside outside the Washington D.C. metropolitan area.

---

[5] Defendant produced only a partial set of Higher-Level Authorization Reports (years 2001-2002), rather than the entire period authorized by this court, May 2001 to present. These reports specify the dates employees worked temporary, higher-level assignments (204B in particular). Plaintiff has requested that Defendant supplement its production and is awaiting a response from Defendant.

13

## VIII. DAMAGES

| CATEGORY OF DAMAGES | AMOUNT |
|---|---|
| Lost Wages | $343,807.12 (plus prejudgment interest) |
| Promotion to EAS Supervisor | Equitable relief |
| Medical Expenses | $750.00 |
| Legal Fees & Costs | $248,210.85 (legal fees to be calculated at prevailing rate at time of award) |
| **Total** | **$592,767.97** |
| Nonpecuniary Compensatory Damages | To be determined by jury at trial |

## IX. OTHER RELIEF REQUESTED

Plaintiff requests Judgment in his favor and against John Potter, Postmaster General USPS. Plaintiff further requests an Order directing Defendant to cease and desist all practices and policies in violation of the Title VII of the Civil Rights Act of 1964.

## X. ESTIMATE OF TRIAL TIME

Plaintiff estimates that trial time will be 5 days.

## XI. PARTIES' SETTLEMENT EFFORTS

The parties engaged in settlement efforts several times during the processing of Mr. West's complaints and have engaged in this effort again recently. The parties have been unable to reach a resolution.

**XII. MOTIONS TO BE DECIDED BEFORE TRIAL**

Any Motions *in Limine* filed by the parties before trial.

Respectfully submitted,

By**:**_____/S/_____
Teresa W. Murray

THE LAW OFFICE OF T.W. MURRAY
7474 Greenway Center Dr, Suite 820
Greenbelt, MD 20770
Phone: 301 982-2005/Fax: 301 982-0004

By: _____/S/_____
N. Bernard Dorsey Jr.

7474 Greenway Center Dr, Suite 820
Greenbelt, MD 20770
Phone: 301 982-2005/Fax: 301 982-0004

**Counsel for Plaintiff**