## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                          )
**KEVIN D. WEST,**                        )
                                          )
    Plaintiff,        )
                                          )
   v.                       )  Civil Action No.  05-1339 (JR)
                                          )
**JOHN E. POTTER,**                       )
**POSTMASTER GENERAL**                    )
**U.S. POSTAL SERVICE**                   )
                                          )
    Defendant.        )
_____)


### PLAINTIFF KEVIN WEST'S EMERGENCY MOTION TO COMPEL
### AND MOTION FOR SANCTIONS

  COMES NOW Plaintiff Kevin D. West, by and through undersigned counsel to move

this honorable Court for an emergency order compelling Defendant, U.S. Postal Service to

produce critical 240B assignment data, which the Agency had not provided per the Court's

discovery order.  Plaintiff has conferred with Defendant several times regarding its incomplete

production; however, Defendant has steadfastly refused to supplement. Because trial is set to

commence within less than a week Plaintiff, therefore, respectfully requests that Court

immediately issue an order requiring the Postal Service to provide this needed data.

  Granting Plaintiff's motion in open court on May 15, 2007 the Court ordered the Postal

Service, under Federal Rule of Civil Procedure (FRCP) 56(f), to provide Plaintiff information

relevant to 204B acting supervisor temporary promotions, from May 2001 to the present.[1]  The

---

[1] Per the Court's Order, Plaintiff propounded the following Interrogatory upon Defendant:

Court also ordered the Agency to provide information and produce documents relevant to higher-level details to Levels 8 and 9 craft positions.[2]   Belatedly on August 8, 2007, the Agency provided responses to these and other discovery requests.   Although the Agency's Answers to Interrogatory Nos. 2 and 7 conspicuously omit the dates of promotion, the Agency's time and attendance reports, upon first review, appeared to cover all relevant employees and time periods (Exhibit 1).   During the process of preparing for trial, however, Plaintiff discovered that the reports were incomplete.   Specifically, the higher-level authorization reports (covering 2003-

---

Interrogatory No. 2:        Identify all EAS details/temporary promotions (204B acting supervisor or manager) from May 2001 to present at Southern Maryland VMF locations (including employees detailed **from** Southern Maryland VMF to other VMF facilities).  Please be sure to include:

   a)   the name, race, seniority, location and grade level of the employee detailed/temporarily promoted;

   b)   the person(s) making and/or authorizing the detail/temporary promotion;

   c)   the length of the detail/temporary promotion; and

   d)   the rate of pay the employee received while on detail/temporarily promoted.

[2]Interrogatory No. 7:        Identify each and every craft employee selected for a higher-level craft detail to Level 8 and/or Level 9 between the years 2001 and the present, at Southern Maryland VMF.  Please be sure to include the following:

   a)   for the employee detailed: name, race, location, seniority & grade level;

   b)   the person(s) making and/or authorizing the detail;

   c)   the length of the detail;

   d)   the rate of pay the employee received while on detail; and

   e)   the reasons the individual was selected for the detail.

   Document Production Request No. 4:  All documents relating to higher-level craft details to Level 8 and/or Level 9 between the years 2001 and the present, at Southern Maryland VMF.

2007) do not show 204B/EAS-level assignments.  And the Agency's "Employee Everything" Reports, which do provide EAS/204B data, only cover the year 2001.

Plaintiff brought this matter to Defendant's attention during counsel's in-person meeting on February 25, 2008, following the pretrial conference before the Court.  Defendant's counsel indicated that she would confer with her client and inform Plaintiff.  A couple days later, counsel conferred again, where Plaintiff was informed that Defendant refused to produce the missing data because "discovery is closed." Plaintiff followed these conferences with a letter dated February 27, 2008. (Exhibit 2).  Having received no response from Defendant, Plaintiff contacted defense counsel on February 29, 2008 to inquire about Defendant's response to the letter. Defendant restated its refusal to produce the omitted information.  Plaintiff must now seek the Court's intervention into this dispute, since trial is imminent.

## ARGUMENT

### A.  AN ORDER TO COMPEL IS IMPERATIVE

Defendant U.S. Postal Service must produce reports and/or an amended answer to Interrogatory No 2, pursuant to the Court's Order and FRCP 26(e)(1).  Without dispute, the Court commanded Defendant to "[i] dentify all EAS details/temporary promotions (204B acting supervisor or manager) from May 2001 to present …. include[ing] …. the length of the detail/temporary promotion…."  Yet, Defendant provided no information on the dates or length of the 204B promotions that each employee received.  (Exhibit 1 at 3-4).[3]

More, Defendant did not otherwise provide complete information in the reports produced. While the "Employee Everything" reports do in fact, record EAS/204B promotions, the Agency

---

[3] The date indicated for each employee who was listed in Defendant's Answer to Interrogatory No. 2 corresponds to that employee's date of hire.

only produced these reports for the year 2001.  Thus, Defendant has not fully complied with the Court's original order directing the disclosure of this important data.

Upon Defendant's notice that its production is incomplete, FRCP 26(e)(2) obligates the Agency to promptly cure its deficient responses.  Rule 26(e)(2) states in part, "[a] party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect."  Here, the dates and lengths of 204B details are not only material, but indispensable.  Because the Postal Service does not post 204B assignments, the Agency (besides the particular employee granted the promotion) is essentially the only custodian of this information.  Without its disclosure, Plaintiff has no way of confirming who the USPS temporarily promoted and when.  Further, Defendant's efforts to withhold these materials would deprive of critical evidence, which would demonstrate the nature, frequency, and arbitrariness of the Agency's 204B assignments.  Mr. West, consequently, beseeches the Court to order Defendant to amend its discovery answers by Thursday March 5, 2008.

## B.  DEFENDANT SHOULD BE SANCTIONED

Because Defendant has unjustly defied the Court's order to produce 204B temporary promotion information, Plaintiff has been forced to prepare and file the instant Motion.  Even more, after Plaintiff made several good-fourth efforts to address the omission from Defendant's production, the Agency has unjustifiably and intractably refused to make complete its Court-ordered disclosures.  Not only did Defendant reject Plaintiff's cooperative efforts, it more importantly defied the clear mandate of Rule 26(e)(2) to amend its discovery responses.  Therefore, Plaintiff respectfully requests that the Court sanction the Agency by: 1) precluding it from using, relying on, referencing in testimony or introducing as evidence any information or

data relating to 204B assignments that has not been produced to Plaintiff; and (2) ordering

Defendant to pay Plaintiff for the attorney time expended preparing this Motion.[4]

## CONCLUSION

Since the Agency has blatantly defied the Court's discovery order of May 15, 2007 and

FRCP 26(e)(2) by withholding critical 204B/Acting Supervisor data, Plaintiff respectfully

requests that the Court: a) direct Defendant to produce this information by March 6, 2008; b)

restrict the Defendant's use of undisclosed data; and c) order Defendant to pay Plaintiff

reasonable attorneys fees of $780.00 for obliging Plaintiff to file this motion.

Dated: March 4, 2008                          Respectfully submitted,

                                              By: **_____/s/_____**
                                                   Teresa W. Murray

                                              THE LAW OFFICE OF T.W. MURRAY
                                              7474 Greenway Center Dr, Suite 820
                                              Greenbelt, MD 20770
                                              Phone: 301 982-2005/Fax: 301 982-0004

                                              By: _____/s/_____
                                                   N. Bernard Dorsey Jr.

                                              7474 Greenway Center Dr, Suite 820
                                              Greenbelt, MD 20770
                                              Phone: 301 982-2005/Fax: 301 982-0004

                                              **Counsel for Plaintiff**

---

[4] I herby certify that undersigned counsel spent 2.6 hours preparing this Motion. At the *Laffey* matrix rate of $300/hour, this work generated $780.00 in legal fees.