# The Law Office of T.W. Murray

7474 Greenway Center Drive
Suite 820
Greenbelt, Maryland 20770

Ph: 301-982-2005  Fax: 301-982-0004

**February 27, 2008**

<u>**Via Electronic Mail**</u>

Ms. Rhonda Fields
Assistant U.S. Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530

    *Re:*    *West v. Potter,* **USDC Case No. 05-1339**

Dear Ms. Fields:

    This letter follows two conferences, which were held between parties' counsel in preparation for trial in the above-referenced case. During our first conference on February 25, 2008, we addressed various issues surrounding trial exhibits, particularly those exhibits unfamiliar to the other party. As promised, Plaintiff has revised his exhibit list, provided cross-references to previously-produced exhibits, and produced copies of exhibits, so that Defendant can review exhibits that it questioned. On February 25th, we also discussed Plaintiff's objections to two witnesses Defendant may call to testify at trial (Cleveland Mansfield and Michael Hill). Plaintiff objects to these witnesses for the reasons conveyed at our conference and in Plaintiff's Amended Pretrial Statement. In addition, I expressed during our conference that Plaintiff is in need of higher-level detail data. You indicated you would discuss the data's production with your client and advise me.

    On this date, we conferred again regarding pretrial matters. Part of our discussion concerned your acceptance of service of subpoenas for Postal employees to testify at trial as well as the needed information regarding higher-level details. With respect to the former issue, you stated that you would like to confer with your client. I requested that you please inform me as soon as possible whether you will accept service on the employees' behalf. With respect to the latter issue, you advised that your client has indicated that since "discovery is over" it is under no obligation to provide the data. Your client is mistaken.

    Under Federal Rule of Civil Procedure 26(e)(2), parties are under a continuing obligation to supplement their discovery responses, particularly after learning that their original responses

are incomplete.[1]  Indeed, the instructions to Plaintiff's discovery requests reminded Defendant of this obligation.  Consequently, Defendant is required to supplement its initial, and deficient, document production.  Defendant produced "Higher Level Authorization Reports" (Report: TAC500R1), which identify employees, whom the Postal Service afforded higher-level temporary promotions (in-craft and 204B) and the precise dates of the promotions.  Defendant only forwarded, however, reports for calendar years 2001 and 2002.  Because the Court ordered Defendant to turn over records covering the time period "from May 21, 2001 to the present," Plaintiff has asked the Defendant to supplement its original report production, to comply with F.R.C.P. 26(e)(2) and the Court's Order.  Thus, again, Plaintiff requests that Defendant produce Higher Level Authorization Reports for the years 2003-2007.  We must receive the reports by no later than Monday, March 3, 2008, in order for us to review and analyze the data in time for trial.  If your client refuses to supplement, please advise me by the close of business tomorrow, February 28, 2008, so that Plaintiff may file a motion with the Court pertaining to this issue.  It is my hope that this will not be necessary.

                Very truly yours,

                /s/
                Teresa W. Murray

cc:  N. Bernard Dorsey, Esq.

---

[1] Rule 26(e)(2) states in part, "[a] party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect."