UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KEVIN WEST | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. 05-1339 (JR) |
| JOHN E. POTTER | : | |
| Defendant. | : | |

OPPOSITION TO EMERGENCY MOTION TO COMPEL AND FOR SANCTIONS

Defendant respectfully submits this opposition to plaintiff's motion to compel and for sanctions. Plaintiff requests that the Court direct the defendant "provide Plaintiff reports and/or information, which clearly sets forth the dates and lengths of 204B/EAS-Level temporary details of Southern Maryland VMF employees from May 2001 to the present."

Plaintiff's motion is untimely and should be denied. By Order issued May 17, 2007, the Court directed that discovery be completed by September 15, 2007. According to plaintiff's motion, the defendant's responses to plaintiff's interrogatories and request for documents was received on or about August 8, 2007. During the approximately six month period between August 8, 2007 until the pretrial conference on February 25, 2008, plaintiff failed to notify the defendant of any objections to the defendant's discovery responses.

Plaintiff on February 25, 2008 – two weeks before the scheduled beginning of trial on March 10, 2008 – for the first time notified defendant of any alleged problem with its discovery responses. A motion to compel or for sanctions must be made in a timely manner.

Failure to pursue a discovery remedy in timely fashion may constitute a waiver of

> discovery violations. It is especially important that a party file its motion before discovery cutoff. It is also critical that the movant not wait to file its motion until the eve of trial.
>
> *Continental Indus., Inc. v. Integrated Logistics Solutions, LLC.*, 211 F.R.D. 442, 444 (N.D.Okla.2002) (plaintiff waited 18 months after discovery responses and until two weeks before trial to move to compel) (internal citations omitted); *see also Miller v. Baker Implement Co.*, 439 F.3d 407, 414 (8th Cir.2006) (noting the plaintiff failed to avail himself of discovery remedies for nearly six months and until after the discovery has closed and summary judgment was granted).

*Wakehouse v. Goodyear Tire & Rubber Co.*, 2007 WL 1340788, *6 (D.Neb.2007).

> An aggrieved party is expected to seek judicial intervention in a timely manner. *Cf. Butler v. Benson*, 193 F.R.D. 664, 666 (D.Colo.2000) (held that a party cannot ignore available discovery remedies and then move to compel on the eve of trial). *See also Ginett v. Federal Express*, 1998 WL 777998, *5 (6th Cir.1998) (affirming trial court's denial of motion to compel filed some two months after the discovery cut-off, because plaintiff knew of the document at issue long before the discovery deadline and failed to file a motion at that time); *Continental Industries, Inc. v. Integrated Logistics Solutions*, LLC, 211 F.R.D. 442, 444 (N.D.Okl.2002) (held that failure to pursue discovery remedies in a timely manner may result in waiver of discovery violations; noted that it was "especially important that a party file its motion [to compel] before the discovery cutoff"); *Suntrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196, 1999 (E.D.Mich.2002) (holding that a court may properly deny a motion to compel discovery where the motion to compel was filed after the close of discovery)*; Intercargo Insurance Co. v. Burlington Northern Santa Fe Railroad*, 185 F.Supp.2d 1103, 1107 (C.D.Cal.2001) (defendants waived their right to compel more adequate expert disclosures by failing to move within a reasonable period of time after service of the expert reports; court denied motion to strike disclosures).

*Lobato v. Ford*, 2007 WL 3342598, *7(D.Colo.2007). Here, plaintiff failed to make its motion before the close of discovery, waited six months after receipt of defendant's responses, and waited until two weeks before trial – when defendant obviously would be engaged in trial preparation -- to make any request to defendant.

Plaintiff's failure timely to object to defendant's interrogatory response was due to plaintiff's negligence. Nevertheless, plaintiff now alleges that "the Agency's Answers to

2

Interrogatory numbers 2 and 7 conspicuously omit the dates of promotion." First, the interrogatories on their face do not request the dates of promotion or detail. Second, if the lack of the dates was a "conspicuous" omission, plaintiff was on notice of said omission when the responses were obtained and has no excuse for not noting any objection to an interrogatory response in a timely manner. Third, the defendant did not use, and the interrogatory responses do not indicate that the defendant was using, the business record option, F.R. Civ. P. 33(d), in making its response to the interrogatories.

Moreover, plaintiff's request for production of documents did not even request the documents plaintiff now seeks, i.e. 204B assignment data. A 204B assignment is a detail to an acting supervisory detail at a level 16 and above. Plaintiff's document request number 4 requested "all documents **relating to higher-level craft details to level 8 and/or 9** between the years 2001 and the present."

Defendant would be prejudiced if required to obtain the information now requested during a period when defendant is preparing for trial. Finally, defendant additionally would be prejudiced if required to go to trial in 4 days without an adequate opportunity to review and prepare for what would be new exhibits plaintiff would offer at trial.

For the foregoing reasons, plaintiff's motion to compel and for sanctions should be denied.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970