UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN D. WEST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-1339 (JR) |
| v. ) | |
| ) | |
| JOHN E. POTTER, ) | |
| POSTMASTER GENERAL, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS

1. Do you have a hearing problem or any other physical problem that might interfere with your ability to hear the testimony of the witnesses in this case?

2. Do you know any of the parties, attorneys, or witnesses [read witness list] in this case?

3. Have you had any legal training or experience, or worked for a lawyer or a law firm?

4. Have you had any experiences with judges, lawyers, or the courts that would affect your ability to hear this case fairly?

5. Do you have any knowledge of this case?

6. Are you or a close family member currently employed by or seeking employment with the U.S. Postal Service or the United States Attorney's Office for the District of Columbia?

7. Have you, a family member, or close friend ever been involved in a court case as a plaintiff, defendant, witness, or juror? If so, what was the case about? Did it go to trial? What was the outcome? Were you satisfied with the outcome? Is it possible that experience might influence you if you are selected to be a juror in this case? How?

8. Have you ever had any experience with or been exposed to any publicity about the U.S.

Postal Service or United States Attorney's Office which would cause you to favor or disfavor the defendant in this matter?

    9. Are you a member of a labor union, or an officer or employee of a labor union?

    10. Do you think employers are fair to their employees?

    11. Has your boss ever caused you emotional distress?

    12. Have you, a family member or close friend ever been in a situation where you or they did not receive fair treatment at work? Did you or they make a complaint? What happened?

    13. Is there any reason why you might feel uncomfortable if you are selected to sit as a juror in an employment discrimination case that involves claims of discrimination against an individual on the basis of race and retaliation? If so, what is it about a case of this sort that might make you uncomfortable?

    14. Have you or any of your relatives or close friends ever been accused of discrimination or retaliation? If so, do you think that the experience might influence you if you are selected to be a juror in this case?

    15. Have you or any of your relatives or close friends ever initiated a complaint based upon discrimination or retaliation or worked in an environment where discrimination or retaliation was allowed?

    16. Have you or any of your relatives or close friends ever been a party, witness, expert, juror or attorney in a case involving a discrimination or retaliation complaint? If so, what were the circumstances?

    17. Have you or any of your relatives or close friends ever been diagnosed as having or been treated for, anxiety, depression or any other mental impairment or mental illness?

17a. Do you believe that a person who is an alcoholic is lacking in morals or character? Do you believe that alcoholism is a medical problem?

18. The claim in this case is that Mr. Kevin West, who worked for the U.S. Postal Service, was discriminated against on the basis of race, and was retaliated against because of his prior protected activity of making EEO complaints about discrimination against him. The U.S. Postal Service denies that it discriminated or retaliated against Mr. West. The Postal Service also denies that plaintiff's protected activity, his prior EEO activity, had any role in its employment decisions, and claims that it based every employment decision that Mr. West challenges on legitimate, non-retaliatory reasons. Based upon these facts, does any member of the jury panel believe that he or she cannot be objective until all of the evidence is heard and render a verdict based solely on the evidence presented at this trial?

19. Is there any reason why you would tend to give more or less weight to the testimony of a supervisor or manager than to the testimony of any other person? If so, why?

20. Have you or a family member or close friend ever been discriminated against because of your race, or retaliated against for complaining about discrimination or harassment? How were you involved?

21. Do you believe that anyone who claims discrimination or retaliation must have been subjected to some type of unfair treatment or they would not go forward with such a claim?

22. Is there any reason why you would tend to give more or less weight to the testimony of an individual who has brought a discrimination complaint than to the testimony of any other person? If so, why?

23. Is there any reason why you would tend to give more or less weight to the testimony of an individual who is testifying on behalf on an individual who has brought a discrimination complaint than to the testimony of any other person? If so, why?

24. Is there any reason why you would tend to give more or less weight to the testimony of an individual who is testifying against the government than to the testimony of any other person? If so, why?

25. Is there any reason you might not believe a supervisor or manager as much as people they supervised?

26. Do you believe that employers are inclined to retaliate against employees who complain?

27. If the evidence shows that the plaintiff was unhappy with his working environment, disliked his supervisor or believed he was treated unfairly, but that he was not discriminated against due to race or retaliated against, do you believe that he is still entitled to recover damages?

28. Have you, a member of your immediate family, or a close friend ever been singled out for unfair treatment by a supervisor? How did they respond to that situation? Do you think that the experience might influence you or affect your ability to be fair if you are selected to be a juror in this case?

29. Do you think that government officials who are being accused of discrimination or retaliation are untrustworthy witnesses because of the nature of the charges being made against them or because they want to protect their jobs or reputations?

30. Are you familiar with federal laws that prohibit discrimination and retaliation in the work place? How? If my instructions on the law differ from what you believe the law to be, can

you put aside what you may think the laws are and follow solely my instruction?

31. Is there anything about your own life experience that would bias you against an employer who is accused of discriminating or retaliating against an employee?

32. Do you have any ideas about what the law is in a discrimination, or retaliation case?

33. If your family member were accused of discrimination or retaliation, would you be willing to have that case tried by persons who think as you do now?

34  Have you or any member of your family ever testified at a deposition or a trial?

35. Have you or anyone in your immediate family or close friend ever served on a jury before?

36. Have you ever been a supervisor?  Did any employee ever accuse you of treating them unfairly?  Did that employee file a claim or grievance against you?  Did they complain to your supervisors?  What happened?

37. Do you think employees who work for the federal government are untrustworthy witnesses?

38. Have you ever been treated unfairly by a supervisor?

39. Would any of you be uncomfortable being a juror in a case in which the U.S. Postal Service is the defendant?

40. In this case I [the Judge] will instruct you concerning the definition of various words or terms as they are defined by pertinent laws and regulations.  These definitions may be different from the ways the words or terms are commonly used.  Will you be able to disregard the common usage of a word or term, and just use the definition which I instruct you to use?

41. This case is expected to last 5 days, that is through Friday of this week.  Would any

of you, because of the length of this trial, find it an undue burden to serve as a juror in this case and give your full time and attention to it?

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970
fax: 202/514/8780