## *New Markets Development Group, LLC*

360 Taylor Street NE • Suite R-13 • Washington • DC 20017
(202) 321-0592
kgreen@nmdg-llc.com

---

MEMORANDUM

| | |
|---|---|
| From: | Kenyatta Green, Esq. |
| To: | Teresa W. Murray, Esq. |
| Date: | July 10, 2008 |
| Subject: | Explanation of calculations of back pay, pre and post judgment interest owed to Mr. Kevin West. |

Notes:

You have asked me to calculate how much Mr. West would have received if he was paid as:

1. An Acting Supervisor, entitling him to a 5% increase on straight and overtime pay starting May 1, 2001
2. A Level 8 Lead Automotive Technician starting on September 6, 2003
3. A Level 9 Technician starting March 15, 2008
4. The pre-judgment interest based upon interest earned on the amount of lost pay.
5. The post-judgment interest based upon interest earned on the amount of lost pay.

The following note explains the calculations contained in the attached spreadsheets.

 Part one of the spreadsheet titled Calculations, calculates Mr. West' actual pay received during the relevant time periods. Specifically, 2001 and 2008 contain partial year time periods and 2003 is bifurcated between the times that Mr. West should have received Level 7 vs. Level 8 pay. Amounts received between 1/1/2001 and 4/30/2001 were backed out of the total 2001 year pay. 2003 was split between pre and post 9/6/2003 periods. 2006 was scaled to 6/30/2006 based upon actual amounts received up to 6/20/2006.

 Part two under the header "Amount West should have been paid using West actual overtime hours", the first part grosses up West' actual pay between 5/1/2001 and 9/5/2003 by the 5% for the Acting Supervisor increase.

 The second part under the heading "Calculated Level 8 and Level 9 Base Pay" calculates the amounts West should have received based upon the different Level 8 and 9 base pay amounts pursuant to the APWU National Agreement. For example, for each Level 8 base pay amount for 2004 the number of days that the base pay is effective is

***New Markets Development Group, LLC***

360 Taylor Street NE • Suite R-13 • Washington • DC 20017
(202) 321-0592
kgreen@nmdg-llc.com

---

determined and an amount is calculated for the base pay for the effective time period. Each of those amounts are totaled to arrive at a total annual blended base pay amount for Level 8 for 2004. That process is repeated for each of the relevant time periods. The result is the total blended base pay amount Mr. West should have received during those time periods.

Part three of the Calculations spreadsheet under the header "Summary of Grade 8 and 9 Step P Gross Pay" summarizes the data from the previous part, including the time period, the total days that a particular base rate was effective, the base rate in annual terms, and the total amount based upon the number of days the rate was effective. Additionally, this part calculates the percentage of time of the year a particular rate was effective. This allows for an hourly rate and an overtime rate to be calculated. Note the hourly rate corresponds to the Straight Time rate noted in the APWU National Agreement Schedule Two.

Part four "Post Sept. 6, 2003 Overtime Analysis Using Clark's Actual Overtime Hours" notes Clark's actual overtime hours worked for the relevant time periods; calculates the scaled number of overtime hours worked for the partial 2003 and 2008 years using daily averages; and, notes the total Clark overtime hours worked for the time period including the partial 2003 and 2008 years. The next part "West Overtime Based Upon Weighted Per Length Of Time Of Effective Annual Rate", calculates the amount West would have received in overtime if he was paid at the Level 8 and 9 rates and worked the amount of overtime offered and worked by Clark. Each overtime rate is base upon the effective Level 8 or 9 rates and weighted by how long that particular rate was effective.

Part five "Level 8 and 9 Grossed up 5% for Supervisory Role", notes the blended annual level 8 and 9 salaries (i.e, the total annual salary based upon the different rates within each year); the weighted overtime calculated earlier; a total gross salary equal to the blended salary for level 8 and 9 plus the weighted overtime; and the 5% bump for the supervisory role.

Part six "Additional Amount West Should have been Paid based upon Level 8 and 9 pay and 5% Supervisory Bump", notes the difference between what West was actually paid for each of the time periods (noted in part one) versus the amount West should have been paid when taking into account the 5% bump for actual West pay plus overtime for 5/1/2001 to 9/5/2003 (noted in part two), and the amount West should have been paid at Levels 8 and 9, plus Clark measured overtime. The result is the amount of lost pay owed to West.

The spreadsheet titled Interest first notes the amount of lost pay owed to West as calculated in the Calculation spreadsheet, the number of pay periods per relevant time

***New Markets Development Group, LLC***

360 Taylor Street NE • Suite R-13 • Washington • DC 20017
(202) 321-0592
kgreen@nmdg-llc.com

_____

period (there are 26 pay periods in a year), and the average amount of lost pay West should have received per pay period.

The pre and post judgment interest is calculated based upon the U.S.C. 6621(a)(1) and 5 CFR 550.806 which provide that the pre and post judgment interest rate used will be equal to the IRS' Overpayment Rate and that the interest is to compounded daily. The Overpayment Rate for any one given time is computed as the Federal Short Term Rate plus 3 percentage point, round to the whole point. The Overpayment Rate and the times when they were effective are provided on the IRS website and in the Federal Register. These are the rates used to calculate the pre and post judgment interest owed. Specifically, the amount owed plus interest is calculated as the average amount owed for each pay period within each relevant time period grossed up to the future value for that payment to June 30, 2008. The time elapsed is the number of days between the date of the pay period to June 30, 2008. The interest rate is the daily rate based upon the relevant Overpayment Rate divided by 365 (366 in years 2004 and 2008). The result is what is owed plus interest (the future value). The last table notes the interest expense as the difference between the future values of what West was owed plus interest; less the amount he was owed.

The Summary spreadsheet notes West' actual pay, what he should have been paid, how much pay he lost, the interest on his lost pay, and the total amount he is now owed.