UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**KEVIN D. WEST,**                  )
                                    )
      Plaintiff,              )
                                    )
      v.                      )    Civil Action No. 05-1339 (JR)
                                    )
**JOHN E. POTTER,**                 )
**POSTMASTER GENERAL**              )
**U.S. POSTAL SERVICE**             )
                                    )
      Defendant.              )
_____)

**PLAINTIFF'S MOTION FOR BACK PAY, PREJUDGMENT AND POST-JUDGMENT INTEREST, AND OTHER EQUITABLE REMEDIES**

COMES NOW Plaintiff Kevin D. West, by and through undersigned counsel, and moves this Honorable Court to award Plaintiff Back Pay, Pre-Judgment and Post-Judgment Interest, and Other Equitable Remedies. More specifically, Plaintiff respectfully requests that this Court award Plaintiff ninety-nine thousand eleven dollars ($99,011), consisting of: 1) Back Pay in the amount of eighty-four thousand seventy-nine dollars ($84,079); and 2) prejudgment and post-judgment interest on lost pay in an amount of fourteen thousand nine hundred thirty-two dollars ($14,932). Additionally, in light of the unlawful retaliatory conduct committed by Defendant, Plaintiff requests that this Court order, as equitable relief: 1) retroactive instatement to permanent Level 8 as of September 6, 2003, including all seniority, pension, and benefits pertaining thereto; 2) immediate assignment to Acting Supervisor/204B at Largo I vehicle maintenance facility (currently vacant); 3) supervisory training customarily provided to 204B selectees; 4) prosecution and termination of Timothy Currie and David Cook; 6) restoration of all

leave used to pursue legal claims against Defendant; 7) release from any debt allegedly owed by Plaintiff to Defendant; and 8) expungement of all disciplinary actions instituted or authorized by Timothy Currie and/or David Cook.

In support of this Motion, Plaintiff states as follows:

1. Following a week-long jury trial in this matter, March 10-14, 2008, the jury rendered a verdict finding the Defendant, U.S. Postal Service liable for unlawful retaliation against Kevin West in violation of Title VII of the Civil Rights Act of 1964, as amended. Specifically, the jury found in favor of Mr. West on two claims: 1) retaliatory denial of 204B/Acting Supervisor temporary promotions; and 2) retaliatory failure to promote to Lead Automotive Mechanic, Level 8.

2. Consistent with the jury's verdict, this Honorable Court issued a Judgment on the Verdict in Plaintiff's favor on March 14, 2008.

3. Based on the jury's findings that Defendant retaliated against Mr. West for engaging in prior protected activity by complaining of racial discrimination, Mr. West is entitled to Back Pay. See also Walters v. City of Atlanta, 803 F.2d 1135 (11th Cir. 1986) (a Title VII claimant is presumptively entitled to Back Pay). Further, this Court is authorized to and should award Plaintiff Prejudgment and Post-judgment interest on his back pay award to ensure that he is made whole from the Defendant's unlawful retaliatory conduct. See Loffler v. Frank, 486 U.S. 549, 557 & n.5 (1988)(authorizing district court to grant interest on back pay award).

4. More specifically, Mr. West is entitled to Back Pay and Prejudgment and Post-Judgment Interest on Back Pay for: 1) denial of Acting Supervisor/204B

2

opportunities afforded white, similarly situated employees, namely J. Preston Miller III who served as 204B from May 2001 through June 28, 2003 and Stephen Clark, who served as 204B while enjoying a Level 8 job that Mr. West was unlawfully denied; and 2) denial of Level 8 Lead Automotive Technician position awarded to Stephen Clark beginning September 6, 2003.

5. Plaintiff retained the services of an expert economist, Kenyatta Green, to determine the amount of Back Pay to which Plaintiff is entitled. Mr. Green is also an attorney, having graduated from Harvard Law School in 1996. Mr. Green's resume is attached hereto as Exhibit 1.

6. Mr. Green calculates Plaintiff's Back Pay entitlement amount to be $84,079 plus prejudgment and post-judgment interest of $14,932 for a total award of $99,011. See **Summary of Calculations for *West v. Potter* (dated July 3, 2008)**, attached hereto as Exhibit 2. The interest amount is calculated through June 30, 2008 and, accordingly, must be adjusted to the date the award is actually paid. Plaintiff, therefore, reserves the right to supplement this Motion with additional interest calculations.

7. Plaintiff also refers the Court's attention to the methodology utilized by Mr. Green to calculate Plaintiff's Back Pay entitlement amount (including interest) in a Summary Memorandum attached hereto as Exhibit 3.

8. Due to the jury's finding that the Postal Service unlawfully denied Mr. West Acting Supervisor/204B opportunities as well as a Lead Automotive Technician, Level 8 job, corrective action must be taken to remedy these violations. First, Mr. West must be retroactively instated to the Lead Automotive Technician, Level 8

3

position as of September 06, 2003. This corrective action must adjust his pay rate, seniority, leave and all benefits, including retirement, to reflect his promotion to this position as of September 6, 2003. Nevertheless, in the event the Court is not inclined to instate Plaintiff into the Lead Automotive Technician Level 8 position, Plaintiff respectfully requests an opportunity to later present a proposal for an award of Front Pay.

9. Moreover, Mr. West should be immediately assigned to an available Acting Supervisor/204B job. At the time of the filing of this Motion, there currently exists a 204B vacancy at the Largo I vehicle maintenance facility and, accordingly, Plaintiff requests that the Postal Service reassign him there. Further, the Postal Service should afford Mr. West all classroom training that it customarily provides individuals serving in 204B capacities. Plaintiff respectfully refers the Court's attention to John P. Miller's supervisor application and, if necessary, the trial transcript of March 12, 2008 for the identification of supervisor classroom training to be provided Mr. West.

10. Given the evidence adduced at trial and the jury's findings of unlawful retaliation, there can be no question that Timothy Currie and David Cook intentionally engaged in retaliatory conduct against Mr. West when he complained of racial discrimination in violation of Title VII. Given their unlawful actions, which the Postal Service not only tolerated but encouraged by promoting them to the highest levels of the Agency, it must now be ordered to take swift and decisive remedial action. In fact, Messrs. Currie and Cook should be referred to the United States Department of Justice for criminal prosecution under Title VII 42 U.S.C. § 2000e-

5(e)(1). At a minimum, the Agency must remove Messrs. Cook and Currie forthwith to send a clear message to the Agency that such intentional, unlawful actions must immediately cease.

11. This Court should also restore the leave Mr. West was forced to use to pursue the claims on which he prevailed. To make him whole, he requests restoration of the 51 hours of annual leave that he used to attend court during this litigation. His annual leave usage for this case is as follows:

| # of Hours | Dates Annual Leave Used |
|---|---|
| 6 | 3/10/2008 |
| 6 | 3/11/2008 |
| 8 | 3/12/2008 |
| 8 | 3/13/2008 |
| 8 | 3/14/2008 |
| 5 | 2/25/2008 |
| 5 | 9/13/2007 |
| 5 | 5/15/2007 |
| **51** | |

12. Plaintiff also requests that this Court order him released from any alleged debt he owes the Defendant relating to leave issues. As Plaintiff presented at trial, the Postal Service inappropriately claims that Mr. West owes the Agency $507.30 pertaining to leave issues that occurred in the year 2002. This alleged debt grew out of disciplinary actions improperly taken against Mr. West by Messrs. Cook and Currie. As Messrs. Currie and Cook were found to have intentionally retaliated against Mr. West for his prior engaging in protected activity, it is equitable that the Agency releases him from this improper debt.

5

13. Similarly, the disciplinary actions issued by Messrs. Cook and Currie should be permanently removed from Mr. West's employment history and files. Plaintiff introduced at trial Exhibit 15, which contained suspension letters dated July 17, 2001 and August 24, 2001. Given the jury's finding of retaliation by Messrs. Cook and Currie, it would be equitable and just for these disciplinary actions to be permanently expunged from Mr. West's employment record.

Wherefore, Plaintiff respectfully requests that the Court grant the instant Motion for Back Pay, Interest, and Other Equitable Remedies.

Dated: July 11, 2008                                    Respectfully submitted,

                                                        By:_____/s/_____
                                                              Teresa W. Murray

                                                        THE LAW OFFICE OF T.W. MURRAY
                                                        7474 Greenway Center Dr, Suite 820
                                                        Greenbelt, MD 20770
                                                        Phone: 301 982-2005/Fax: 301 982-0004

                                                        By: _____/s/_____
                                                              N. Bernard Dorsey Jr.

                                                        7474 Greenway Center Dr, Suite 820
                                                        Greenbelt, MD 20770
                                                        Phone: 301 982-2005/Fax: 301 982-0004

                                                        **Counsel for Plaintiff**