UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**KEVIN D. WEST,**                  )
                                    )
      Plaintiff,            )
                                    )
   v.                           )   Civil Action No. 05-1339 (JR)
                                    )
**JOHN E. POTTER,**                 )
**POSTMASTER GENERAL**              )
**U.S. POSTAL SERVICE**             )
                                    )
      Defendant.            )
_____)

**PLAINTIFF'S BILL OF COSTS**

    COMES NOW Plaintiff Kevin D. West, by and through undersigned counsel, after having prevailed at trial by jury in above-captioned matter, to move this honorable Court, pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 54.1(d), for an order directing Defendant, U.S. Postal Service to pay Mr. West costs associated with this action.

I. PROCEDURAL BACKGROUND

    Pursuant to the jury's verdict on March 14, 2008, the Court entered a Judgment On The Verdict decreeing that Mr. West recover from Defendant compensatory damages in the sum of $90,000.00 "together with costs." Plaintiff attempted to confer directly with Defendant regarding these costs, as well as other remedies, without the Court's intervention; however, no accord has been reached between the parties. While Plaintiff details his post-judgment efforts to reach a remedies agreement with Defendant in his Motion for Leave to File Post-Trial Remedies Motions and incorporates same by reference here, most pertinent to the instant motion is

Plaintiff's submission of costs figures to Defendant on June 6, 2008/ Defendant did not respond to Plaintiff's proposals. Hence, an order is required from the Court.

## II. APPLICABLE LEGAL STANDARD

Where, as here, a party prevails pursuant to a verdict in his favor by a jury, he may recover costs. F.R.C.P. 54(d). Rule 54(d) requires specific statutory authority for the assessment of costs against an agency of the United States. Section 7171(d) of Title VII of the Civil Rights Act of 1964 as amended – the statute under which Mr. West brought this action – makes attorneys fees and costs enforcement provisions applicable to federal agencies. 42 U.S.C. § 2000e-16(d). According to Section 717(d), " . . .the United States shall be liable for costs the same as a private person," per 42 U.S.C. § 20003-5(k).

## III. PLAINTIFF'S COSTS

Plaintiff seeks an order directing the Defendant to pay costs related to the following categories: (A) filing fees; (B) deposition and trial transcript costs; (C) courier and service fees; (D) witness fees and costs; (E) transportation costs; and (F) copying costs.

### A. Filing Fees

As the Court's records reflect, Mr. West paid a filing fee to initiate this action on July 5, 2006. The cost taxable as court filing fees to Defendant is $250.00. This cost is taxable under Local Rule 54.1(d)(1).

### B. Deposition and Trial Transcript Costs

*1. Deposition Transcript Costs*

The costs of depositions transcripts, which are reasonably necessary for use in the case are customarily taxable to the non-prevailing party. Depositions need not be used during the course of the trial for them to be deemed reasonably necessary. It is sufficient for the prevailing

party to generally allege that the depositions were necessary for the prosecution of the case and demonstrate the costs therefore.

In this case, numerous depositions were taken given the multitudinous facts supporting the claims, the number of relevant witnesses, and years of the case's prosecution. Both Defendant and Plaintiff took depositions and all depositions that were reasonably necessary for the advancement of Plaintiff's claims are taxable to the Postal Service.

Plaintiff took the following depositions, which were necessary to prove the claims on which he prevailed, and the costs of the original transcripts should be taxed to Defendant :

| Name | Date | Amount |
|---|---|---|
| Greg Absher | (12/05/03) | $519.50 |
| Sandra Childs | (12/05/03) | $344.00 |
| Sandra Childs | (12/08/03) | $524.65 |
| Frank Green | (12/08/03) | $492.15 |
| Joseph King | (12/09/03) | $839.90 |
| John P. Miller | (12/10/03) | $202.60 |
| Diane Hatfield | (12/10/03) | $456.40 |
| David Cook | (12/14/03) | $638.40 |
| Tim Currie | (12/15/03) | $1,077.15 |
| Joseph King | (12/16/03) | $22.50 |
| Diane Hatfield | (12/16/03) | $136.25 |
| John P. Miller | (12/16/03) | $422.25 |
| Frank Green | (12/16/03) | $328.00 |
| David Cook | (1/29/04) | $275.25 |
| David Cook | (9/13/07) | $538.65 |

      Frank Green   (9/13/07)      $380.85

      **Total**      **$7,198.50**

Deposition costs are taxable pursuant to Local Rule 54.1(d) (6). Proof of transcript payment is attached at Exhibit (hereinafter "Ex.") 1.[1]

### 2. *Trial Transcript Costs*

To review the record for purposes of assessing the appropriateness of post-trial motions and appeal, Plaintiff secured the following trial transcripts – the costs of which are taxable to Defendant:

      March 11, 2008      $1,037.90

      March 12, 2008 (morning)      $533.50

      March 13, 2008 (morning)      <u>$400.00</u>

      **Total**      **$1,971.40**

Trial transcripts are taxable per Local Rule 54.1(d) (7). Proof of payment for trial transcripts is attached as Ex. 2.

## C. Courier and Service Fees

### 1. *Service of Summons and Complaint*

Service of a complaint and summons on a federal government agency may be effectuated via certified mail, return receipt, to the agency head, the U.S. Attorney, and the U.S. Attorney General. Mr. West served Defendant Postal Service by these means and incurred postage costs in the amount of $16.25. These costs are taxable per Local Rule 54.1(d)(2). Receipts verifying these costs are attached as Ex. 3.

---

[1] The reporting company's floppy disks and regular delivery charges were spread among the deponents as evenly as possible.

*2. Courier Fees*

Plaintiff seeks to recover costs for courier fees incurred as part of the prosecution of his case. They are:

| | |
|---|---|
| Phase II – EEOC: | $564.81 |
| Phase: III – USDC: | $150.00 |
| Post-Judgment Courier Fees (to Defendant and Economist): | $51.80 |
| **Total** | **$ 766.61** |

See Declaration of Teresa W. Murray, Ex. 4, ¶ 18. Proof of some of the courier fees is attached as Ex. 5.

*3. Process Server Fees*

Plaintiff also seeks to recover costs of $680.00 for process server fees, which were incurred to effect service of subpoenas on witnesses to appear for trial. These costs are taxable per Local Rule 54.1(d) (11). Receipts for process server fees are attached as Ex. 6.

**D. Witness Fees and Costs**

*1. Witness Fees*

As required by the Federal Rules of Civil Procedure and 28 U.S.C. § 1821, Mr. West paid non-party witnesses the appropriate witness fee and mileage for their appearance at trial to provide testimony. Plaintiff seeks to recover the following costs he expended for requisite witness fees:

<u>Testifying Witnesses</u>

| | |
|---|---|
| John Bowser | $60.00 |
| Thomas Buchanan | $60.00 |
| Stephen Clark | $60.00 |

| | |
|---|---|
| Rudy Ford | $60.00 |
| David Lowe | $60.00 |
| John P. Miller, III | $60.00 |
| Chris Simmons | $65.00 |
| David Wood | $60.00 |

<u>Rebuttal Witnesses </u>(given Defendant's case, not necessary to testify)

| | |
|---|---|
| Robert Mason | $60.00 |
| Warren Plater | $60.00 |
| James Thompson | $60.00 |

<u>Other Witness</u>

| | |
|---|---|
| Robert Parker | $55.00[2] |
| **Total** | **$720.00** |

## *2. Witness Travel Expenses and Subsistence*

Three witnesses traveled from outside the Washington D.C. area to testify at trial. Mr. West paid travel expenses and subsistence for the trial testimony and appearance of Mr. Edward Clark and Ms. Gwendolyn Simms-Hearn from Chicago, Illinois, and Master Sergeant William Miles from Wisconsin. Their costs are as follows:

Transportation to/from Airport for all three witnesses (3/09/08 &3/13/08)   $171.60

Transportation of witnesses to USDC  (3/12/08)   $85.80

Witness Travel and Subsistence:

    Edward Clark

        Per Diem   (3/09/08-03/12/08)   $145.00

---

[2] Plaintiff planned to call Robert Parker after the testimony of Timothy Currie on March 12, 2008; however, Mr. Parker did not report on March 12th, but reported to court the following day, March 13, 2008 after Plaintiff rested his case.

|  |  |  |
|---|---|---|
| Airfare | (MDW to BWI) | $318.00 |
| Hotel | (3/09/08-3/13/08 at $88.92 per night) | $355.64 |

Gwendolyn Sims-Hearn

|  |  |  |
|---|---|---|
| Per Diem | (3/09/08-03/12/08) | $145.00 |
| Airfare | (MDW to BWI) | $318.00 |
| Hotel | (3/09/08-3/13/08 at $88.92 per night) | $355.64 |

William Miles

|  |  |  |
|---|---|---|
| Per Diem | (3/09/08-3/12/08) | $145.00 |
| Airfare | (LSE to BWI) | $573.00 |
| Hotel | (3/09/08-03/13/08 at $88.92 per night) | $355.64 |
| Chris Simmons[3] |  | $494.34 |
| **Total** |  | **$3,462.66** |

These costs are taxable to Defendant per Local Rule 54.1(d) (10).   See also 28 USC §§ 1821(b), 1821(c).  All receipts demonstrating these costs are attached as Ex. 7.

**E. Transportation Costs**

Mr. West and his attorneys incurred transportation costs to attend depositions, hearings, court appearances and trial.  Over this multi-year litigation, these costs included mass transit costs, vehicle mileage, and parking fees.  All of the following transportation costs were incurred for mandated appearances and are taxable to the Defendant:

---

[3] Mr. Simmons was a disabled witness in a wheelchair who required special transport from/to Marbury, MD to the courthouse.

7

*1. Kevin West*

Phase II – EEOC: Parking Costs

| Date | Amount |
|---|---|
| 7/26/2004 | $8.00 |
| 7/27/2004 | $8.00 |
| 7/28/2004 | $8.00 |
| 10/5/2004 | $8.00 |
| 10/7/2004 | $7.00 |
| 10/8/2004 | $7.00 |
| **Total** | **$46.00** |

Phase III- USDC: Parking & Metro Costs

| Parking | Metro | Date |
|---|---|---|
| $4.50 | $2.70 | 3/10/2008 |
| $4.50 | $2.70 | 3/11/2008 |
| $4.50 | $2.70 | 3/12/2008 |
| $12.00 | $2.70 | 3/13/2008 |
| $4.50 | | 3/14/2008 |
| **$30.00** | **$10.80** | **Total** |

Kevin West's total transportation costs taxable to Defendant are $56.80.

*2. Teresa W. Murray, Esq.*

Phase II – EEOC:

| | | |
|---|---|---|
| Parking | December 2003 Depositions | $94.20 |
| | January 2004 Depositions | $25.00 |
| | EEOC Hearing - July 2004 | $44.00 |
| | EEOC Hearing - October 2004 | $62.00 |
| | EEOC Hearing - November 2004 | $50.00 |
| | SUBTOTAL | $275.20 |
| Mileage (charged at then applicable mileage rate) | December 2003 Depositions | $93.98 |
| | January 2004 Depositions | $25.97 |
| | EEOC Hearing - July 2004 | $42.11 |
| | EEOC Hearing - October 2004 | $83.81 |
| | EEOC Hearing - November 2004 | $104.76 |
| | SUBTOTAL | $350.63 |
| **PHASE II TOTAL** | | **$625.83** |

<u>Phase III – USDC:</u>

| | | |
|---|---|---:|
| Mileage (to/from Court @ 50.5 cents per mile) | February 2008 Pretrial Conference- 35 miles | $17.68 |
| | March 10-14, 2008 Trial - 35 miles/day X 5 = 175 miles | $88.38 |
| | SUBTOTAL | $106.06 |
| Parking During Pretrial &Trial | February 2008 Pretrial Conference parking | $12.00 |
| | March 10-14 Trial - $12/day X 5 days | $60.00 |
| | SUBTOTAL | $72.00 |
| **PHASE III TOTAL** | | **$250.06** |

Teresa Murray's total transportation costs taxable to Defendant are $875.89.

### 3. *N. Bernard Dorsey, Esq.*

Attorney N. Bernard Dorsey incurred $91.00 in transportation costs that are taxable to Defendant, to represent Plaintiff at trial. Specifically, his costs were as follows:

| Parking/Taxi/Metro | Date |
|---:|---|
| $25.00 | 3/10/2008 |
| $25.00 | 3/11/2008 |
| $2.00 | 3/12/2008 |
| $25.00 | 3/13/2008 |
| $14.00 | 3/14/2008 |
| **$91.00** | **Total** |

Receipts verifying these costs are attached as Ex. 8. See also Declaration of Teresa W. Murray, Esq., Ex. 4, ¶ 18, and Declaration of N. Bernard Dorsey, Esq., Ex. 9 regarding transportation costs incurred by counsel. See also Exhibit 10 for additional transportation costs borne by Mr. Dorsey.

### F. Copying Costs

Throughout the prosecution of Mr. West's claims – from the agency phase to litigation in this Court – voluminous documents and records were generated that were either initiated by the

9

Postal Service or were reasonably necessary to advance Mr. West's prevailing claims. Broken down by phases of the case, this firm recorded 8,791 photocopies attributable to Plaintiff's case. At the rate of 15 cents per page, this amounts to $1,318.65 in photocopying costs, and $ 25.65 in post-judgment copying costs that should be taxed to Defendant.

| | | |
|---|---|---|
| **Phase II** – EEOC Administrative Level | 5,664 copies @ $.15 ea. = | $849.60 |
| **Phase III** – USDC | | |
| Trial Exhibits | 82 copies @ $.15 ea. = | $12.30 |
| Other Copies | 3,045 @ $.15/ea.= | $456.75 |
| **Post-Judgment** | 171 copies @ $.15/ea.= | $25.65 |
| **Total** | | **$1,344.30** |

Portions of these cost are taxable to Defendant per Local Rules 54.1 (d) (8), (9). See Declaration of Teresa W. Murray, Esq., Ex. 4, ¶ 18.

## IV.  CONCLUSION

In sum, the total costs taxable to Defendant are:

| | |
|---|---|
| **Filing Fees** | **$250.00** |
| **Deposition and Trial Transcript Costs** | **$9,169.90** |
| **Courier and Service Costs** | **$1,462.86** |
| **Witness Fees and Costs** | **$4,182.66** |
| **Transportation Costs** | **$1,023.69** |
| **Copying Costs** | <u>**$1,344.30**</u> |
| **TOTAL** | **$17,433.41** |

Plaintiff respectfully requests that the Court order Defendant to pay $17,433.41 in costs to Plaintiff, consistent with the Court's Judgment on the Verdict.

Dated: July 11, 2008                    Respectfully submitted,

                                        By:_____/s/_____
                                                Teresa W. Murray

                                        THE LAW OFFICE OF T.W. MURRAY
                                        7474 Greenway Center Dr, Suite 820
                                        Greenbelt, MD 20770
                                        Phone: 301 982-2005/Fax: 301 982-0004

                                        By: _____/s/_____
                                                N. Bernard Dorsey Jr.

                                        7474 Greenway Center Dr, Suite 820
                                        Greenbelt, MD 20770
                                        Phone: 301 982-2005/Fax: 301 982-0004

                                        **Counsel for Plaintiff**