UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEVIN D. WEST,                          )
                                        )
        Plaintiff,                      )
                                        )Civil Action No. 05-1339 (RMU)
v.                                      )
                                        )
JOHN E. POTTER,                         )
POSTMASTER GENERAL,                     )
                                        )
        Defendant.                      )

## DECLARATION OF THOMAS MCGINNITY

I, Thomas McGinnity, make the following Declaration in lieu
of an affidavit, in accordance with 28 U.S.C. § 1746. I am aware
that this Declaration will be filed in the United States District
Court for the District of Columbia and that it is the legal
equivalent of a statement under oath.

1.    I am currently an Accounting and Control Specialist Sr.,
Level 18 at the U.S. Postal Service's Accounting Service Center
located in Eagan, Minnesota. I have held this position since
February 22, 2003. I have been employed by the U.S. Postal
Service since August 21, 1978, all in the Payroll Branch of the
Accounting Service Center.

2.    I have the experience and expertise to calculate back pay
as part of my responsibility as an Accounting and Control
Specialist Sr. I have been calculating back pay since 1980.
Back pay is regulated by 5 U.S.C. §5596 and is subject to
Internal Revenue Service laws and regulations.

3.   I calculated Kevin West's back pay from level 7 to level 17 from May 11, 2001 to December 12, 2003. I calculated the back pay from December 13, 2004 to August 15, 2008 for Kevin West from level 7 to level 8.

4.   Attachment I consists of five pages, showing Mr. West's salary history. Attachment pp. 1-5. The dates in the first column of the report reflect the effective dates on which Mr. West received salary increases.  Column three reflects the annual gross base salary as of the effective date.  Column four reflects the hourly base salary rate (rounded from a four decimal place number).  Column five reflects Mr. West's pay level and step, i.e. Level 7 step 0.  I have penciled in the left hand margin the pay period relevant to each date.  On the line below the annual base salary I have penciled in the higher level base salary for a automotive technician. I obtained the amounts for the gross annual base salary from the Rate Schedule Code (RSC)"P" salary charts.

5.   The Postal Service has 26 pay periods per year with 10 days in each pay period. With a workday of 8 hours, this amounts to 2,080 hours per year. Annual base salary divided by 2080 hours equals the base hourly salary rate.

6.   Attachment II consists of 9 pages. Attachment pages 6-14.  The first page has two charts. Attachment p. 6.

A)    The top chart, Automotive Technician Chart, shows the effective pay period of each salary increase for both level 7 (Mr. West's actual base annual salary) and level 8, and the difference between the two.

B)   The bottom chart, Acting Supervisor Chart,  shows the beginning pay period of Mr. West's actual annual base salary, salary level 7, and the calculated salary as an acting supervisor, and the difference between the two. During certain hours in five pay periods, Mr. West was actually paid at a level greater than his actual base level 7; this is called "higher level pay" (H/L P).  On the lines where "H/L P" appears, I have calculated the difference between the annual base level of the higher level pay Mr. West actually received and that of an Acting Supervisor. Pursuant to Postal Service rules, 5% is added to the employee's base salary, i.e. to Mr. West's level 8 base salary, to obtain the amount of pay for a craft employee acting as a level 17 supervisor. See attachment V. Attachment p.  68-69. The differences represent the salary differentials that I used to calculate the back pay awards.

7.   A)   The remaining pages of attachment 2 are excel spreadsheets for each year (2001 thru 2008) of the back pay periods.  Attachment p. 7-14. They list by week Mr. West's actual work hours, overtime hours, night work hours, penalty overtime, and leave without pay(LWOP).  The work hours column (WK/LVHRs)is

3

a combination of work and all paid leave (annual, sick, and
holiday leave) paid each pay period based on the base pay rate.
Pages 8-14 also have a column titled "higher level hours."
Higher level hours are hours during which Mr. West was actually
paid at level 8 or higher. The information on these spread sheets
was obtained from Mr. West's hours history file.

B)  No additional pay is due for LWOP hours when Mr. West
did not work.

C)  In making the calculation for the level 17 differential
(see Attachment p. 6 bottom chart), I gave Mr. West additional
pay for the hours when he worked higher level by calculating the
5% increase based on his actual base level 7, as is required by
the Postal rules.

D)  In calculating the differential between the level 7 and
the automotive technician pay, Mr. West was given no increase
where he actually was paid at a level equal to or greater than
the appropriate automotive technician pay rate.

**Automotive Technician Differential Calculation**

8.  Attachment III explains the Back Pay calculation for the
difference between Mr. West's pay at level 7 and an automotive
technician's pay level. Attachment pp. 15-45. Effective February
16, 2008, by agreement with the union, the automotive technician
position was upgraded to a level 9.  However, that did not change
the amount of the base pay.  There was a similar upgrade to

4

plaintiff's position with no change to the base pay.  For brevity, the positions will be referred to throughout as Level 7 for plaintiff's position and level 8 for the automotive technician position. Part one consists of two pages which show information relevant to Kevin West.  The first page reflects all of the work hours and premium hours paid by year.  Attachment p. 15.  The second page reflects the calculated gross pay differential less relevant deductions. Attachment p. 16.  The difference between Mr. West's pay at level 7 and that of an automotive technician was $5,304.92 gross.  Minus deductions for taxes, FICA, medicare, retirement and TSP, the net difference was $3,533.15.  *Id.*

9.  Part 2 of attachment III consists of 16 pages. Attachment at p. 17-32.  These pages show how I arrived at the figure of $5,304.92 gross difference in pay.  They show by pay period the number of hours worked for each pay code - i.e, work hours (WK), night work (NW), overtime (OT), Sunday premium (SP), penalty overtime pay (POP) and other.  The column titled "base salary" represents the difference between the annual base salary of a level 7-0 and an automotive technician for the pay period; that difference comes from the calculations on the top chart in attachment II.  Attachment p. 6.  The next to last column, titled "rate pay," reflects the percent of the base salary which is paid for each pay code. Attachment p. 17-32.  Thus, for work hours the

5

rate is at 100%; for night work the rate is 8%; for over time –
150%; Sunday premium – 25%, etc.    The last column, titled
"gross amount," reflects the gross dollar difference between the
level 7 pay and level 8 pay for the hours worked each pay period.

Using pay period 1 in year 2004 as an example (attachment p.
17, the difference was calculated as follows:

- Since there are 2,080 work hours per year, the difference
  between the annual level 7 and level 8 salaries, i.e.  $1851
  per year,  was divided by 2,080 to get the hourly rate for
  the difference ($1851/2080 = $0.8899 per hour)

- 70 work hours were worked in pay period 1 at a 100% rate.
  (70 X $.8899 per hour X 1.00 = $62.2932) which rounded is
  $62.29.

- there was one hour of night work at a rate of 8% (1 X $.8899
  X .08 = $ .0711) which rounded is $.07

- there were 4 hours of overtime at a rate of 150% (4 X $.8899
  X 1.50 = $5.339) which rounded is $5.34

- Thus, for pay period 1, Mr. West would have earned $67.70
  gross more if he had been paid at level 8 rather than level
  7.

Using the same method for each of the relevant pay periods,
I calculated that the total additional gross pay which Mr. West
would have received, had he been paid at the automotive

6

technician level rather than at level 7 during that period, was $5,304.92.

10.  Part 3 of attachment III consists of 13 pages showing by pay period the additional retirement and thrift saving deductions for each pay period. Attachment pp. 33-45.  These were calculated using the same percentage deduction used for Mr. West's pay, i.e. .008 of base pay for retirement and 5% for TSP.

### Acting Supervisor Differential Calculation

11.  Attachment IV explains the Back Pay calculation for the difference between Mr. West's pay at level 7 and pay as an acting supervisor, level 17.  Attachment pp. 46-67. Attachment IV mirrors attachment III.  Thus, Part 1 consists of two pages which show information relevant to the employee: the first shows all of the work hours and premium hours paid by year; page 2 shows the calculated gross difference in pay less relevant deductions. Attachment pp. 46-47.  I calculated that the gross difference between Mr. West's pay at level 7 and pay as an acting supervisor (level 17) was $6,095.32.  Minus applicable deductions for taxes, FICA, medicare, retirement and TSP, the net amount to Mr. West is $4,061.85. Attachment p. 47.

12.  Part 2 of attachment IV consists of 11 pages. Attachment pp. 48-58. It shows my calculation of the difference between Mr. West's gross pay at level 7 and as an acting supervisor on an hourly basis using the methodology explained in

7

paragraph 7 above. The column titled base salary represents the difference between Mr. West's base annual salary at level 07 and as an acting supervisor, i.e. 5% of his base salary. See bottom chart at Attachment p. 6. For the calculation on pages 48-58, I divided the annual base salary differential by 2080 to obtain the hourly rate of the difference. That rate was then multiplied by the number of work hours to obtain the gross difference in salary. For example, in pay period 11 of 2001: the annual base salary difference was $2153. Attachment p. 48, column titled base salary. That divided by the number of work hours in the work year, 2080 hours, gives the applicable hourly rate ($2153/2080 = $1.035096/hr) The number of work hours times the hourly rate equals the gross difference in pay for the pay period (80 hours X $1.035096 = $82.807). I rounded up the amount to $82.81 gross difference. Using this methodology I calculated the gross difference in pay to be $6,095.32. Minus applicable deductions, the net amount to Mr. West is $4,061.85 Attachment 47.

13. Note: On the calculations sheets, in some pay periods the total work hours is less that 40 hours per week. This is due to leave without pay (LWOP) hours and higher level hours. If leave without pay hours were in a pay period, only the work hours were used to calculate the difference in pay, since one is not

8

paid in a LWOP status.  See e.g. the entries for pay periods 14
and 15 in 2001 at Attachment pages 48 and 7.

If higher level hours were in a pay period, I calculated the
increases to pay as follows: For work hours Mr. West was paid at
the base level seven, I used the differential between the base
level 7 and the acting supervisor level; for work hours Mr. West
was paid at a higher level, I used the differential between the
higher level pay actually received and the acting supervisor
level.  For example, in pay period 21 of 2002, Mr. West was paid
56 hours at his base level 7 pay and 24 hours of higher level
pay.  See Attachment p. 8 at entries for pay period 21/1 and
21/2 for 2002.  On the Acting Supervisor differential chart,
attachment page 6, first I show the difference between the annual
base level 7 pay and acting supervisor pay, which equals $2207.
See first row for pay period 21/02.  Second, I show the
difference between the annual base level for the higher level pay
and the acting supervisor pay, which equals $325.  See second row
for pay period 21/02.  On attachment page 52, the entry for pay
period 21 in 2002 shows that the additional difference in pay for
the 56 hours paid at level 7 is $59.42. ($2207 annual
differential/2080 hours = $1.0610 per hour differential; 56 hours
X $1.0610 per hour X 100% rate= $59.42).  On attachment page 53,
the first row shows that the additional difference in pay for 24

9

hours worked at higher level pay was $3.75. ($325 annual differential /2080 hours X 24 hours X 100% rate = $3.75).

14.    Part 3 of attachment IV consists of nine pages showing by pay period the additional retirement and thrift saving deductions. Attachment pages 59-67.

15.    Attachment V consists of three pages explaining the Payroll Update #95-004 most current revision dated 09/19/2007 - Procedures for calculating common higher-level situations. Attachment p. 68-70. This is enclosed because it shows the rule for calculation of higher-level pay from a level 07 clerk to level 17 EAS as underlined on Attachment page 69.

I declare the foregoing to be true and correct and that the attached exhibits are true and correct.

Executed this _____ day of September 2008.

Thomas McGinnity
Accounting & Control Specialist

10