UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KEVIN D. WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 05-1339 (JR) |
| v. | ) | |
| | ) | |
| JOHN E. POTTER, | ) | |
| POSTMASTER GENERAL | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**OPPOSITION TO PLAINTIFF'S MOTION
FOR ATTORNEY FEES AND COSTS**

I. INTRODUCTION

Plaintiff, Kevin West seeks to recover $507,994.00 in attorney's fees and $17,631.61 in costs from the United States Postal Service (Agency) as the prevailing party on two of eight allegations of discrimination based upon race and retaliation for prior EEO protected activity. Specifically, the jury determined that plaintiff had proven by a preponderance of the evidence that retaliation against plaintiff for prior EEO activity was a motivating factor when plaintiff was not selected for the position of Lead Automotive Technician, PS-08, Vacancy No. 03-43; and not selected for acting supervisor (204B) positions. For the reasons provided below, the defendant requests a reduction in plaintiff's requested attorney fee award and costs.

II.    ARGUMENT

The burden of establishing entitlement to attorney's fees, including documentation demonstrating hours expended and appropriate fees charged, is upon the plaintiff.  The attorney requesting the fee award has the burden of proving, by specific evidence, his or her entitlement to the requested award.  The attorney has the burden of identifying the subject matter on which she spent her time, which can be documented by submitting sufficiently detailed contemporaneous time records. *Copeland v. Marshall,* 641 .2d 880, 892 (D.C. Cir. 1980).  The number of hours should not include excessive, redundant or otherwise unnecessary hours. *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983).    In *Hensley*, the Supreme Court set forth guidelines for determining a fair attorneys' fee:  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 434. To determine the number of "hours reasonably expended," the district court must exclude hours that are "excessive, redundant, or otherwise unnecessary." *Id.* Thus, the district court should ensure that the firm seeking the fees exercises "billing judgment" because "[h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* (citing *Copeland v. Marshall,* 641 F.2d 880, 891 (D.C.Cir.1980) (emphasis in original)). The Supreme Court has also noted that a reasonable attorneys' fee is one that is "adequate to attract competent counsel, but ... [does] not produce windfalls to attorneys." *Blum v. Stenson,* 354 F.3d 890, 893-94 (1984).  Adjustment of the fee is appropriate if the attorney fees are "not reasonable in light of the results obtained."  *Hensley*, 461 U.S. at 434-437.  Likewise, in

*Pleasants v. Dept of Homeland Security*, 424 F.Supp.2d 67 (D.D.C. 2006), the court

stated

> In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit, even where the claims are brought against the same defendants-often an institution and its officers, as in this case-counsel's work on one claim will be unrelated to his work on another claim. Accordingly, work on an unsuccessful claim cannot be deemed to have been "expended in pursuit of the ultimate result achieved." . . . . The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim.

*Hensley*, 461 U.S. at 434-435.

### A. Plaintiff Has Improperly Applied the Laffey Matrix

The rate to be applied under the Laffey matrix is the rate that was prevailing at the time the services were performed, not the time the award is sought. *See Northwest Coalition for Alternatives to Pesticides v. Browner*, 965 F. Supp. 59, 66 (D.D.C. 1997) ("Attorneys' fees awarded against the United States government must be based on the prevailing market rates at the time the services were performed rather than the rates current at the time of the award.") (citations omitted). Therefore, plaintiff's counsel may not charge based on 2008 rates but must charge based on the rate when the service was provided.

### B. Plaintiff Is Not Entitled To Recover Fees On Non-Prevailing Issues

It is well established that when a plaintiff does not prevail on all of his or her claims, the attorney is only entitled to a partial fee award, based on what portion of the case was successful. See, e.g. *Noble v. Herrington*, 732 F.Supp 114 (D.D.C. 1989).

Plaintiff's attorneys spent substantial amounts of time at trial and at the administrative level, examining witnesses, and presumably also in preparation, regarding unsuccessful claims. The Agency should not be forced to compensate the plaintiff for his unsuccessful efforts regarding these issues. Further, although plaintiff's complaint sought $300,000 in compensatory damages (plaintiff also sought $1million in punitive damages), based on a jury award of $90,000, plaintiff received less than one-third compensation for his claims. This factor should also be considered in deciding whether and how much fees to award. *See, Farrar v. Hobby*, 113 S.Ct. 566, 574 (1992). Based on the disparity between plaintiff's claim for damages and his actual recovery, counsel's fee award should be reduced, so that his fee award is in proportion to plaintiff's recovery. *Hensley*, 461 U.S. at 434-37.

To the extent this court believes that it cannot separate out the hours with respect to each issue, a percentage across the board reduction of compensable time billed is appropriate. *See Noble,* 732 F. Supp. 114 (D.D.C. 1989)(Lodestar reduced by 80% where plaintiff prevailed in retaliation claim, but did not prevail on sex discrimination claim).

Administrative Level

The present action stems from a myriad of claims raised by plaintiff at the administrative level in this matter. Plaintiff's administrative complaints included claims of race/color discrimination, hostile work environment and retaliation for prior EEO activity. In general, the employment actions challenged by plaintiff included approximately thirteen issues: denial of acting supervisor positions, denial of overtime; denial of leave; denial of revised schedule; disparate application of leave rules; denial of

higher level details, non-promotion to five separate supervisory vacancies, non-selection to automotive technician level 8 position, issuance of excessive discipline; enforced leave; and denial of supervisory training. In plaintiff's motion for an award of attorney fees, he now seeks to recover amounts for services rendered by counsel during the administrative proceedings covering the periods August 18, 2001 – October 15, 2001 (Fee Petition of Dorsey) and March 3, 2003 - August 13, 2005 (fee Petition for Murray).

The following claims are distinct in all respects from the two claims on which plaintiff prevailed, and fees pertaining to them should be denied. *Hensley*, 461 U.S. at 434-435.


**Denial of Overtime**: The allegations concerning denial of overtime involved two sets of circumstances. The first arose because plaintiff, who worked at the Largo 1 facility, was not given overtime at the Largo II facility from April 1, 2003 through July 25, 2003. At issue was a rule that preference was given first to individuals working at the Largo II facility. The second circumstance arose when plaintiff could not be reached for overtime given on a weekend on an emergency basis when employees were called on a weekend to return trucks rented in relation to anthrax contamination. See Docket No. 23-2, Summary Judgment Memorandum at p. 18-19, 33-34.

**Denial of Leave, Disparate application of leave rules, Issuance of excessive discipline, Enforced Leave:** These claims primarily arose out of plaintiff's failures to go to work when mandatory overtime work was required during holidays, instances when plaintiff was away without leave (AWOL), and instances when plaintiff was sent

home when insubordinate to supervisors Greene and Cook.  *Id.* at  p. 25-48.

**Denial of Revised Schedule:**  These claims arose when plaintiff was more than 30 minutes late to work and pursuant to the local union agreement was not given a revised schedule by supervisors Green and Clark.  *Id. a*t p. 41, 47-48.

**Denial of higher level details:**  These claims arose due to plaintiff's contention, that although he was assigned to Largo I on tour 1, he improperly was denied higher level details at other facilities and/or on different shifts.  His contention was contrary to the collective bargaining agreement.  *Id.* at  p.  24-25.

**Nonselection to 5 supervisory vacancies:**  These claims pertained to plaintiff's non-selection to permanent supervisory positions.  The  five vacancies, vacancies 14-03, 15-03, and 23-03 investigated in agency case number 253-03, and Vacancies 31-02 & 33-02  involved plaintiff's failure to be selected by  selecting committees for referral to the selecting official.   Neither Mr. Currie nor Mr. Cook had any involvement in the selections by the selecting committees.  *Id.* at  p.  6-15.

**Denial of 204B, Acting Supervisor, Training:**  This  claim pertained to plaintiff's failure to apply for the 204B training program developed by Mr. Currie.   Id.  at p. 15-18.

The majority of the claims raised by plaintiff at the administrative level, and in his District Court complaint, were either abandoned by plaintiff at trial or the plaintiff did not prevail on them. The hostile work environment claim was dismissed by the Court. Memorandum Order (Document 46) filed 9/28/07.   At trial, plaintiff abandoned his claims concerning:   denial of overtime; denial of leave; denial of revised schedule; disparate application of leave rules; issuance of excessive discipline; and enforced

leave. The jury found that plaintiff did not prove 75% of the remaining counts presented to it:     1) racial discrimination in connection with the selection of Mr. Miller for a supervisory position, Verdict Form at ¶2; 2) retaliation in connection with the selection of Mr. Miller for a supervisory position, *Id.*  at  ¶3; 3) racial discrimination in connection with the selection of Mr.  Clark to the Lead Automotive Technician position *Id.* at ¶ 4.; 4) racial discrimination in connection with the decisions not to select him for 204B Acting Supervisor positions *Id.* at ¶6; 5) racial discrimination in connection with the decisions not to select him for higher-level craft temporary details *Id.* at ¶8; and 6) retaliation in connection with its decisions not to select him for higher level craft temporary details. At trial, Plaintiff only prevailed on two out of eight distinct counts: retaliation in connection with the selection of Mr. Clark and retaliation in connection with the selection for 204B acting supervisor positions.  *Id.*  at ¶¶ 5, 7.

Plaintiff is only allowed to recover on those administrative claims in which he was ultimately successful at trial.  The defendant submits that since plaintiff failed to prevail on 11 of approximately 13   distinct claims involving different facts and events, it is appropriate for this court to reduce plaintiff's allowable administrative attorney fee claim for attorney Murray by at least 85% (11/13).  It is further appropriate for this court to first deduct the unallowable fees discussed in paragraph C below and to apply the appropriate Laffey rate to the allowable fees.

Although plaintiff represents that his attorney fee petition only relates to those claims in which the jury found liability, it is evident that plaintiff has included in Phases I and II of the fee petition, amounts unrelated to the prevailing claims. For example, the selection of Mr. Clark to the level 8 technician position did not occur until September

2003.  Thus, none of the attorney work prior to September 2003 could relate to that claim.   Specifically, plaintiff is not entitled to fully recover for hours expended for the following services:

1.  Dorsey amounts 8/18/01 – 10/15/01: Mr. Dorsey's affidavit is insufficient to show that the work he did in 2001 pertained to either of the two claims on which plaintiff prevailed at trial.   None of his work in 2001 could have pertained to the September 2003 selection of Mr. Clark.   Additionally, the record suggests that the Miller acting supervisory position was not an issue in August-October 2001.    On April 6, 2001, plaintiff filed a complaint in District Court alleging discrimination and retaliation due to unjust discipline by Mr. Currie and Mr. Cook in 2000. No allegation concerning Mr. Miller was raised.  *West v. Potter*, 01 CV 00746-JR (D.D.C.)   Docket No.  1.[1]  In January 2003, the Court granted defendant summary judgment on that complaint.   *Id.* Docket No.  59-60.  On November 6, 2002, plaintiff filed a complaint against the American Postal Workers Union involving grievances of disciplinary actions of Mr. Cook.  Complaint in *West v.  Burris*, 02 CV 02194 (D.D.C.) Docket No. 1.  Summary Judgment was granted to defendant on March 20, 2003.  *Id.* at Docket No.  9-10.  Plaintiff made initial contact with the EEOC on July 20, 2001 in EEO investigation Agency Case No. 4K-200-0220-01 ("220-01").    There was no allegation concerning selections to an acting 204b position.  The allegations were:

1) On May 22, 2001, Plaintiff was denied 204B class and on-the-job training in the Southern Maryland Vehicle Maintenance Facility (VMF);

2) On June 8, 2001, Plaintiff received a Letter of Warning for an Absence from Scheduled Overtime;

---

[1]   It also appears that plaintiff had a complaint pending in Maryland.    01-CV 00746-JR at Docket No. 14-18.

3) On June 18, 2001, Plaintiff was allegedly physically assaulted by David Cook, Manager of Largo I VMF;

4) Between June 19 and 21, 2001, Plaintiff was denied his timecard and not allowed to punch in;

5) On June 25, 2001, Plaintiff's request for June leave slips was denied; and

6) On July 18, 2001, Plaintiff received a 7-Day Suspension for Failure To Maintain a Regular Work Schedule.

220-01 ROI at p. 2, 117-18.   Plaintiff abandoned these distinctly different claims at trial and did not prevail on any of them.   Plaintiff's next  EEO complaints were initiated on November 15, 2001 in Agency Case No. 4K-200-0031-02 ("31-02").   They alleged the following claims which also are distinct from the claims upon which plaintiff prevailed:

1) On October 3, 2001, his leave request was disapproved for the holiday period;

2) On October 27 and 28, 2001, he was denied overtime;

3) On November 12, 2001, and November 23, 2001, his leave request was disapproved for the holiday period;

and on December 24, 2001 in agency case number  4K200-0048-02, which alleged as follows:

4) On January 28, 2002 plaintiff was issued a seven (7) days suspension.

  ROI 31-02 at p. 55-56, and see plaintiff's initial written complaints.  ROI 31-32 at pp. 96, 97, 98, 100-101.

Since plaintiff has filed numerous EEO and District Court complaints alleging numerous distinctly different acts of discrimination and retaliation involving supervisors Currie and Cook and others, Mr. Dorsey's affidavit is insufficient to show that the work he did in 2001 pertained to either of the two claims on which plaintiff prevailed at trial. *See* Dorsey affidavit at ¶¶ 6-7 (indicating only that the subject matter of the

representation "involved multiple and continuous acts of discriminatory conduct by the Service through its employees Timothy Currie and David Cook.").   Therefore, the entire fee request for Mr. Dorsey for the period August 2001 through October 2001 should be denied.

2.  Listed on the Fee Petition for the period covering 3/20/03 – 1/28/04 (3/20/03, 4/1/03, 4/22/03, 5/23/03, 5/29/03, 11/11/03, 1/28/04) are all  charges relating to EEO Charge 108-02.   EEO Charge 108-02 consisted of 4 consolidated EEO complaints.  Agency No. 4K-200-0108-02 ("108-02") alleged discrimination or retaliation based on the following acts:

1)  On February 11, 2002, he was denied a revised schedule;
ROI 108-2 at p. 399.


2)   On February 13, 2002, he became aware that all of  Largo VMF Tour 3 mechanics were being paid level 8 pay; *Id.*


3)  In June 2002, he became aware that two African American employees and one Caucasian employee were being utilized as 204B's and his request was denied; ROI 108-2 at p. 402-403.

4) On July 4, 2002, he became aware that other employees were given annual leave for July 4, 2002, whereas his request for a vacation period which included July 4, 2002 was denied; ROI 108-2 at p. 9, 405-406.


5) On July 17, 2002, he was issued a 14-day suspension for failure to be regular in attendance; *Id*

6) On August 22, 2002, he was sent home by Acting Supervisor Franklin Green after reporting a safety hazard; Id. at p.9, 408-10,  and

7) He was not awarded the position of Supervisor EAS-16 for position numbers 31-02 and 33-02. *Id.*

Stamatios Karoutsios was selected for vacancy 31-02 and Franklin Green was

selected for vacancy number 33-02. ROI 108-02 at pp 264-266, 329-331.  Of the seven claims, the only one on which plaintiff arguably prevailed was number 3. The other six claims are distinct from the claims upon which plaintiff prevailed.  Since plaintiff is only entitled to recover fees for successful claims, the requested amount should be reduced by at least 85% (6/7).

3.  Listed on the Fee Petition for the period covering 3/12/2003 – 12/3/2003 (3/12/03, 11/12/03, 12/3/03 are charges for conducting teleconferences and other unspecified reviews relating to the status of EEO and global settlement to what appears to be EEO Complaint 31. Complaint 31 does not relate to any of the successful claims. Agency Case No. 4K-200-0031-02 ("31-02")[2] alleged discrimination based on the following acts:

1) On October 3, 2001, his leave request was disapproved for the holiday period;

2) On October 27 and 28, 2001, he was denied overtime;

3) On November 12, 2001, and November 23, 2001, his leave request was disapproved for the holiday period; and

48-02

4) On January 28, 2002 plaintiff was  issued a seven (7) days suspension.

 ROI 31-02 at p. 55-56, and see plaintiff's initial written complaints.  ROI 31-32 at pp. 96, 97,98, 100-101.

Plaintiff is only entitled to recover fees for successful claims, thus the stated amount should be reduced by 100%.

4.  Listed on the Fee Petition for the period covering 11/12/2003 – 12/2/2003 (11/12/03, 11/14/03, 11/17/03, 11/20/03, 12/2/03)   are charges for teleconferences,

---

[2]   This case number is a consolidation of case numbers 4K-200-0031-02 and 4K200-0048-02. ROI 31-02 at p. 55.

preparation of discovery, review of Investigative File and correspondence and drafting of response to Agency dismissal of claim.  It should be noted that during this period, Plaintiff cites to Charge 220 which is entirely unrelated to the successful claims.  See discussion of ROI 220 at paragraph 1 above. Plaintiff is only entitled to recover fees for successful claims, thus the stated amount should be reduced by 100%.

5.   12/1/03 – 12/19/03 – During this period, the majority of fees consist of preparation time and deposition of Agency witnesses, a number of which did not testify at the trial in this matter (Childs, Hatfield, King).  Moreover, the deposition testimony covered issues pertaining to all of plaintiff's EEO complaints, and thus a large portion is unrelated to any successful claim.  For example, on 12/2/03, Plaintiff seeks to recover 10.10 hours for time spent in preparing plaintiff for deposition.  Plaintiff's deposition testimony pertained to all issues raised in his administrative complaint.  Plaintiff is only entitled to recover fees for successful claims, thus the stated amount should be reduced by 85%.

6.   1/8/04 – 4/29/04 - The entries relate to settlement, discovery, drafting of motion to amend complaint (unrelated to successful claim), review of Motion for Summary Judgment and deposition of David Cook.   Again, Plaintiff has included charges unrelated to the successful claims.  Accordingly, all the fees described in this section, should be reduced  by 85% .

7.   Listed on the Fee Petition for the period covering 4/29/04 – 7/26/04 are charges for review of depositions and discovery, prehearing preparation and drafting of opposition to summary judgment of which approximately 85 hours were for services relating to summary judgment and approximately 50 hours on prehearing matters.

Again, Plaintiff has included charges unrelated to the successful claims. Since these matters involved all of the matters raised in plaintiff's administrative claims, all the fees described in this section, should be reduced by at least 85%.

8. 7/27/04 – 1/25/04 – charges relate to the hearing which includes all issues raised by Plaintiff. Accordingly, all the fees described in this section, should be reduced by at least 85%.

9. 8/13/05 – charge relates to EEO Charge 0235. Charge 0235 raised three claims: on June 28, 2003, plaintiff was not promoted to the position of Supervisor Vehicle Maintenance; on July 31, 2003, plaintiff became aware that manager Cook denied him a before Tour overtime opportunity at Largo II from April 1 through July 25, 2003; and on September 3, 2003, plaintiff was not promoted to the position of Lead Automotive Technician Level 8, Vacancy #03-43. Plaintiff was only successful at trial with respect to the last one of his claims under EEO Charge 0235. Further, as is discussed above, the other two charges are distinct in all respects from the charges upon which plaintiff prevailed. Accordingly, the charge should be reduced by at least 66%.

10. 9/13/05 – charge relates to EEO Charge 099. Charge 099 claimed that on January 25, 2005, plaintiff's request for a temporary schedule change was denied by Acting Supervisor Clark. Plaintiff abandoned this claim at the trial in this matter and it is distinct from the charges upon which he prevailed. Accordingly, the charge must be disallowed in its entirety.

11. 3/3/05 – 9/28/05 – paralegal fees for hearing aspect of EEOC. Again, Plaintiff has included charges unrelated to the successful claims. Since the EEOC

hearing involved all of the claims asserted by plaintiff, all the fees described in this section, should be reduced by at least 85%.

District Court Level - Murray

    1.  1/27/07, 1/28/07, 1/29/07, 1/30/07, 1/31/07, 2/1/07, 3/4/07, 3/21/07, 4/27/07, 5/14/07, 5/15/07 - Listed on the Fee Petition are charges relating to services to defend against the defendant's motion for summary judgment.  A total of 51.1 hours were charged.  The summary judgment motion involved the matters brought before the EEOC in Agency case numbers 220-01, 31-02, 108-02, 235-03 and 99-05.  See defendant's Motion for Summary Judgment at pp. 2-4 for summary of allegations in each case.  Plaintiff was not successful at the trial in this matter on all of the issues raised in the summary judgment motion; as is discussed above approximately 85% of the EEO claims addressed in the motion for summary judgment pertained to matters distinct from the successful claims.  Accordingly, all fees relating to summary judgment should be reduced by at least 85%.   See paragraphs 2 - 11 of administrative section above pertaining to administrative attorney's fees.

    2.  2/7/08, 2/8/08 – Listed on the Fee Petition are charges relating to a settlement demand.  Plaintiff's demand was a global settlement including all issues before the EEOC.  Accordingly, all fees relating to the demand should be reduced by at least 85%.

    3.  2/8/08 – 3/14/08 - Plaintiff devoted 172.03 for pre-trial and trial preparation and from 3/10/08 devoted 38.5 hours at the trial in this matter.  Plaintiff was successful on only two of the eight claims at issue at trial. Plaintiff failed to prevail on all four of his claims of racial discrimination.  But, two of the claims of racial discrimination upon which plaintiff failed to prevail were on different theories of liability rather than being completely factually distinct from the claims upon which plaintiff prevailed, i.e. the claims of racial discrimination concerning the 204B position and the lead automotive technician

position selection.   Charges for services for pre-trial and trial preparation and attendance at trial should be reduced by  50%.

District Court Level – Dorsey

1.  2/15/08 - 2/8/08 – 3/14/08 - Plaintiff devoted 129.5 hours for pre-trial and trial preparation and from 3/10/08 devoted 81 hours at the trial in this matter.   As was discussed  above, plaintiff was successful on only two of eight claims.   Charges for services for pre-trial and trial preparation and attendance at trial should be reduced by 50%.   Moreover, as discussed in detail below, several charges submitted by Mr. Dorsey should be reduced because the charges are duplicative of the work of Ms. Murray.   Also, a portion of the charges relate to subpoena work which should not be billed at the attorney rate.

2.    Many Entries Should Be Reduced or Excluded As They Are
       Excessive, Redundant, or Otherwise Unnecessary or Unallowable

It does not always follow that the amount of time actually expended is equal to the amount of time reasonably expended.   There are several entries throughout plaintiff's fee petition in which the charges are excessive considering plaintiff's counsels contention that they are experienced practitioners in the employment field. There are also many entries which are redundant, unnecessary, duplicative, or lack specificity to the extent the Agency can determine the appropriateness of the fee.   *Copeland,* 641 F.2d 880, 892 (D.C. Cir. 1980).   Moreover, many of plaintiff's entries do not provide adequate information for the Agency to determine with certainty that the services provided related to the successful claims.   In fact, a number of the entries do not relate to the successful claims.   For example, plaintiff charges for services relating to EEOC

Complaints 108 and 220, neither of which pertain to the successful claims (e.g. 4/1/03, 4/22/03, 5/27/03, 5/29/03, 3/20/03, 11/17/03, 11/20/03).   Even if the court determines that plaintiff's fees should not be reduced as requested above, plaintiff is not entitled to recover fees for amounts not appropriately detailed.   It is well established that a fee application must "contain sufficiently detailed information regarding the hours logged and the work done" to permit the determination of a correct award.   *National Association of Concerned Veterans v. Secretary of Defense,* 675 F.2d 1319, 1327 (D.C. Cir. 1982).

Among  the excessive fees charged by plaintiff are:

Administrative Level

1.   11/11/03 – Plaintiff charged .20 hours to finalize and file the designation of representative.   The Designation of Representative form is a one page form to fill in your name, address and sign at the bottom prepared by the EEOC.   Under these circumstances, a charge of .20 hours is excessive.

2.   11/7/2003 and 11/13/2003 – Plaintiff charged approximately 2.30 hours for reviewing MD-110 discovery rules and researching the issue of expanding discovery. The amount charged is excessive for an experienced practitioner in the employment field. At counsel's level, she should be aware of the EEOC discovery rules.   For example, in *Castle,* Defendant disputed the $420.00 billing for review of the new Federal Rules of Civil Procedure as unreasonable. The Court agreed. Such time spent maintaining competency to practice law is part of the "cost of doing business," and cannot reasonably be charged to a client or, under these circumstances, the public (government). *Castle v. Dep't of Treasury*, 872 F.Supp. 1062 (D.D.C. 1995).

3.   11/12/03 – Plaintiff fails to identify with specificity the subject of the

correspondence reviewed.  This charge should be disallowed for lack of specificity.

4.  11/13/03, 11/14/03, 11/24/03, 11/25/03 – Plaintiff spent a total of 8.3 hours drafting and editing discovery.  The amount of time spent on this task was excessive considering the discovery consisted of limited requests for admissions (22), requests for documents (24) and many standard interrogatories (30).  This charge should be reduced.

5.  11/17/03, 11/18/03, 11/19/03, 11/20/03, 11/21/03,11/26/03 – Plaintiff charged 8 hours for conferences and drafting and editing motion to reverse Agency dismissal under Charge 220.  Charge 220 is unrelated to any successful claim.  Total charge for these entries should be disallowed.

6.  1/8/04, 1/12/04, 1/16/04 – Plaintiff charged 5.2 hours drafting his fourth request for production of documents.  Plaintiff propounded 18 requests.  Given the limited number of requests and the non-complexity of the request, 5.2 hours spent on drafting document requests is excessive and should be reduced.

7.  1/26/04 – Plaintiff charged .70 hours to draft a motion to amend the complaint. Plaintiff fails to identify with specificity the subject matter of amendment.  The charge should be disallowed for lack of specificity.

8.  4/6/04 – Plaintiff charged .60 hours for time spent on a teleconference with Ms. Simms-Hearns.  Ms. Simms-Hearns was a "me-to" witness produced for the purpose of plaintiff's race discrimination claims, and did not testify about any of the facts  pertaining to the claims upon which plaintiff  prevailed. Plaintiff did not prevail on his claims of race discrimination.   Therefore, the  total  amount requested should be denied.

9.  5/5/04 – 6/4/04 –Plaintiff spent a total of 68.7 hours in preparing an opposition to the Agency's Motion for Summary Judgment and 5.8 hours on a Surreply.  Based on plaintiff's counsel' expertise in the field of employment law, the amount is excessive and should be reduced accordingly.

10.  7/16/04 – Plaintiff fails to identify the subject of the telephone conference with Robert Parker,  an individual  called as a witness at trial.  The charge should be disallowed for lack of specificity.

11.  7/23/04 10/25/04, 10/7/04, 10/8/04, 10/11/04, 10/15/04, 10/19/04, 10/28/04, 11/12/04, 11/18/04 – entries relate to witnesses, Gwendolyn Simms-Hearns, Edward Clark, and William Miles.   They were "me-to" witnesses produced for the purpose of plaintiff's race discrimination claims, and did not testify about any of the facts  pertaining to the claims upon which plaintiff  prevailed.   Plaintiff failed to prevail on the race discrimination claims and, therefore, the request should be denied.

12.  12/10/04 – 1/6/05 – Plaintiff charged 151.8 hours for a paralegal to review and summarize the EEO transcript.  The amount of hours spent on this matter is excessive.

13. 3/4/08 – 3/9/08– entries of "catalogue and organize background documents, created organizational chart, create legal argument chart, create and  edit power point presentation" – these services are not legal in nature and should  be deducted.  *See Castle v. Dep't of Treasury*, 872 F. Supp. 1062 (D.D.C 1995)(Defendant requested clerical tasks such as organizing files be excluded and court agreed).

<u>Trial – Theresa Murray</u>

1          9/13/05 – EEOC Case No. 4K-200-0099-05 relates to the temporary schedule change claim and is unrelated to a successful claim.  The charge should be denied 100%.

2          12/14/05, 7/25/06 – entries include researching possible amendments to the complaint and conference with plaintiff regarding additional EEO complaints.  The amendment did not pertain to  the 204B  Acting positions or the  Clark  selection to the automotive technician position.    Therefore, any services performed relating to amendment to the complaint would be unrelated to successful claims and, therefore the charge should be denied 100%.

3.  11/29/06, 11/30/06, 12/19/06, 1/23/07 – Plaintiff charged 6.5 hours for preparing a motion for default judgment.  Plaintiff's motion was unsuccessful and therefore, charges related thereto are unallowable.

4.  12/21/06 – entry of .1 hour for amendment is unallowable because the complaint related to the issue of plaintiff's non-promotion to permanent supervisory positions, distinctly different claims on which plaintiff did not prevail.  Accordingly, the charge should be disallowed in its entirety.

5.  5/30/07 – Plaintiff charged 3.9 hours to draft interrogatories and document production requests.  Plaintiff's discovery requests did not relate to successful claims, and the charge should be deducted.

7.  3/2/08 – as discussed above, the charges relate to "me too"  witnesses, Simms-Hearns, and Miles,   produced for purpose of plaintiff's race discrimination claims, and did  not  testify about any facts  upon which plaintiff prevailed.  Plaintiff did

not prevail on the race discrimination claims.  Charges for these amounts should   be deducted.

8.   3/3/08, 3/4/08, 3/6/08 – Plaintiff charged 3.1 hours for preparation of an unsuccessful motion to compel.  The charge should be deducted..

9.  3/6/08 – Plaintiff charged 2.5 hours for telephone conferences relating to the claim regarding   higher level assignments.  Plaintiff was unsuccessful on this claim, therefore, amounts related thereto should  be deducted.

10.  3/11/08 –   charges for witness preparation of Edward Clark and William Miles; as discussed above their "me to" testimony related to the unsuccessful race discrimination claims, therefore, amounts related thereto should  be deducted.

11.   4/17/08, 5/29/08, 5/31/08, 6/1/08, 6/3/08, 6/4/08, 7/11/08 – Plaintiff charged 16.4 hours in preparation of attorney fees and 8.9 hours for preparation of motion for attorney fee award.  Charges are excessive.

Trial – Dorsey Law Center

1.     3/02/08, 03/03/08, 3/4/08, 3/5/08 – charges relating to preparation of subpoenas and obtaining hotel information are not legal in nature and are mere clerical tasks.  Costs associated with clerical tasks are typically considered overhead expenses reflected in the hourly billing rate, and are not properly reimbursable no matter who performs the work.  *See Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989)("purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them").   All time entries reflecting the performance of clerical tasks must be deducted.

2.     3/02/08, 3/4/08, 3/8/08   - charge for review and analysis of Currie

deposition, preparation of voir dire and jury instructions, and preparation of plaintiff is duplicative of Ms. Murray's work and therefore unnecessary. (See Murray 3/2/08 charge) *Hensley*, 461 U.S. at 433; *Donnell v. United States*, 682 F.2d 240, 250 n. 27 (D.C. Cir. 1982). (court considered whether one lawyer unnecessarily duplicated the work of co-counsel).  It also appears that Mr. Dorsey arguably may have other entries which are duplicative of the work of Ms. Murray; however, because of the lack of specificity in Dorsey's fee petition, "prepare for trial (3/8/08, 3/9/08)," the Agency is unable to determine with certainty the subject of Dorsey's work.

3.    3/11/08, 3/12/08,  – charge of 3 hours for witness interview, draft testimony and preparation of Simms-Hearns and Miles, should be deducted because , as is  discussed above, the  services relate to the unsuccessful race claims.

4.    3/13/08 – charge for preparation of Barner and Dickerson.  Plaintiff did not prevail on the issue for which they were witnesses, plaintiff's non-promotion to the position of Supervisor, Maintenance. Therefore, the charge should  be deducted.

5.    3/24/08, 6/4/08, 6/5/08, 7/11/08 – charge of 13.4 hours for preparation of attorney fees and costs.  Charge is excessive.


D. Plaintiff is Not Entitled to Certain Costs

Plaintiff seeks to recover costs for deposition and trial transcripts, witness fees and costs, local and long distance transportation costs, courier and service fees and copying costs.  The Court "shall not award any costs where the documentation is inadequate." *See Hensley*, 461 U.S. at 433. Thus, the Court should not award costs for general  unspecified  expenses  such  as  "duplicating,"  "courier,"  "long  distance

22

messenger," "telephone conference," "local travel," "travel," "Gabrell & Stoltz," and "Westlaw" fees where the Plaintiff has not made clear the purposes for which each of these charges were incurred so as to provide the Court with sufficient information for determining whether the fees were necessary for use in the case. *Id.*   Moreover, for travel time to be reimbursed, the court must have evidence that work was performed during travel. *Thomas v. District of Columbia*, 2007 WL 891367 (2007) citing *Cooper v. United States R.R. Ret. Bd*, 24 F.3d 1414, 1417 (D.C. Cir. 1994)(cutting the hourly rate in half for travel time).

### Deposition

Plaintiff deposed several Agency witnesses, at the EEO level, most of whom testified to matters unrelated to the  successful claims.  For example, Mr. Cook and Mr. Greene testified at their depositions to all of the acts claimed to have been discriminatory.  For the same reasons stated above relating to a proportionate reduction in attorney fees, plaintiff's costs for all depositions likewise should be reduced by 85% to reflect time spent on unsuccessful claims which were distinct from the claims upon which plaintiff prevailed.

Sandra Childs   - Plaintiff incurred costs of $868.65 for the deposition of Ms. Childs.  Ms. Child's testimony did not relate to any of Plaintiff's successful claims.  Her testimony related to Plaintiff's claims of disparate treatment in the issuance of discipline pertaining to mandatory holiday overtime.   Accordingly, none of the costs associated with this deposition should be allowed

### Courier Fees

Plaintiff claims courier costs of $766.61.  Plaintiff only has provided receipts for

$22.00 in courier fees and therefore any amounts unsupported by receipts should be disallowed.  Moreover, plaintiff has not made clear the purpose for the charge and that the courier fees were necessary in the advancement of his successful claims. Therefore, these charges should be disallowed in their entirety.

### Process Server Fees

Plaintiff claims costs of $235 for witness fees for Robert Mason, Warren Plater and James Thompson.  None of these witnesses were necessary for the advancement of plaintiff's successful claims because they related to plaintiff's unsuccessful claim of race discrimination, therefore these costs should be excluded in their entirety. Moreover the witness fees of James Buchanan, John Bowser, and James Thompson do not reflect that the checks were actually negotiated.

### Witness Travel Expenses and Subsistence

Plaintiff claims costs of $3,462.66 for witness travel expenses and subsistence. These costs are unallowable as  is discussed above, because each of these  "me to" witnesses was produced for the advancement of plaintiff's claim of race discrimination. Plaintiff did not prevail on his race discrimination claims, so each of these expenses should be deducted.

### Transportation Costs

Plaintiff seeks reimbursement of costs for vehicle mileage, transit costs and parking fees.  Plaintiff's, Murray's and Dorsey's transportation costs are $56.80, $875.89 and $91.00, respectively.  Total transportation costs are $1023.69.  Plaintiff has provided $96.00 in receipts for transportation costs.  Accordingly, plaintiff is not allowed

to recover amounts not supported by receipts.

**Copying Costs**

Plaintiff charges $1334.30 in copying costs.  Plaintiff has failed to sufficiently identify each copying job, so that the defendant can determine whether the fees were necessary for use in the case, and specifically, for plaintiff's successful claims. Moreover, the defendant  is uncertain as to what is meant by "Other Copies."  The charges should be disallowed.

Respectfully submitted,


_____/s/ Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____/s/ Rudolph Contreras_____
RUDOLPH  CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____/s/ Rhonda C. Fields_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970