UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KEVIN WEST,**<br><br>Plaintiff,<br><br>v.<br><br>**JOHN POTTER, POSTMASTER GENERAL,**<br><br>Defendant. | Civil Action No. 05-1339-BJR<br><br>**MEMORANDUM ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES.** |

Plaintiff Kevin West files this Motion for attorney's fees incurred in bringing an appeal of a previous attorneys' fees award, which stemmed from a discrimination case against Defendant John Potter, then-Postmaster General of the U.S. Postal Service. Because the Motion was not timely filed, it is denied.

I. Procedural Background

Plaintiff brought this case in July 2005, alleging that he had faced race-based employment discrimination and retaliation at the U.S. Postal Service. On March 14, 2008, a jury returned a verdict for West. After the Court awarded attorney's fees to Plaintiff, Plaintiff successfully appealed the calculation of those fees to the D.C. Circuit. Following the D.C. Circuit's Mandate, the Court on March 24, 2014 issued an Order setting a revised amount of attorney's fees to be paid by Defendant. Two weeks later, Plaintiff filed a Motion to Modify the Court's March 24th Order, and that motion was denied on November 10, 2014. On December 26, 2015, Plaintiff filed the instant motion, asking the Court to make an additional award of

1

attorney's fees, for those fees incurred in bringing the appeal of the original attorney's fees award.

II.     Discussion

Plaintiff brings this Motion under the Civil Rights Act of 1964, which grants courts discretion to award "a reasonable attorney's fee" to the prevailing party in a case brought under the Act.  See 42 U.S.C. § 2000e-5(k).  The Act does not provide a timing schedule for attorney's fees motions.  See id.  Federal Rule of Civil Procedure 54 instructs that, unless a statute or court order provides otherwise, a motion for attorney's fees must "be filed no later than 14 days after the entry of judgment."  Fed. R. Civ. Pr. 54(d)(2)(B)(i).  A court may, however, extend the time period "if the party has failed to act because of excusable neglect."  Fed. R. Civ. Pr. 6(b)(1)(B).

This Court filed its Order on remand from the D.C. Circuit on March 24, 2014 and filed a subsequent order on November 10, 2014 denying Plaintiff's Motion to Modify the March 24th Order.  Plaintiff filed his motion on December 26, 2015.  Even accepting the November 10th Order—the last item on the docket before the instant motion—as the triggering event for the 14-day time limit, Plaintiff's motion is 397 days late.

Plaintiff asserts that his tardiness is excused by good cause, citing his efforts to negotiate with Defendant, the illness of Plaintiff's counsel's child, and the retirement of Defendant's counsel.  While the Court is sympathetic to these circumstances, it was Plaintiff's responsibility to notify the Court of any need for an extension of time.  Time limitations on motions for attorney's fees are "designed, like a statute of limitations, to promote the finality of closed cases and prevent disputes about stale facts by 'afford[ing] an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind.'"  Mobley v. Dep't of Homeland Sec., 908 F. Supp. 2d 42, 45 (D.D.C. 2012) (quoting  Fed. R. Civ. P. 54 Advisory

Comm. Note (1993 Amendments)) (alterations in <u>Mobley</u>).  Moreover, "[t]he rule does not require that the motion be supported at the time of filing with the evidentiary material bearing on the fees…What is required is the filing of a motion sufficient to alert the adversary and the court that there is a claim for fees, and the amount of such fees (or a fair estimate)." Fed. R. Civ. P. 54 Advisory Comm. Note (1993 Amendments).  Plaintiff could have requested an extension or simply filed a brief motion estimating the fees incurred.  Plaintiff may not, however, wait more than a year before alerting Defendant and the Court of his request.  As such, Plaintiff has failed to show good cause, and the motion is denied as untimely.

III.     Conclusion & Order

For the reasons set forth above, it is ORDERED that Plaintiff 's Motion for Attorney's Fees (Doc. No. 195) is DENIED.

Signed this 12th Day of August, 2016.

*Barbara J. Rothstein*

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE